UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MONTEVILLE SLOAN, JR., RAUL SIQUEIROS, TODD AND JILL CRALLEY, JOSEPH BRANNAN, LARRY GOODWIN, MARC PERKINS, DONALD LUDINGTON, THOMAS SHORTER, DERICK BRADFORD, GABRIEL DEL VALLE, KEVIN HANNEKEN, EDWIN AND KATELYN DOEPEL, DAN MADSON, JAMES FAULKNER, JOSEPH OLIVIER, SCOTT SMITH, ROSS DAHL, DREW PETERSON, MICHAEL WARE, STEVE KITCHEN, BARBARA MOLINA, DENNIS VITA, STEVEN EHRKE, THOMAS GULLING, RONALD JONES, MIKE WARPINSKI, WILLIAM MARTELL, JOHN GRAZIANO, JOSHUA BYRGE, RUDY SANCHEZ, CHRISTOPHER THACKER, RANDY CLAUSEN, JAMES ROBERTSON, and JONAS BEDNAREK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS LLC,<br><br>Defendant. | Case No.: 16-cv-07244-EMC<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to materials so entitled, the parties stipulate and agree to the forms of protective order.

1. **Scope of Order**. This Order is intended to facilitate the Parties' production of certain Information and documents as part of voluntary disclosure and in response to discovery requests. Nothing in this Order is to be construed to expand or limit the Parties' discovery obligations. This Order covers the production and use of all Protected Documents in this action that constitute, contain or disclose, in whole or in part, information which the Designating Party designates as "Confidential." This Order is also intended to apply to any documents produced to the Parties by a non-party in connection with a subpoena. Nothing in this Order will prevent counsel from using Confidential Information in connection with any work product created on behalf of that counsel. Subject to the provisions of paragraphs 8 and 14 herein, such work product may be retained by the counsel creating it.

2. **General Definitions**. For purposes of this Order, the following terms have the following Messages:

a. "Confidential Information" shall mean information that a Designating Party reasonably and in good faith believes contains or reflects information that constitutes confidential, non-public, proprietary, and/or commercially sensitive information of an individual or entity. Confidential Information may include, but is not limited to (1) engineering documents, including design drawings and other technical engineering related specifications, (2) test documents, analysis and testing procedures; (3) manufacturing specifications and procedures, including communications with and process documents pertaining to Defendant General Motors LLC's ("GM") suppliers and supplier relationships; (4) internal business or financial information; (5) confidential personal information and personal identifying information; and (6) any other similar proprietary, confidential, private information, commercially sensitive business information, or competitive intelligence, including but not limited to trade secrets.

b. "Highly Confidential Information" shall mean Confidential Information that a Designating Party reasonably and in good faith believes contains or reflects information that constitutes highly sensitive financial or competitive information of an individual or entity, highly sensitive

personal information (e.g. social security numbers), or trade secrets.

    c.    "Customers" shall mean any person or entity that purchases or otherwise comes to possess GM's vehicles.

    d.    "Designating Party" shall mean the Party or non-party designating Discovery Material as "Confidential" or "Highly Confidential."

    e.    "Discovery Materials" shall mean and include, without limitation, Documents including Electronic Stored Information (ESI), responses to interrogatories, requests for admission, or other discovery requests, physical objects, samples, CD-ROMs, tapes, or other items, deposition transcripts and exhibits thereto, and information provided by or on behalf of the Parties or any non-party witness pursuant to subpoena or otherwise in the course of discovery.

    f.    "Documents" shall mean and include, without limitation, all written material, videotapes, and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, hard-drive or otherwise) defined as permitted under FED. R. CIV. P. 34.

    g.    "Party" or "Parties" shall mean and include the parties to this litigation.

    h.    "Pleadings" shall mean and include, without limitation, all papers, motions, briefs, affidavits, declarations, exhibits, etc., filed with the Court.

    i.    "Protected Documents" shall mean documents and materials to be produced in this litigation which contain Confidential or Highly Confidential Information.

