# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MONTEVILLE SLOAN, JR., RAUL SIQUEIROS, TODD AND JILL CRALLEY, JOSEPH BRANNAN, LARRY GOODWIN, MARC PERKINS, MARC PERKINS, THOMAS SHORTER, DERICK BRADFORD, GABRIEL DEL VALLE, KEVIN HANNEKEN, EDWIN AND KATELYN DOEPEL, DAN MADSON, JAMES FAULKNER, JOSEPH OLIVIER, SCOTT SMITH, ROSS DAHL, DREW PETERSON, MICHAEL WARE, STEVE KITCHEN, JOHN KNOLL, BARBARA MOLINA, DENNIS VITA, STEVEN EHRKE, THOMAS GULLING, RONALD JONES, MIKE WARPINSKI, WILLIAM MARTELL, JOHN GRAZIANO, JOSHUA BYRGE, RUDY SANCHEZ, CHRISTOPHER THACKER, KELLY HARRIS, JAMES ROBERTSON, and JONAS BEDNAREK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS LLC,<br>Defendant. | Case No.: 16-cv-07244-EMC<br><br>**AMENDED JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>Date: April 24, 2018<br>Time: 10:30 a.m.<br>Courtroom 5<br>Honorable Edward M. Chen |

**I. INTRODUCTORY STATEMENT**

Counsel for the above-captioned Plaintiffs and Defendant General Motors LLC ("GM") respectfully submit this Amended Joint Case Management Conference Statement and Proposed Order, in accordance with Fed. R. Civ. P 26(f), Civil Local Rule 16-9, and this Court's Standing Order for All Judges of the Northern District of California (effective January 17, 2017).

**II. JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

    **A.    Jurisdiction and Service**

The Third Amended Complaint asserts subject-matter jurisdiction based on federal question jurisdiction, 28 U.S.C. § 1331, diversity jurisdiction, 28 U.S.C. § 1332(a), and/or the Class Action Fairness Act, 28 U.S.C. § 1332(d). Plaintiffs have served GM.

    **B.    Relevant Factual Background**

        **1.    Summary of Plaintiffs' Allegations**

This case involves the inherently defective Generation IV Vortec 5300 Engine that was designed, manufactured, and installed by GM in its most popular SUVs and full-sized pickup trucks, dating back to model year 2007 vehicles. Due to General Motors Corporation's bankruptcy, only model year 2010-2014 SUVs and pickups with the defective Generation IV Vortec 5300 Engine (the "Class Vehicles") are at issue in this case.

The Generation IV Vortec 5300 Engines consume an extremely high volume of oil that far exceeds industry standards for reasonable oil consumption. This excessive oil consumption results in low oil levels, insufficient engine lubricity levels, internal engine component damage, engine misfire, and stalling. The primary cause of the excessive oil consumption is that the piston rings that GM installed within the Generation IV Vortec 5300 Engines do not maintain sufficient tension to keep oil in the crankcase. In addition, the Active Fuel Management system that GM included in the Generation IV Vortec 5300 Engines contributes to the excessive oil consumption by spraying oil directly at the piston skirts. The PCV system within the engines further contributes to the excessive oil consumption problem by vacuuming oil from the valvetrain into the intake system.

The Class Vehicles do not warn drivers that their vehicles are consuming excessive amounts of oil and they also fail to provide drivers with advance warning that their vehicles are dangerously low on oil. In fact, GM compounded the excessive oil consumption problem by installing an operator assistance program within each Class Vehicle called the Oil Life Monitoring System, which purportedly informs drivers of when their vehicle is due for an oil change. Despite its name, the Oil Life Monitoring System, however, does not inform drivers when their vehicle is low on oil or otherwise warn of a low oil condition. The Oil Life Monitoring System thus exacerbates the excessive oil consumption problem by encouraging drivers to drive their vehicles well past the point at which the lack of lubricity resulting from the excessive oil consumption will result in engine damage.

GM has long known of the excessive oil consumption problem in its Generation IV Vortec 5300 Engines, and has issued multiple Technical Service Bulletins on this issue, attributing its cause to oil getting past the piston rings. Despite this knowledge, GM has never disclosed the oil consumption defect to consumers. Rather, GM has allowed drivers of the Class Vehicles to continue driving those vehicles well past the point at which their vehicles had depleted their oil volumes below levels required for proper engine lubrication and safe operation.

