UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTEVILLE SLOAN, et al.,<br>Plaintiffs,<br>v.<br>GENERAL MOTORS LLC,<br>Defendant. | Case No. 16-cv-07244-EMC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT**<br><br>Docket No. 141 |

Plaintiffs allege that Defendant General Motors ("GM") knowingly manufactured and sold a car engine with inherent defects that caused excessive oil consumption and engine damage. The defects affect 2010 to 2014 model year GM vehicles. Based on those allegations, Plaintiffs assert claims under various state consumer protection and fraud statutes on behalf of a nationwide class as well as 29 statewide classes. Plaintiffs' original class action complaint was filed in December 19, 2016. Docket No. 2. They have since amended their pleadings several times, and the operative complaint is the Fourth Amended Complaint. Docket No. 123.

Plaintiffs now seek leave from the Court to file a Fifth Amended Complaint. Docket No. 141 ("Mot."). The purpose of the amendment is to substitute Thomas Szep, a member of the putative Ohio class, in place of the current Ohio class representatives, Thomas Gulling and Ronald Jones, who are no longer able to participate in this litigation due to "personal reasons." *Id.* at 1. GM opposes Plaintiffs' motion. Docket No. 153 ("Opp."). For the reasons discussed below, the Court **GRANTS** Plaintiffs' motion for leave to file a Fifth Amended Complaint.

## I. BACKGROUND

To address manageability concerns raised by the Court, the parties agreed that Plaintiffs' initial motion for class certification would be limited to five bellwether states: California, New

1  Jersey, Ohio, North Carolina, and Texas. Docket No. 113. In January 2019, the Court issued a
2  scheduling order for the class certification proceedings. Docket No. 128. The deadline for
3  completion of fact discovery and for the filing of motions to amend the pleadings was set for May
4  30, 2019. *Id.* The deadline for Plaintiffs to file their class certification motion was set for June 30,
5  2019, but has been extended to July 30, 2019 to allow resolution of the instant motion. Docket
6  No. 151.

7  On April 23, 2019, Plaintiffs informed GM that the representatives of the putative Ohio
8  class, Gulling and Jones, no longer wished to continue as plaintiffs and would be dismissing their
9  claims. Docket No. 154 ("Ross Decl."), Exh. A at 2. Plaintiffs' counsel indicated that Szep, a
10 putative Ohio class member, was willing to be substituted in as the Ohio class representative. *Id.*
11 GM declined Plaintiffs' invitation to stipulate to the substitution on the grounds that there were
12 "only weeks remaining in the discovery period" and the "last minute switch-up is prejudicial to
13 GM and would disrupt the schedule crafted by the Court and the parties." *Id.* at 1. GM's counsel
14 suggested that Plaintiffs should either move the Court for permission to amend their complaint or
15 drop Ohio as a bellwether state. *Id.*

16 On May 30, 2019—the deadline for fact discovery and amendment of pleadings—
17 Plaintiffs' counsel initially informed GM that they would not be substituting an Ohio class
18 representative for Gulling and Jones or pursuing class certification of the Ohio claims. *Id.* Two
19 hours later, however, Plaintiffs' counsel notified GM that there "ha[d] been a miscommunication
20 about whether [Plaintiffs] would be seeking to substitute a new plaintiff," and that they "w[ould],
21 in fact, be seeking such a substitution." Docket No. 155-1 ("Tangren Decl."), Exh. B. Plaintiffs
22 filed this motion the same day.

## II. DISCUSSION

A.  Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint should be "freely given when justice so requires." Generally, leave to amend is to be granted with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). But here, GM argues, relying on *Coleman v. Quaker Oats Co.*, 232 F.3d 1271 (9th Cir.

2

2000), that the stricter standard of Rule 16(b) applies because the Court has already entered a pretrial scheduling order. Opp. at 4. GM misreads *Coleman*. Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In *Coleman*, the Ninth Circuit held that the Rule 16(b) "good cause" standard applied not merely because a scheduling order had been entered, but because the plaintiffs were seeking to amend their complaints after "the time specified in the scheduling order expired." *Id.* at 1294. Accordingly, allowing the amendment would have required modifying the scheduling order. *See Eurosesmillas, S.A. v. PLC Diagnostics, Inc.*, No. 17-CV-03159-TSH, 2019 WL 1960342, at *3 (N.D. Cal. May 2, 2019) ("Once the court issues a pretrial scheduling order that establishes a deadline for the amendment of pleadings, a motion to amend *filed after the deadline for amendment* is governed by Rule 16 of the Federal Rules of Civil Procedure rather than Rule 15." (emphasis added) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992))).

