Jennie Lee Anderson (SBN 203586)
Lori E. Andrus (SBN 205816)
**ANDRUS ANDERSON LLP**
155 Montgomery Street, Suite 900
San Francisco, California  94104
Telephone:  415-986-1400
jennie@andrusanderson.com
lori@andrusanderson.com

Adam J. Levitt (*pro hac vice*)
**DICELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Eleventh Floor
Chicago, Illinois  60602
Telephone: 312-214-7900
alevitt@dicellolevitt.com

W. Daniel "Dee" Miles, III (*pro hac vice*)
**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Montgomery, Alabama 36104
Telephone:  334-269-2343
Dee.Miles@beasleyallen.com

*Counsel for Plaintiffs and the Proposed Classes* (*additional counsel appear on signature page*)

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| MONTEVILLE SLOAN, JR., RAUL SIQUEIROS, TODD AND JILL CRALLEY, JOSEPH BRANNAN, LARRY GOODWIN, MARC PERKINS, THOMAS SHORTER, DERICK BRADFORD, GABRIEL DEL VALLE, KEVIN HANNEKEN, EDWIN AND KATELYN DOEPEL, DAN MADSON, JAMES FAULKNER, JOSEPH OLIVIER, SCOTT SMITH, ROSS DAHL, DREW PETERSON, MICHAEL WARE, STEVE KITCHEN, JOHN KNOLL, BARBARA MOLINA, DENNIS VITA, WILLIAM DAVIS, JR., THOMAS SZEP, MIKE WARPINSKI, WILLIAM MARTELL, JOHN GRAZIANO, JOSHUA BYRGE, RUDY SANCHEZ, CHRISTOPHER THACKER, KELLY HARRIS, JAMES ROBERTSON, and JONAS BEDNAREK, individually and on behalf of all others similarly situated, | Case No.:  16-cv-07244-EMC  **PLAINTIFFS' OPPOSITION TO GENERAL MOTORS' MOTION TO DISMISS PLAINTIFF SZEP'S CLAIMS IN THE FIFTH AMENDED COMPLAINT**  Judge:  Hon. Edward J. Chen Hearing Date:  September 12, 2019 Time of Hearing:  1:30 p.m. |
| Plaintiffs, | |
| v. | |
| GENERAL MOTORS LLC, | |
| Defendant. | |

**INTRODUCTION**

Most of the arguments that GM raises in its Motion to Dismiss Plaintiff Szep's Claims in the Fifth Amended Complaint (Docket No. 158) ("Motion" or "Mot.") are foreclosed by the law of the case. *See Zierolf v. Wachovia Mortg.*, 2012 WL 6161352, at *4 (N.D. Cal. Dec. 11, 2012) (Chen, J.) ("[A] court is generally precluded from reconsidering an issue that has already been decided by the same court….") (quoting *Rebel Oil Co. v. Atl. Richfield Co.*, 146 F.3d 1088, 1093 (9th Cir. 1988)).  As discussed below, this Court has squarely considered, and rejected, GM's contentions that the Ohio Consumer Sales Practices Act is barred by the statute of limitations (Mot. at 8), and the other arguments that GM summarily reasserts at the end of the Motion (*id.* at 10).[1]  GM's argument that this Court lacks personal jurisdiction over Plaintiff Szep's claims (*id.* at 2-8) is also foreclosed by this Court's previous analysis of personal jurisdiction.  The one argument not previously discussed by this Court, that Plaintiff Szep did not identify a previous violation of the conduct on which his Ohio Consumer Sales Practices Act claim is based (*id.* at 8-9), is easily resolved with a review of the cases cited in the complaint establishing such a violation.  Thus, GM's Motion should be denied in its entirety.

**BACKGROUND**

GM's Motion follows on the heels of GM's unsuccessful attempt to bar Thomas Szep from serving as the replacement class representative for the Ohio class.  Following this Court's July 2, 2019 Order (Docket No. 156) granting leave to file the Fifth Amended Complaint (Docket No. 157) ("Compl."), Plaintiff Szep joined this litigation by filing claims that were substantively identical to the claims made by the previous Ohio class representatives on behalf of the proposed Ohio class.  *Compare* Compl. ¶¶ 1267-1315 *with* Docket No. 123 ¶¶ 1271-1319.  These claims were the subject of two rounds of motion-to-dismiss briefing, the second of which featured extensive supplemental briefing on personal jurisdiction.  See Docket Nos. 47-49, 57-58, 62, 70-74, 83-84, 87-88, 99.

