UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTEVILLE SLOAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS LLC,<br><br>Defendant. | Case No. 16-cv-07244-EMC<br><br>**ORDER DENYING PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PLAINTIFFS' CLASS CERTIFICATION MOTION AND EXHIBITS**<br><br>Docket No. 162 |

Plaintiffs have filed a motion related to the sealing of their Motion for Class Certification and certain exhibits pertaining thereto. Having reviewed the motion and accompanying exhibits, the Court hereby **DENIES** the motion and orders the parties to more narrowly tailor their request to comply with Civil Local Rule 79–5 and precedential law of the Ninth Circuit.

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents. . . . [And] unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014).

Pursuant to Civil Local Rule 79–5(b), "[a] sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . . The request must be narrowly tailored to seek sealing only of sealable material." Civ. Loc. R. 79–5(b). The intention behind the rule is that what is available to the public "has the minimum redactions necessary to protect sealable information." Comment. Civ. Loc. R. 79–5(b). Furthermore, "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. Loc. R. 79–5(d)(1)(A).

Plaintiffs have filed their Motion for Class Certification and nineteen exhibits comprising hundreds of pages of supporting documentation. Each document was requested sealed in its entirety. While the Court recognizes that sealing documents in their entirety may be appropriate in some circumstances—including for some of the documents at issue here—it finds the current request to file under seal to be far too broadly constructed. For instance, many pages of deposition transcripts and other exhibits discuss information that is widely available to the public, or at the very least not "privileged, protectable as a trade secret or otherwise entitled to protection." Civ. Loc. R. 79–5(b). Moreover, there is no basis for filing the entire Motion for Class Certification under seal.

Parties are ordered to meet and confer and agree upon a Motion to Seal that conforms with Civil Local Rule 79–5(b). Plaintiffs are ordered to re-file their Motion for Class Certification and exhibits within 21 days of the date of this order. The current motion and exhibits will remain under seal.

This order disposes of Docket No. 162.

**IT IS SO ORDERED**.

Dated: August 14, 2019

_____
EDWARD M. CHEN
United States District Judge