**3. <u>Designating Confidential Information</u>**

    a.    All designations of Confidential and Highly Confidential Information shall be made in good faith by the Designating Party and made at the time of disclosure, production or tender

    b.    The designation of Confidential Information may be made by marking or placing the applicable notice "Subject to Protective Order," "Confidential," or substantially similar notice on the document, or, where a copy of the original document is to be produced, on that copy.

    c.    The designation of Highly Confidential Information may be made by marking or placing the applicable notice "Highly Confidential," or substantially similar notice on the document, or, where a copy of the original document is to be produced, on that copy.

d. Any document or any information designated as "Subject to the Protective Order," "Highly Confidential," "Confidential," or similar language in accordance with the provisions of this Order shall only be used, shown, or disclosed as provided in this Order.

e. The burden of proving that a Protected Document contains Confidential of Highly Confidential Information is on the Designating Party. Prior to designating any material as "Confidential" or "Highly Confidential," the Designating Party must make a bona fide determination that the material is, in fact, appropriately designated.

f. If a Party disagrees with the "Confidential" or "Highly Confidential" designation of any Protected Document, the Party will so notify the Designating Party in writing. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation or redaction. The Parties shall follow the procedures set forth in Civil Local Rule 37-1 governing discovery disputes to resolve whether the Confidential or Highly Confidential Information should be treated as "Confidential" or "Highly Confidential." If the objection cannot be resolved by agreement, the party challenging the Confidential or Highly Confidential designation shall file and serve a motion to remove this designation, the timing of which shall be conducted in accordance with applicable Local Rules. The document or information whose "Confidential" or "Highly Confidential" designation or redaction is objected to shall continue to be treated as "Confidential" or "Highly Confidential," as applicable, until the motion has been decided by the Court.

**4. Use and Disclosure of Protected Documents.**

a. Protected Documents and any copies thereof received pursuant to this Protective Order shall be maintained as confidential by the receiving party, his/her attorney, other representatives, and expert witnesses, and shall be used only for purposes of this action, subject to the limitations set forth herein. The persons or entities identified in Paragraphs 4(b) and 4(c), below, to whom Protected Documents are disclosed pursuant to this Order shall keep all such materials and information, and any copies, notes, extracts, summaries or descriptions of such material, within their exclusive possession and control, shall treat all such copies, notes, extracts, summaries, or descriptions of the Protected Documents or any portion thereof as confidential shall take all necessary and prudent measures to maintain the confidentiality of all such materials or information and shall not disseminate such

1 Protected Documents other than in accordance with this Order.

2     b. Confidential Documents shall be disclosed only to the following "Qualified Persons":
3 Qualified Persons are limited to:

4     i. The Court and its personnel;

5     ii. The Parties to this Litigation;

6     iii. Counsel of record in this litigation, as well as document review vendors, paralegals,
7 technical, administrative, and clerical employees working under the direct supervision of such counsel;

8     iv. Experts and non-attorney consultants retained by the Parties for the preparation or trial
9 of this case, provided that no disclosure shall be made to any expert or consultant who is currently
10 employed by an automobile manufacturer competitor of GM;

11     v. A potential, anticipated, or actual fact witness whom counsel for the disclosing Party
12 believes in good faith is likely to have knowledge pertaining to the content of the Protected Documents
13 to be disclosed;

14     vi. The author(s) or any recipient of the document.

15     vii. Litigation expert consultants and vendors who provide litigation support services (e.g.
16 photocopying, electronic discovery, videotaping, translating, preparing exhibits or demonstrations,
17 etc.);

18     viii. Court reporters recording and/or transcribing deposition testimony; and

19     ix. Any person expressly named and agreed to in writing by the Parties or by further Order
20 of the Court.

21     c. Highly Confidential Documents shall only be disclosed to those Qualified Persons listed
22 at paragraphs 4(b)(i), (iii)-(iv), and (vi-ix).

23     d. While the Parties may provide Protected Documents in accordance with the provisions
24 of this Protective Order in an electronic form, such documents may not be posted on any website or
25 internet accessible document repository that is accessible to anyone other than "Qualified Persons"
26 listed above.

27     e. All persons described in Paragraphs 4(b) and 4(c) above shall not under any
28 circumstance sell, offer for sale, advertise, or publicize the Protected Documents and the information

1  contained therein or the fact that such persons have obtained such documents or information.

f.  All persons described in Paragraphs 4(b)(iv), (v), (vii) and (ix) above shall not have access to Protected Documents without having first read, acknowledged, and agreed to be bound by this Order by executing the Agreement to be Bound attached as Exhibit A (the "Agreement to Be Bound").