### 2. GM's Statement Regarding Plaintiffs' Allegations

GM denies that its 5.3 liter Gen IV Vortec engines or their piston rings are defective. Oil consumption issues in model year 2010 through 2013 vehicles equipped with these engines were infrequent and were not caused by any engine or piston ring defects. The Technical Service Bulletins cited in plaintiffs' First Amended Complaint, publicly available on the National Highway Traffic Safety Administration website, concern potential oil consumption issues unrelated to oil rings that were addressed during the 2011 model year. Consistent with the absence of any pervasive design defect, the Third Amended Complaint alleges that only a handful of the hundreds of thousand of owners of model year 2010 through 2013 vehicles experienced unresolved oil consumption issues. In this connection, GM notes that pressure control valve (PCV) and Automatic Fuel Management (AFM) issues that could sometimes

1 increase oil consumption were addressed by production changes during the 2011 model year
2 and free-of-charge warranty repairs for model year 2010 and 2011 vehicles produced prior to
3 the production changes.

GM also denies that the Oil Life Monitoring System is defective. As plaintiffs admit, the Oil Life Monitoring System is not designed to directly measure or report oil *levels* but instead uses an algorithm based on engine operation and performance data to predict when the *quality* of engine oil is nearing the end of its life and should be changed. As explained in GM Owners Manuals, customers are responsible for monitoring engine oil levels using regular "dipstick" checks.

**C.  Legal Issues**

**1.  Plaintiffs' Statement**

Following the Court's resolution of GM's motions to dismiss, the remaining issues are ones of fact (as discussed above) rather than law.

**2.  GM's Statement**

Following the Court's ruling on the pleading issues raised by GM's motions to dismiss, the following legal issues remain pending:

(a)  Many or all of the plaintiffs and purported class members have not suffered any injury in fact caused by alleged violation of state consumer protection statutes, alleged breach of implied warranties, alleged common law "fraudulent omissions" or other allegedly actionable conduct by GM.

(b)  Plaintiffs cannot prove any actionable misrepresentations of fact by GM.

(c)  GM's 5.3 liter Vortec engine did not create an unreasonable safety hazard that GM knew about and had a pre-sale duty to disclose.

(d)  Many or all of the plaintiffs cannot show the varying levels of reliance required by consumer protection statutes or common law in their states.

(e)  Statutes of limitations bar the consumer protection, implied warranty, fraud, unjust enrichment and other claims of plaintiffs and purported class members whose claims are untimely based on the passage of time and the specific elements they must prove to

demonstrate fraudulent concealment tolling under the laws of their states.

(f) Plaintiffs' unjust enrichment (quasi-contract) claims are barred because their substantive claims provide no basis for ordering the remedy of restitution.

(g) Plaintiffs cannot satisfy the Rule 23 requirements for class certification, including without limitation, lack of predominant common issues, typicality, adequacy of representation, superiority and manageability

(h) Applicable law prohibits certification of a nationwide class.

(i) Plaintiffs' statutory consumer protection claims under the laws of one or more states are barred by their lack of any fiduciary or other confidential relationship with GM that would create a duty of disclosure.

(j) Plaintiff's statutory consumer protection claims under the laws of one or more states are barred because the statute does not include or prohibit omissions.

(k) Plaintiffs' statutory consumer protection claims under the laws of one or more states are barred by their lack of contractual privity with GM.

(l) Plaintiff's Counts 51, 53 and 55 under Louisiana law are pre-empted by La. Rev. Stat. Ann. § 9:2800.52 which provides the exclusive remedy for liability claims against product manufacturers, except for plaintiff's claim for redhibition (Count 50).

(m) Plaintiffs' claims for punitive damages under the statutory consumer protection acts of one or more states are barred because these statutes do not authorize punitive damages awards.

(n) The statutory consumer protection laws of one or more states do not permit class actions.

(o) The statutory consumer protection laws of one or more states do not permit class actions for the recovery of damages.

(p) Plaintiffs' statutory consumer protection claims under the laws of one or more states are barred by the economic loss rule.

///

///

**D. Motions**

On February 27, 2017, Plaintiffs filed their First Amended Class Action Complaint. (Dkt. No. 29.) GM moved to dismiss that complaint on April 10, 2017. (Dkt. No. 47.) On August 1, 2017, the Court granted GM's motion, and gave Plaintiffs leave to replead. (Dkt. No. 62.)