Unlike in *Coleman*, Plaintiffs in this case moved to amend within the deadline set by the Court. The regular Rule 15(a)(2) standard therefore applies. Under that standard, the Court considers five factors in ruling on a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended his complaint. *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). Of these factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citations omitted). "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

B. Analysis

GM does not argue that Plaintiffs are seeking to amend in bad faith or that their proposed amendment would be futile. Rather, GM asserts that Plaintiffs unduly delayed in filing their motion and the delay is prejudicial to GM. *See* Opp. at 5–7. The Court disagrees.

Plaintiffs did not unduly delay in moving for leave to amend. Upon learning that Jones

3

1   and Gulling would be dropping out of the litigation, Plaintiffs promptly asked GM on April 23,
2   2019 whether it would be willing to stipulate to allow Szep to step in as the Ohio class
3   representative. Ross Decl., Exh. A at 2. GM wrote back with its refusal a week later. *Id.* at 1. It
4   took Plaintiffs another month after that to file its motion, but they represent that "[d]ue to [Szep's]
5   work schedule in May 2019, which included twelve-hour night shifts, he was unable to confirm
6   that he would be available to complete discovery until May 30, 2019." Docket No. 155 at 3. The
7   day after moving to amend, Szep responded in full to the requests for production and
8   interrogatories that GM had served on the other class representatives. Tangren Decl., Exh. C.
9   Plaintiffs also offered to extend the fact discovery deadline to allow GM to depose Szep and
10  inspect his vehicle. Mot. at 1. Plaintiffs have thus acted with reasonable diligence.

Plaintiffs' willingness to make Szep available for a deposition and vehicle inspection ameliorates any prejudice GM might suffer as a result of the amendment. Although this would require GM to conduct additional discovery, courts have emphasized that "[t]o overcome Rule 15(a)'s liberal policy with respect to the amendment of pleadings a showing of prejudice must be substantial. Neither delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice." *MagTarget LLC v. Saldana*, No. 18-CV-03527-JST, 2019 WL 1904205, at *3 (N.D. Cal. Apr. 29, 2019) (quoting *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1158 (N.D. Cal. 2010)). GM's opposition to Plaintiffs' forthcoming motion for class certification is not due until September 30, 2019. Docket No. 151. It will therefore have ample time to conduct discovery and prepare any arguments against class certification with respect to Szep's claim. *See Bradley v. T-Mobile US, Inc.*, No. 17-CV-07232-BLF, 2019 WL 2358972, at *2 (N.D. Cal. June 4, 2019) (finding minimal prejudice from allowing amendment where defendants would "have more than adequate time to brief and argue a [responsive motion] and to conduct further discovery, if necessary"). Indeed, due to GM's scheduling issues, the vehicle inspections for some class representatives had not been completed as of June 20, 2019. *See* Tangren Decl., Exh. D. GM will have nearly as much time to prepare its response to Szep's claim as the claims of the other class representatives. GM's assertions of prejudice are thus unpersuasive.

4

Finally, although Plaintiffs have previously amended their complaint four times, the Court notes that this factor does not preclude their latest amendment request. The Second and Third Amended Complaints were responsive to the Court's rulings on motions to dismiss. *See* Docket Nos. 67, 107. The Fourth Amended Complaint was filed pursuant to the parties' stipulation to substitute a new North Carolina class representative for a former representative who could no longer participate in the litigation; Plaintiffs did not add new claims or amend existing ones. *See* Docket Nos. 122, 123. Likewise, the current proposed amendment does not change the substance of Plaintiffs' claims. This is not a situation in which a party is seeking to make "[l]ate amendments to assert new theories . . . when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *In re W. States Wholesale*, 715 F.3d at 739 (quoting *Royal Ins. Co. of Am. v. Sw. Marine*, 194 F.3d 1009, 1016–17 (9th Cir. 1999)).

Because GM has failed to show that Plaintiffs unduly delayed in bringing their motion or that GM would suffer prejudice, it is appropriate under Rule 15(a) to allow Plaintiffs to amend their complaint. *See Eminence Capital*, 316 F.3d at 1052.

### III. CONCLUSION

Plaintiffs' motion for leave to file their Fifth Amended Complaint is **GRANTED**. The parties are ordered to meet and confer regarding an appropriate extension of the fact discovery deadline to allow GM to take discovery from Szep. If the parties cannot agree on an extension, they must follow the procedure for filing a joint letter brief outlining their respective positions in accordance with this Court's civil standing order on discovery.

This order disposes of Docket No. 141.

**IT IS SO ORDERED**.

Dated: July 2, 2019

_____
EDWARD M. CHEN
United States District Judge