---

[1] GM's remaining arguments are targeted towards Plaintiff Szep's Magnuson-Moss Warranty Act and breach of express warranty claim (Mot. at 9-10), which he has already acknowledged were included in the Fifth Amended Complaint only to preserve them for purposes of appeal (Docket. No. 157 at 63 n. 40).  Thus, there was no need for GM to raise those arguments and no need for the Court to address them.

1
2
3
4
5
6
7
8
9

In its most recent motion-to-dismiss order, this Court sustained the Ohio Plaintiffs' claims for violations of the Ohio Consumer Sales Practices Act, breach of implied warranty in tort, fraudulent omission, and unjust enrichment.  Docket No. 99.  It held that plaintiffs had sufficiently pled GM's failure to disclose the excessive oil consumption defect of which it knew (*id.* at 20-25), reliance (*id.* at 33-40), their vehicles' unmerchantability (*id.* at 41-42), and their unjust enrichment claims (*i*d. at 59). It also specifically upheld the Ohio Consumer Sales Practices Act claim in the face of GM's challenge on statute-of-limitations grounds.  *Id.* at 57.  Finally, this Court also held that it may exercise personal jurisdiction over the claims of five named plaintiffs who had been newly added to the most recent complaint. *Id.* at 8-17.

10

## LEGAL STANDARD

11
12
13
14

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In ruling on a motion to dismiss under Rule 12(b)(6), a court must "accept the plaintiff's allegations as true and view them in the light most favorable to her."  *Soo Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017).

15

## ARGUMENT

16

**I.      This Court May Exercise Personal Jurisdiction Over Plaintiff Szep's Claims.**

17
18
19
20
21
22
23
24
25
26
27
28

As GM acknowledges (Mot. at 4), this Court has already held that it may exercise personal jurisdiction over the claims of newly-added plaintiffs, holding that the Supreme Court's holding in *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal.*, 137 S. Ct. 1773 (2017) does not apply to this proposed nationwide federal class action.  Docket No. 99 at 8-20.  Critically, GM does not seek reconsideration of this holding, nor does it dispute that Plaintiff Szep's claims share a significant factual nexus with the other claims in this litigation.   Instead, GM's sole argument (repeated with only slight variation throughout the Motion) is that this holding cannot be extended to Plaintiff Szep because his individual Magnuson-Moss Warranty Act is brought for purposes of appeal only.  (*See, e.g.*, Mot. at 4 ([This Court's previous] holding does not apply to plaintiff Szep, who concedes he does not plead a viable federal claim, 5 ("*Action Embroidery*'s reasoning does not apply because Szep asserts no federal claim at all."), 6 ("Here, the only federal claim – which Szep does not join…."), 7 ("Szep does not assert a claim as part of the 'nationwide class.'"), 8 ("There is no federal claim here by Szep.").

The absence of a federal claim, however, does not dictate a different outcome for Plaintiff Szep. Whether or not Plaintiff Szep's claims make it so, this action remains "a putative nationwide class action," which, as this Court already found, weighs in favor of finding pendent personal jurisdiction over Plaintiff Szep's claims. Docket No. 99 at 16. Plaintiff Szep's claims indisputably "arise out of the same nucleus of operative facts" as those claims over which this Court has already exercised personal jurisdiction for several years. *Id.* at 17. Dismissing Plaintiff Szep's claims would lead to the very result that this Court sought to avoid: "GM would face piecemeal litigation and would have to defend itself in several different courts on nearly identical issues." *Id.*

GM fails to cite any case in which a Court exercised pendent personal jurisdiction over the claims of plaintiffs bringing federal claims but not over the factually related state-law claims brought by other plaintiffs.[2] *In re Packaged Seafood Prods. Antitrust Litig.*, 338 F. Supp. 3d 1118 (S.D. Cal. Sept. 5, 2018), on which GM relies (Mot. at 4), is actually instructive as to why personal jurisdiction does extend over such state-law claims. In that antitrust case, while the direct purchaser plaintiffs brought claims arising under federal law, other indirect purchaser plaintiffs brought claims arising under state law only. 338 F. Supp. 3d at 1172-73. Nevertheless, because all of the plaintiffs "generally allege the same common nucleus of operative facts," the court exercised personal pendent jurisdiction over the indirect purchaser plaintiffs' claims as well. *Id.* at 1173 ("[E]ven though the Indirect Plaintiffs themselves do not bring a federal question cause of action, pendent personal jurisdiction is appropriate because the other Plaintiffs allege federal causes of action."). The *Packaged Seafoods* court noted that its conclusion was consistent with this Court's own analysis of pendent personal jurisdiction, which "focused on whether the new claims arose out of the same nucleus of operative facts, not whether the claims belonged to the same plaintiffs." *Id.* (quoting Docket No. 99 at 15).