**5**.  Each Party's counsel shall retain each such executed Agreement to Be Bound and shall keep a list identifying (a) all persons referenced in Paragraphs 4(b)(iv), (v), (vii) and (ix) above to whom Protected Documents have been disclosed, and (b) all Protected Documents disclosed to such persons.  Each executed Agreement to Be Bound shall not be made available to the Designating Party during the pendency of the litigation but shall be available for an in camera inspection by the Court if good cause for review is demonstrated by the Designating Party.  During the pendency of the litigation or after the termination of the litigation, subject to the attorney work product doctrine/attorney-client privilege and for good cause shown, the Court may order any party to provide to the Designating Party the list referenced above and any executed Agreement to Be Bound.  However, each such Agreement to Be Bound and list shall be submitted to counsel for the Designating Party at the termination of this litigation.

**6.   Designation of Deposition Testimony.**

a.  Deposition testimony that counsel for the Party or non-party witness tendering such testimony, in good faith, believes refers to Protected Documents or information obtained therefrom shall be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as applicable, by such counsel by making a statement on the record for inclusion in the deposition transcript or, in writing, within thirty (30) calendar days after the date of the deposition.  Any portion of a deposition transcript that has not been designated as Highly Confidential on the record shall be treated as Confidential for the thirty (30) days following the date of the deposition.

b.  When Protected Documents or information obtained therefrom is designated as "Confidential" or "Highly Confidential" in a deposition transcript, the counsel making the designation shall instruct the reporter to imprint the legend "THIS TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION" on the cover page of the transcript and to include, at the front of the transcript, a page identifying all pages and lines designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

in the transcript.

    c.    To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions and/or used as exhibits at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony dealing with the Protected Documents or information.

    d.    Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all Confidential or Highly Confidential Information designated as such under this Order shall remain Confidential or Highly Confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

**7.** **<u>Filing Under Seal</u>**. If any party wishes to file or lodge Protected Documents, portions of Protected Documents, or information taken from Protected Documents with the Court, that party must first seek agreement from the Designating Party, failing which the party must seek to file under seal pursuant to Civil Local Rule 79-5(d) and serve the Designating Party on the same day with a copy of the declaration identifying the documents or portions that contain designated confidential material. Civil L.R. 79-5(e). Within four (4) days of this notification, the Designating Party must file a responsive declaration under Civil Local Rule 79-5(d)(1)(A) to establish that the material is sealable. Pending determination of the motion, the lodged document(s) will be conditionally under seal. Until such time as the Court issues an order sealing the Protected Documents, the party seeking to use the Protected Documents may refer only to a redacted version. Upon granting of an order sealing the record, the Protected Documents will be sealed and labeled by the court clerk and treated according to Civil Local Rule 79-5(g). Upon denial of such an order, the documents may be filed in the public record no earlier than four (4) days and no later than ten (10) days after the motion is denied. Civil L.R. 79-5(e)(2).

**8.** **<u>Return and Destruction of Protected Documents</u>**. Within ninety (90) days after the conclusion of this case (including all appeals or other appellate proceedings), counsel for the Party who has received Protected Documents shall either: (a) return to the Designating Party the Protected Documents, including any documents which any such Party disclosed to any Qualified Person, or (b)

1          securely destroy the Protected Documents including any documents which any such Party disclosed to
2          any Qualified Person, and certify in writing such destruction to the Designating Party.

3          **9.     Inadvertent Production.**

4          a.      Inadvertent or unintentional production of documents or information containing information which should have been designated as Confidential or Highly Confidential shall not be deemed a waiver in whole or in part of the Party's claims of confidentiality. If a Party has inadvertently or unintentionally produced information which should have been designated as Confidential or Highly Confidential, the producing Party will notify the receiving Party within twenty-one (21) days of discovery of the inadvertent production and request that the Confidential or Highly Confidential designation be applied to such documents or information. If a receiving party objects to the producing Party's Confidentiality designation, it will notify the producing Party of its objections in writing within seven (7) business days of receipt of the notification described above. Within seven (7) business days, the producing Party may then move the Court for an order compelling the protection of such information. Pending the Court's ruling, a receiving Party agrees to maintain the documents as Confidential or Highly Confidential under the terms of this Order.