Plaintiffs filed their Second Amended Class Action Complaint (Dkt. No. 67) on August 31, 2017. On October 10, 2017, GM moved to dismiss that complaint. (Dkt. No. 70.) Plaintiffs filed their opposition on November 15, 2017. (Dkt. No. 73.) GM filed its reply on December 1, 2017. (Dkt. No. 74.) Pursuant to the Court's direction, both parties thereafter filed Supplemental Briefs addressing personal jurisdiction issues. (Dkt. Nos. 86, 87, 88.) On February 7, 20178, the Court granted in part, and denied in part, Defendant's motion to dismiss Plaintiff's Second Amended Complaint, and gave Plaintiffs leave to replead. (Dkt. No. 99.) On March 23, 2018, Plaintiffs filed their Third Amended Class Action Complaint. (Dkt. No. 107.) On April 6, 2018, answered the Third Amended Complaint, denying its material allegations and asserting multiple defenses. (Dkt. No. 109.)

The Parties agree that it is too early to predict all potential motion practice that may occur in this litigation, but Plaintiffs currently anticipate moving for class certification and both Parties anticipate moving for summary judgment.

**E. Amendment of Pleadings**

The Parties propose November 16, 2018 as the deadline for amending the pleadings.

**F. Evidence Preservation**

The parties have instructed their clients regarding their evidence preservation obligations, have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have agreed to an ESI protocol governing preservation and production of discoverable documents within the possession, custody or control of the Parties.

**G. Disclosures**

The Parties conducted the Rule 26(f) conference on April 21, 2017 and exchanged their initial disclosures in May 2017.

**H. Discovery**

The Parties have submitted, and the Court has entered, a stipulation governing ESI and privilege logs (Dkt. No. 94) and a stipulated protective order (Dkt. No. 106).

Plaintiffs have served their first sets of document requests and interrogatories, and GM served responses on March 28, 2018. GM has served its first sets of document requests and interrogatories, with Plaintiffs' responses due on April 30, 2018.

The Parties intend to seek further discovery in the form of document requests, interrogatories, requests for admissions, and/or depositions regarding issues pertinent to class certification, the merits of Plaintiffs' claims, and GM's defenses.

The Parties agree to the presumptive limit of twenty-five (25) written interrogatories set forth in Fed. R. Civ. P. 33.

Plaintiffs propose that, deviating from Fed. R. Civ. P. 30, each Party shall be allowed to take up to fifteen (15) depositions without leave of Court. GM believes ten (10) are sufficient.

**I. Class Actions**

**1. Plaintiffs' Statement**

Pursuant to Local Rule 16-9, Plaintiffs state that they seek to maintain this case as a class action, pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3). Plaintiffs seek to represent a nationwide class of current or former owners or lessees of 2010-2013 GM vehicles fitted with GM's defective Generation IV Vortec 5300 Engines. Alternatively, Plaintiffs seek to represent statewide classes of current or former owners or lessees of 2010-2013 GM vehicles fitted with GM's defective Generation IV 5 Vortec 5300 Engines.

Plaintiffs allege, on information and belief, that there are not less than 2,000,000 members of the nationwide class. There are common questions of law and fact, which predominate over any issues affecting the individual class members. These questions include: whether GM's Generation IV Vortec 5300 engines have an inherent defect resulting in excessive oil consumption, whether GM was aware of this inherent defect, and whether GM concealed this inherent defect from consumers. Plaintiffs' claims are typical of those of the other class members because Plaintiffs and the other class members each paid for GM vehicles

that consume an extraordinarily high volume of oil and suffered damages as a result. Plaintiffs' interests do not conflict with those of the other class members and Plaintiffs have retained competent counsel to represent them and the other class members.

As stated in Exhibit A, attached hereto, Plaintiffs will move for class certification on or before December 20, 2018.

The Parties have agreed, subject to Court approval, to a "bellwether" approach to reduce any burden associated with class certification. Under this approach, Plaintiffs' class certification motion will be limited to five states: California, two other States to be identified by Plaintiffs, and two other States to be identified by GM. The Parties agreed that GM can serve written discovery on all of the Plaintiffs, but GM will not depose Plaintiffs other than the bellwether state Plaintiffs prior to the Court's ruling on Plaintiffs' motion for class certification, Plaintiffs and GM agreed to reserve their rights (after the Court's ruling on Plaintiffs' motion for class certification) to move for or oppose class certification, and take appropriates discovery, with respect to Plaintiffs in the non-bellwether States. Plaintiffs are currently prepared to identify their two additional bellwether States.