---

[2] For example, in *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, 2017 WL 4224723 (N.D. Cal. Sept. 22, 2017), the court denied the defendant's motion to dismiss, extending personal jurisdiction over the nationwide class. *Id.* at *3-5, cited by GM in Mot. at 4. By contrast, in *Reitman v. Champion Petfoods USA, Inc.*, 2018 WL 4945645 (C.D. Cal. Oct. 10, 2018), there was no nationwide class or federal claim. *Id.* at *6, cited by GM in Mot. at 3 n.3.

**II.      Plaintiff Szep's Ohio Consumer Sales Practices Act Claim Is Timely Pled and Meets the Previous Violation Requirement.**

This Court previously held that the Ohio Consumer Sales Practice Act ("CSPA") claims of the previous Ohio class representatives were not foreclosed by the statute of limitations because "Ohio recognizes the doctrine of fraudulent concealment." Docket No. 99 at 57. GM fails to acknowledge, let alone provide any justification to overturn, this law of the case. GM also does not provide any reason why fraudulent concealment would not also toll Plaintiff Szep's CSPA claim. Thus, the statute of limitations does not provide a basis for dismissing the CSPA claim.

GM's argument that the CSPA claim is not based on "conduct found to be a previous violation" (Mot. at 9) is defeated by the numerous cases that Plaintiff Szep cites in his complaint. *See* Compl. ¶ 1276 (listing eleven prior state court decisions establishing that the alleged conduct violates the CSPA). GM attempts to distinguish these cases in a footnote (*see* Mot. at 9 n.9) by reading each of them incorrectly or too narrowly.[3] Just to pick one example, GM acknowledges that *Cranford v. Joseph Airport Toyota, Inc.* (OPIF #10001586) involved "claims based on misrepresentation of pricing for single used vehicle" but fails to explain why *Cranford* does not serve as precedent that misrepresentations involving vehicles, such as the ones at issue in this case, are actionable under the CSPA.[4]

---

[3] Copies of the opinions themselves are available on the Ohio Attorney General's website at https://opif.ohioattorneygeneral.gov/.

[4] Each of the other opinions that Plaintiff Szep cites in the Complaint also clearly provides notice that the conduct alleged here is actionable under the CSPA:

- *Mason v. Mercedes Benz USA, LLC* (OPIF #10002382) at 13: "[E]vidence…that Mercedes breached its implied warranty of merchantability…also supports the jury's finding that Mercedes violated the Ohio Consumer Sales Practice Act."

- *State ex rel. Betty D. Montgomery v. Ford Motor Co.* (OPIF #10002123) at 9-12 and *State ex rel. Betty D. Montgomery v. Bridgestone/Firestone, Inc.* (OPIF #10002025) at 10-16: Orders entered under the CSPA enjoining Ford and Bridgestone/Firestone from failing to disclose certain material facts about vehicles.

- *Bellinger v. Hewlett-Packard Co.* (OPIF #10002077) at 5: "This Court declines to hold, as HP has urged, that a failure to disclose information in the absence of an affirmative representation that is false or inaccurate can never give rise to an actionable claim under the CSPA."

- *Borror v. MarineMax of Ohio* (OPIF #10002388) at 18: finding that failure to disclose structural damage prior to the sale of a product was a violation of the CSPA.

**III.     GM's Other Arguments Are Also Precluded by This Court's Previous Rulings.**

Finally, the arguments that GM "incorporates…and reasserts" from its previous motion to dismiss (Mot. at 10) are also all foreclosed by the law of the case.  This Court has already held that the previous Ohio plaintiffs had sufficiently pled GM's failure to disclose the excessive oil consumption defect of which it knew (*id.* at 20-25), reliance (*id.* at 33-40), their vehicles' unmerchantability (*id.* at 41-42), and their unjust enrichment claims (*i*d. at 59.)  GM provides no reason to revisit these rulings or to distinguish Plaintiff Szep's allegations from those of the previous plaintiffs, and this Court should reach the same conclusions now that it did then.

## CONCLUSION

For the foregoing reasons, GM's Motion should be denied.