          b.      Inadvertent or unintentional production of documents or information containing information that should have been designated as privileged or protected by the work-product doctrine shall not be deemed a waiver in whole or in part of the Party's claims of privilege or work-product protection. Pursuant to FED. R. EVID. 502(b)-(d), if a Party has inadvertently or unintentionally produced information subject to a claim of immunity or privilege, upon written request made by the producing Party within twenty-one (21) days of discovery, all copies of such information shall be returned to the producing Party within seven (7) business days of such request unless the receiving party intends to challenge the producing Party's assertion of privilege or immunity. If a receiving party objects to the return of such information within the seven (7) business day period described above, the producing Party may move the Court for an order compelling the return of such information. Pending the Court's ruling, a receiving Party must sequester the inadvertently or unintentionally produced documents and shall not make any use of such information.

          ///

**10. Right to Use Own Information.** Nothing in this Order shall limit any Party's right to disclose to any person, or use for any purpose, its own information and Documents.

**11. Subpoena or Order.** If a Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as Confidential or Highly Confidential, counsel for the receiving Party must promptly notify counsel for the Designating Party in writing, and in no event, more than five (5) business days after receiving the subpoena or order. Counsel for the receiving Party also must inform, in writing, the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order.

**12. Non-Party Discovery.** Any documents or information produced by a non-party witness in discovery in the action pursuant to subpoena or otherwise may be designated by such non-party as "Confidential" or Highly Confidential under the terms of this Order, and such designation shall have the same force and effect, and create the same duties, obligations, and remedies as if made by one of the parties hereto.

**13. Modification**. This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the Parties or pursuant to further Court Order. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

**14. Duration**.

a. After termination of this litigation, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

b. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

Approved as to form and content and respectfully submitted by:

| | | |
|---|---|---|
| 1 | Dated: March 14, 2018 | Dated: March 14, 2018 |
| 2 | */s/ Adam J. Levitt* | */s/ Joseph J. Ybarra* |
| 3 | Adam J. Levitt *(pro hac vice)* | Joseph J. Ybarra |
|  | John E. Tangren *(pro hac vice)* | **HUANG YBARRA SINGER AND MAY LLP** |
| 4 | Daniel R. Ferri *(pro hac vice)* | 550 South Hope Street, Suite 1850 |
|  | **DICELLO LEVITT & CASEY LLC** | Los Angeles, California 90071 |
| 5 | Ten North Dearborn Street, Eleventh Floor | Telephone: 213-884-4900 |
|  | Chicago, Illinois 60602 | Joseph.ybarra@hysmlaw.com |
| 6 | Telephone: 312-214-7900 | |
| 7 | alevitt@dlcfirm.com | Gregory R. Oxford |
|  | jtangren@dlcfirm.com | **ISAACS CLOUSE CROSE & OXFORD LLP** |
| 8 | dferri@dlcfirm.com | 21515 Hawthorne Boulevard |
|  |  | Suite 950 |
| 9 | Jennie Lee Anderson | Torrance, California 90503 |
|  | Lori E. Andrus | Telephone: 310-316-1990 |
| 10 | **ANDRUS ANDERSON LLP** | goxford@icclawfirm.com |
| 11 | 155 Montgomery Street, Suite 900 | |
|  | San Francisco, California 94104 | ***Counsel for Defendant General Motors LLC*** |
| 12 | Telephone: 415-986-1400 | |
|  | jennie@andrusanderson.com | |
| 13 | lori@andrusanderson.com | |
| 14 | | |
|  | W. Daniel "Dee" Miles, III *(pro hac vice)* | |
| 15 | H. Clay Barnett, III *(pro hac vice)* | |
|  | Archie I. Grubb, II *(pro hac vice)* | |
| 16 | Andrew E. Brashier *(pro hac vice)* | |
|  | **BEASLEY, ALLEN, CROW,** | |
| 17 | **METHVIN, PORTIS** & **MILES, P.C.** | |
| 18 | 272 Commerce Street | |
|  | Montgomery, Alabama 36104 | |
| 19 | Telephone: 334-269-2343 | |
|  | Dee.Miles@Beasleyallen.com | |
| 20 | Clay.Barnett@BeasleyAllen.com | |
|  | Archie.Grubb@Beasleyallen.com | |
| 21 | Andrew.Brashier@Beasleyallen.com | |
| 22 | | |
|  | Nicholas R. Rockforte *(pro hac vice* motion to be | |
| 23 | filed) | |
|  | Christopher L. Coffin *(pro hac vice* motion to be | |
| 24 | filed) | |
|  | **PENDLEY, BAUDIN** & **COFFIN, L.L.P.** | |
| 25 | 1515 Poydras Street, Suite 1400 | |
|  | New Orleans, Louisiana 70112 | |
| 26 | Telephone: 504-355-0086 | |
| 27 | nrockforte@pbclawfirm.com | |
|  | ccoffin@pbclawfirm.com | |
| 28 | | |