### 2. GM's Statement

GM will oppose class certification on the grounds inter alia that plaintiffs cannot satisfy the commonality, predominance and superiority requirements of Rule 23. Only a small fraction of the model year 2010 through 2013 vehicles that are the subject of this action have experienced oil consumption issues, determining the cause(s) of any such issue would require individual inspection of each vehicle, and these issues may have already been corrected in production, through service parts, and/or eliminated by warranty repairs. GM will identify its two additional "bellwether" states at or shortly after the Case Management Conference.

### J. Related Cases

To the best of the Parties' knowledge, there are no other pending related cases.

///

///

///

**K.   Relief**

    **1.   Plaintiff's Statement**

Plaintiffs seek:

- Certification of the proposed classes;
- Appointment of class representatives and Class Counsel;
- An order temporarily and permanently enjoining GM from continuing the alleged unfair business practices;
- Costs, restitution, actual damages, statutory damages and punitive damages in an amount to be determined at trial;
- An order requiring GM to pay both pre- and post-judgment interest on any amounts awarded;
- An award of costs and attorneys' fees; and such other or further relief as may be appropriate.

    **2.   GM's Statement**

GM is not seeking any relief at this time. GM denies that plaintiffs or their counsel are entitled to any of the relief that they are requesting.

**L.   Settlement and ADR**

To date, the Parties in this case have not engaged in settlement negotiation or ADR efforts. The Parties, however, have conferred regarding ADR and agreed to participate in private ADR within eight months of the Case Management Conference. (Dkt. No. 64)

**M.   Consent to Magistrate Judge For All Purposes**

The Parties do not consent to a Magistrate Judge for all purposes.

**N.   Other Reference**

To the extent not handled by this Court, the Parties agree that discovery matters should be referred to a Magistrate Judge of this Court. Additionally, this case is not suitable for reference to binding arbitration, a special master, or to the Judicial Panel on Multidistrict Litigation.

///

**O. Narrowing of Issues**

The parties respectfully submit that it is premature to consider agreement to narrow issues for trial or to expedite the presentation of evidence at trial.

**P. Expedited Trial Procedure**

The Parties respectfully submit that this case is not appropriate for proceedings pursuant to the expedited trial procedure of General Order No. 64, Attachment A.

**Q. Scheduling**

The Parties have set forth their proposed dates for the scheduling of initial disclosures, designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference, and trial in Exhibit A, attached hereto.

**R. Trial**

Plaintiffs have demanded a trial by jury on all issues so triable. GM contends that plaintiff is not entitled to a jury trial on its claims for equitable relief (*e.g.*, injunction, restitution) or on its claims for pre-judgment and post-judgment interest, class certification, appointment of class counsel or an award of attorney's fees, costs, and expenses. The Parties respectfully submit that it is premature to estimate an expected length of the trial.

**S. Disclosure of Non-Party Interested Entities or Persons**

The parties have filed their Disclosures of Non-party Interested Entities or Persons (Dkt. 50 and 54).

**T. Professional Conduct**

Counsel for both Plaintiffs and GM have reviewed the Guidelines and Standards of Professional Conduct of this Court as set forth in Civil L.R. 11-4 and General Order 40(2).

**U. Other Matters**

The Parties do not believe any other matters are appropriate for discussion at this time.

///
///
///
///

**DATED:** April 17, 2018

/s/ Jennie Lee Anderson
Jennie Lee Anderson
Lori E. Andrus
**ANDRUS ANDERSON LLP**
155 Montgomery Street, Suite 900
San Francisco, California 94104
Telephone: 415-986-1400
jennie@andrusanderson.com
lori@andrusanderson.com

Adam J. Levitt (*pro hac vice*)
Mark A. DiCello (*pro hac vice*)
John E. Tangren (*pro hac vice*)
Daniel R. Ferri (*pro hac vice*)
**DICELLO LEVITT & CASEY LLC**
Ten North Dearborn Street, Eleventh Floor
Chicago, Illinois 60602
Telephone: 312-214-7900
alevitt@dlcfirm.com
dferri@dlcfirm.com
jtangren@dlcfirm.com