Dated: July 30, 2019

/s/ Adam J. Levitt
Adam J. Levitt (*pro hac vice*)
John E. Tangren (*pro hac vice*)
Daniel R. Ferri (*pro hac vice*)
**DICELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Eleventh Floor
Chicago, Illinois  60602
Telephone:  312-214-7900
alevitt@dicellolevitt.com
jtangren@dicellolevitt.com
dferri@dicellolevitt.com

---

- *State ex rel. Jim Petro v. Craftmatic Organization, Inc.* (OPIF #10002347) at 14:  "A supplier commits unfair and deceptive and unconscionable acts or practices in violation of the Consumer Sales Practices Act, R.C. 1345.02 and 1345.03(B)(6) if it knowingly makes misleading statements of opinion upon which the consumers relied to their detriment."

- *Brown v. Spears* (OPIF #10000403) at 3:  "[W]here a defendant-supplier, in connection with a consumer transaction, continually stalls and evades his legal obligation to consumers, he thereby commits an unconscionable act and practice in violation of [the CSPA]."

- *Brinkman v. Mazda Motor of America, Inc.* (OPIF #10001427) at 2, 11:  noting that violations of Ohio's Lemon Law, including when there is "a specific problem with the vehicle [that] is due to a defective part which is covered by warranty," are also violations of the CSPA.

- *Mosley v. Performance Mitsubishi aka Automanage* (OPIF #10001326) at 1:  finding that a defendant's breach of warranty violated the CSPA.

- *Walls v. Harry Williams dba Butch's Auto Sales* (OPIF #10001524) at 1:  enjoining violations of the CSPA such as "deceptively representing that vehicles are of a particular quality or standard when they are not."

W. Daniel "Dee" Miles, III (*pro hac vice*)
H. Clay Barnett, III (*pro hac vice*)
Archie I. Grubb, II (*pro hac vice*)
Andrew E. Brashier (*pro hac vice*)
**BEASLEY, ALLEN, CROW,**
**METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Montgomery, Alabama  36104
Telephone: 334-269-2343
Dee.Miles@Beasleyallen.com
Clay.Barnett@BeasleyAllen.com
Archie.Grubb@Beasleyallen.com
Andrew.Brashier@Beasleyallen.com

Jennie Lee Anderson (SBN 203586)
Lori E. Andrus (SBN 205816)
**ANDRUS ANDERSON LLP**
155 Montgomery Street, Suite 900
San Francisco, California  94104
Telephone:  415-986-1400
jennie@andrusanderson.com
lori@andrusanderson.com

Nicholas R. Rockforte (*pro hac vice*)
Christopher L. Coffin (*pro hac vice*)
**PENDLEY, BAUDIN & COFFIN, L.L.P.**
1515 Poydras Street, Suite 1400
New Orleans, Louisiana 70112
Telephone:  504-355-0086
nrockforte@pbclawfirm.com
ccoffin@pbclawfirm.com

Marcus Rael (*pro hac vice*)
**ROBLES, RAEL & ANAYA, P.C.**
500 Marquette NW, Suite 700
Albuquerque, New Mexico  87102
Telephone:  505-242-2228
marcus@roblesrael.com

Anthony J. Garcia, Esq. (*pro hac vice*)
**AG LAW**
742 South Village Circle
Tampa, Florida  33606
Telephone:  813-259-9555
anthony@aglawinc.com

Timothy J. Becker (*pro hac vice*)
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
St. Paul, Minnesota  55101
Telephone: 612-436-1800
tbecker@johnsonbecker.com

Ben Finley (*pro hac vice* motion to be filed)
**THE FINLEY FIRM, P.C.** 200 13th Street
Columbus, Georgia  31901
Telephone: 706-322-6226
bfinley@thefinleyfirm.com

Eric J. Haag (*pro hac vice*)
**ATTERBURY, KAMMER, & HAAG, S.C.**
8500 Greenway Boulevard, Suite 103
Middleton, Wisconsin  53562
Telephone: 608-821-4600
ehaag@wiscinjurylawyers.com

***Counsel for Plaintiffs and the Proposed Classes***

**ECF ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), the filing attorney attests that concurrence regarding the filing of this document has been obtained from the signatories above.


Date: July 30, 2019                                          */s/ Jennie Lee Anderson*
                                                             Jennie Lee Anderson

                                                             Jennie Lee Anderson (SBN 203586)
                                                             jennie@andrusanderson.com
                                                             Lori E. Andrus (SBN 205816)
                                                             lori@andrusanderson.com
                                                             **ANDRUS ANDERSON LLP**
                                                             155 Montgomery Street, Suite 900
                                                             San Francisco, CA 94104
                                                             Telephone:  (415) 986-1400
                                                             Facsimile:  (415) 986-1474

                                                             *Counsel for Plaintiffs and the Proposed Classes*