[PROPOSED] STIPULATED PROTECTIVE ORDER    9    Case No. 16-cv-07244-EMC

Marcus Rael *(pro hac vice* motion to be filed)
**ROBLES, RAEL** & **ANAYA, P.C.**
500 Marquette NW, Suite 700
Albuquerque, New Mexico 87102
Telephone: 505-242-2228
marcus@roblesrael.com

Anthony J. Garcia, Esq. *(pro hac vice)*
**AG LAW**
742 South Village Circle
Tampa, Florida 33606
Telephone: 813-259-9555
anthony@aglawinc.com

Timothy J. Becker *(pro hac vice)*
Jennell K. Shannon *(pro hac vice)*
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
St. Paul, Minnesota 55101
Telephone: 612-436-1800
tbecker@johnsonbecker.com
jshannon@johnsonbecker.com

Ben Finley *(pro hac vice* motion to be filed)
**THE FINLEY FIRM, P.C.**
200 13th Street
Columbus, Georgia 31901
Telephone: 706-322-6226
bfinley@thefinleyfirm.com

Eric J. Haag *(pro hac vice)*
**ATTERBURY, KAMMER,** & **HAAG, S.C.**
8500 Greenway Boulevard, Suite 103
Middleton, Wisconsin 53562
Telephone: 608-821-4600
ehaag@wiscinjurylawyers.com

*Counsel for Plaintiffs and the Proposed Classes*

**ECF CERTIFICATION**

Pursuant to Civil L.R. 5-1(i)(3), the filing attorney attests that she has obtained concurrence regarding the filing of this document from the signatories to the document.

Date: March 14, 2018

By: */s/ Jennie Lee Anderson*

Jennie Lee Anderson

Jennie Lee Anderson
Lori E. Andrus
**ANDRUS ANDERSON LLP**
155 Montgomery Street, Suite 900
San Francisco, California 94104
Telephone: 415-986-1400
jennie@andrusanderson.com
lori@andrusanderson.com

**PURSUANT TO STIPULATION, SO ORDERED.**

Dated this 14th day of March, 2018



THE HONORABLE EDWARD M. CHEN
UNITED STATES DISTRICT JUDGE

IT IS SO ORDERED
Judge Edward M. Chen

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MONTEVILLE SLOAN, JR., RAUL SIQUEIROS, TODD AND JILL CRALLEY, JOSEPH BRANNAN, LARRY GOODWIN, MARC PERKINS, DONALD LUDINGTON, THOMAS SHORTER, DERICK BRADFORD, GABRIEL DEL VALLE, KEVIN HANNEKEN, EDWIN AND KATELYN DOEPEL, DAN MADSON, JAMES FAULKNER, JOSEPH OLIVIER, SCOTT SMITH, ROSS DAHL, DREW PETERSON, MICHAEL WARE, STEVE KITCHEN, BARBARA MOLINA, DENNIS VITA, STEVEN EHRKE, THOMAS GULLING, RONALD JONES, MIKE WARPINSKI, WILLIAM MARTELL, JOHN GRAZIANO, JOSHUA BYRGE, RUDY SANCHEZ, CHRISTOPHER THACKER, RANDY CLAUSEN, JAMES ROBERTSON, and JONAS BEDNAREK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS LLC,<br><br>Defendant. | Case No.: 16-cv-07244-EMC<br><br>**AGREEMENT TO BE BOUND**<br><br>**EXHIBIT A TO PROTECTIVE ORDER** |

I, _____ [print or type full name], of _____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the above-captioned case.

I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where signed:_____

Signature:_____

Printed Name:_____

_____
[Address]
_____
_____
[Telephone Number]_____