W. Daniel "Dee" Miles, III (*pro hac vice*)
H. Clay Barnett, III (*pro hac vice*)
Archie I. Grubb, II (*pro hac vice)*
Andrew E. Brashier (*pro hac vice*)
**BEASLEY, ALLEN, CROW,**
**METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Montgomery, Alabama 36104
Telephone: 334-269-2343
Dee.Miles@Beasleyallen.com
Clay.Barnett@BeasleyAllen.com
Archie.Grubb@Beasleyallen.com
Andrew.Brashier@Beasleyallen.com


Nicholas R. Rockforte (*pro hac vice* to be filed)
Christopher L. Coffin (*pro hac vice* to be filed)
**PENDLEY, BAUDIN & COFFIN, L.L.P.**
1515 Poydras Street, Suite 1400
New Orleans, Louisiana 70112
Telephone: 504-355-0086
nrockforte@pbclawfirm.com
ccoffin@pbclawfirm.com

Marcus Rael (*pro hac vice* motion to be filed)
**ROBLES, RAEL & ANAYA, P.C.**
500 Marquette NW, Suite 700
Albuquerque, New Mexico 87102
Telephone: 505-242-2228
marcus@roblesrael.com

Anthony J. Garcia, Esq. (*pro hac vice*)
**AG LAW**
742 South Village Circle
Tampa, Florida 33606
Telephone: 813-259-9555
anthony@aglawinc.com

Timothy J. Becker (*pro hac vice*)
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
St. Paul, Minnesota 55101
Telephone: 612-436-1800
tbecker@johnsonbecker.com

Ben Finley (*pro hac vice* motion to be filed)
**THE FINLEY FIRM, P.C.**
200 13th Street
Columbus, Georgia 31901
Telephone: 706-322-6226
bfinley@thefinleyfirm.com

Eric J. Haag (*pro hac vice*)
**ATTERBURY, KAMMER & HAAG, S.C.**
8500 Greenway Boulevard, Suite 103
Middleton, Wisconsin 53562
Telephone: 608-821-4600
ehaag@wiscinjurylawyers.com

C*ounsel for Plaintiffs*

/s/ Joseph J. Ybarra
Joseph J. Ybarra (SBN 218130)
Joseph.Ybarra@hysmlaw.com
**HUANG YBARRA GELBERG & MAY LLP**
550 South Hope Street, Suite 1850
Los Angeles, California 90071
Telephone: 213-884-4902

Gregory R. Oxford (SBN 62333)
goxford@icclawfirm.com
**ISAACS CLOUSE CROSE & OXFORD LLP**
21515 Hawthorne Boulevard, Suite 950
Torrance, California 90503
Telephone: 310-316-1990

*Attorneys for Defendant General Motors LLC*

Page 12 of 14     Case No.: 16-cv-07244-EMC
AMENDED JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

# CASE MANAGEMENT ORDER

The above AMENDED JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated:

                              EDWARD M. CHEN
                              UNITED STATES DISTRICT JUDGE

# **EXHIBIT A**

Plaintiffs respectfully propose the following Case Management Schedule:

| EVENT | DATE |
|---|---|
| Last day to file a motion to amend pleadings | November 16, 2018 |
| Deadline for the Parties to substantially complete their document productions | October 5, 2018 |
| Fact Discovery Cut-Off | November 16, 2018 |
| Motion for Class Certification and Plaintiffs' Rule 26(a)(2) Class Certification Expert Disclosures/Reports | December 20, 2018 |
| Opposition to Motion for Class Certification and GM's Rule 26(a)(2) Class Certification Expert Disclosures/Reports | March 15, 2019 |
| Reply in Support of Motion for Class Certification and Plaintiffs' Rebuttal Class Certification Expert Disclosures/Reports | April 29, 2019 |
| Hearing on Motion for Class Certification | To be determined by the Court |
| Opening Expert Reports | To be scheduled after ruling on class certification |
| To be scheduled after ruling on class certification | To be scheduled after ruling on class certification |
| Expert Discovery Complete | To be scheduled after ruling on class certification |
| Last Day for the Hearing of Dispositive Motions | To be scheduled after ruling on class certification |
| Final Pretrial Conference | To be determined by the Court |
| Jury Trial | To be determined by the Court |