UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTEVILLE SLOAN, et al.,<br>Plaintiffs,<br>v.<br>GENERAL MOTORS LLC,<br>Defendant. | Case No. 16-cv-07244-EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION AND DISMISSING THE CLAIMS OF ADDITIONAL PLAINTIFFS**<br><br>Docket No. 221 |

## I. INTRODUCTION

Defendant General Motors ("GM" or "Defendant") moves the Court for reconsideration of its order from February 7, 2018, specifically on the question "whether the Court has personal jurisdiction over the five out-of-state plaintiffs added in the second amended complaint." Motion for Reconsideration ("Mot.") at 1, Docket No. 221. Those five out-of-state Plaintiffs are Illinois Plaintiffs Edwin and Katelyn Doepel, New York Plaintiff Dennis Vita, Oregon Plaintiff William Martell, and Washington Plaintiff Kelly Harris. *Id.* at 2. The motion stems from the Court's December 5, 2019 order, dismissing the claims of the Ohio Plaintiff for lack of personal jurisdiction. At the hearing regarding dismissal of those claims, the Court contemplated that, were it to conclude that it lacked personal jurisdiction as to the claims of the Ohio Plaintiff, it would likely need to reconsider personal jurisdiction as to the claims of the five plaintiffs added in the Second Amended Complaint. *See* Transcript of Proceedings from September 12, 2019 ("Transcript") at 17:1–16, Docket No. 197. GM now seeks reconsideration of that issue, in light of the Court's order from December 5, 2019.

## II. BACKGROUND

Plaintiffs filed a Second Amended Complaint ("SAC") in this case on August 31, 2017. *See* Docket No. 67. That SAC added five new Plaintiffs: Illinois Plaintiffs Edwin and Katelyn Doepel, New York Plaintiff Dennis Vita, Oregon Plaintiff William Martell, and Washington Plaintiff Kelly Harris. *Id*. GM filed a Motion to Dismiss the Second Amended Complaint, arguing—among other things—that the Court lacked personal jurisdiction over the claims of non-California Plaintiffs, including the newly added Plaintiffs from Illinois, New York, Oregon, and Washington. *See* Docket No. 70. On February 7, 2018, after extensive supplemental briefing, the Court issued an order granting in part and denying in part that motion. *See* Docket No. 99. In that order, the Court concluded that the existence of federal question jurisdiction precluded the application of *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017); the Court therefore found it proper to exercise pendent personal jurisdiction over the claims of the newly added non-California Plaintiffs. *Id.*

In July 2019, Plaintiffs filed a Fifth Amended Complaint, which added a Plaintiff from Ohio. *See* Docket No. 157. GM moved to dismiss the claims of the Ohio Plaintiff for lack of personal jurisdiction. *See* Docket No. 158. On December 5, 2019, the Court dismissed the claims of the Ohio Plaintiff on the grounds that it lacked personal jurisdiction over those claims. *See* Docket No. 195 ("5AC Order"). In so doing, the Court noted first that "there is no federal question furnishing federal question jurisdiction as it relates to Plaintiff Szep's claims." 5AC Order at 11. Federal question jurisdiction had not been pled by Plaintiffs, and the Ohio Plaintiff had no viable Magnuson Moss Warranty Act claim (which might otherwise furnish a basis for federal question jurisdiction). *Id.* Next, the Court observed that "nearly every court considering the issue has concluded pendent party jurisdiction cannot be exercised by a federal court sitting in diversity." *Id.* at 14. Because pendent party jurisdiction was the sole basis for personal jurisdiction advanced by Plaintiffs, the Court concluded that because it would be inappropriate to exercise pendent party jurisdiction, the Court lacked personal jurisdiction over the claims of the Ohio Plaintiff. *See id.* at 14–16.

1    As noted above, at the hearing regarding GM's Motion to Dismiss the claims of the Ohio Plaintiff, the Court contemplated the possibility that, should it conclude it lacked personal jurisdiction as to the claims of the Ohio Plaintiff, GM would likely request that the Court reconsider the existence of personal jurisdiction as to the claims of the five plaintiffs added in the Second Amended Complaint. *See* Transcript at 17:1–16. On December 23, 2019, GM filed such a motion. *See* Docket No. 200. On December 24, 2020, the Court granted GM's Motion for Leave to File a Motion for Reconsideration. *See* Docket No. 208. Also pending before the Court are Plaintiff's Motion for Class Certification, *see* Docket No. 175, Defendant's Motion for Partial Summary Judgment, *see* Docket No. 184, and Defendant's Motion to Exclude Certain Expert Testimony, *see* Docket No. 201.

### III.  DISCUSSION

Plaintiffs effectively concede that—in light of the Court's order dismissing the claims of the Ohio Plaintiff—the claims of Illinois Plaintiffs Edwin and Katelyn Doepel, Oregon Plaintiff William Martell, and Washington Plaintiff Kelly Harris should be dismissed for lack of personal jurisdiction.[1] *See* Plaintiffs' Opposition to General Motors' Motion for Reconsideration ("Opp.") at 1, 1 n.1, Docket No. 232. However, Plaintiffs contend that New York Plaintiff Dennis Vita has a valid claim under the Magnuson-Moss Warranty Act, which raises a federal question that "permits this Court to exercise pendent personal jurisdiction over Plaintiff Vita's claims notwithstanding *Bristol-Myers*." *Id.* at 1. Thus, Plaintiffs argue that "GM's Motion should, at minimum, be denied with respect to Plaintiff Vita." *Id.* at 3.

According to the MMWA statute, for cases filed in federal district courts where the action is a class action, no claim shall be cognizable if "the number of named plaintiffs is less than one

---

[1] Plaintiffs specifically state: "The other SAC Plaintiffs have also pled MMWA claims but only for the purpose of preserving them for appeal in light of this Court's previous orders dismissing their express and implied warranty claims. *See* Docket No. 157 at 63 nn.40–41, 189 n.45. Plaintiffs respectfully submit that, for the reasons discussed in Plaintiffs' briefing with respect to GM's motion to dismiss Mr. Szep's claims, this court nonetheless may exercise personal jurisdiction over these Plaintiffs' claims, *see* Docket Nos. 161, 179, but recognize that this Court has already ruled otherwise." Opp. at 1 n.1.

3

hundred." 15 U.S.C. § 2310(d). Plaintiffs here do not meet that requirement.[2]

To be sure, some courts interpreting this provision "have held that the requirement is satisfied when plaintiffs properly invoke jurisdiction under the Class Action Fairness Act ('CAFA'). These cases hold that where the party invoking federal jurisdiction is able to meet his or her burden of proving jurisdiction under CAFA, the absence of at least one hundred named plaintiffs does not prevent the plaintiff from asserting claims under the Magnuson–Moss Warranty Act." *Keegan v. Am. Honda Motor Co.*, 838 F. Supp. 2d 929, 954 (C.D. Cal. 2012); *see also Morgan v. Apple Inc.*, No. 17-CV-05277-RS, 2018 WL 2234537, at *8 (N.D. Cal. May 16, 2018) (citing *Keegan*, 838 F. Supp. 2d at 954) ("While Apple initially argues that plaintiffs' MMWA claims fail for the separate reason that they lack at least 100 named plaintiffs, the MMWA's requirements are satisfied as plaintiffs have invoked jurisdiction under the Class Action Fairness Act."). On the other hand, other courts have rejected that jurisdictional analysis. *See MacDougall v. Am. Honda Motor Co.*, No. SACV1701079AGDFMX, 2017 WL 8236359, at *4 (C.D. Cal. Dec. 4, 2017) ("Plaintiffs' argument that the Court can exercise jurisdiction over their Magnuson-Moss Act claim through CAFA is nonsensical. CAFA—a basis for federal courts to exercise jurisdiction over state law disputes between diverse parties—doesn't fill in the gaps for missing substantive requirements of a federal law."); *Floyd v. Am. Honda Motor Co.*, No. 2:17-CV-08744-SVW-AS, 2018 WL 6118582, at *3 (C.D. Cal. June 13, 2018) ("this Court declines to follow *Keegan* and similar cases and instead follows *MacDougall* in requiring Plaintiffs to meet the jurisdictional standards and pleading standards imposed by both CAFA and MMWA").

Irrespective of the divide on the general question of jurisdiction, Plaintiffs contend that his MMWA claim, asserted via CAFA jurisdiction, establishes the existence of *federal question* jurisdiction,[3] and that this permits pendent personal jurisdiction. Opp. at 5.

---

[2] Although Plaintiff Vita brings his MMWA count individually and on behalf of a class, Section 2310 provides: "No *claim* shall be cognizable in a *suit* brought [in federal district court] . . . if the *action* is brought as a class action, and the number of named plaintiffs is less than one hundred." 15 U.S.C. § 2310(d)(3) (emphasis added). Thus, it appears that whether the claim is cognizable turns on whether the suit is a class action; the suit herein is a class action.

[3] As the Court noted in its order dismissing the claims of the Ohio Plaintiff, claims brought under the Magnuson Moss Warranty Act confer federal question jurisdiction. *See* 5AC Order (citing

4

Plaintiffs' argument is unpersuasive. Plaintiffs have only pled diversity jurisdiction. This is consistent with the fact that CAFA constituted an expansion of diversity jurisdiction; it does not, on its own, purport to establish federal question jurisdiction. Indeed, several courts have recognized the distinction between diversity jurisdiction under CAFA and federal question jurisdiction furnished by MMWA claims. *See, e.g.*, *Chavis v. Fid. Warranty Servs., Inc.*, 415 F. Supp. 2d 620, 627 (D.S.C. 2006) (discussing the fact that "the Report and Recommendation acknowledges that where the *federal question jurisdictional requirements* in the M/M Act (15 U.S.C. § 2310(d)(3)(B)) are not satisfied, diversity jurisdiction as set forth in 28 U.S.C. § 1332 may still be appropriate to retain federal jurisdiction over Magnusson–Moss claims" (emphasis added)); *Haslam v. Lefta, Inc.*, No. 93 C 4311, 1994 WL 117463, at *2 (N.D. Ill. Mar. 25, 1994) ("For substantially the same reasons set forth in *Wetzel,* this Court finds that diversity jurisdiction is limited solely by the requirements set forth in § 1332, and not by the *federal question jurisdictional requirements* in the MMWA § 2310(d)(3)(B)." (emphasis added)). Consequently, even if Plaintiff Vita is able to assert a viable MMWA claim in this case by virtue of CAFA, that claim would not furnish federal question jurisdiction. Accordingly, it is not a basis, under current law, to distinguish *Bristol-Myers*.

### IV. CONCLUSION

Accordingly, the Court **GRANTS** Defendants' Motion for Reconsideration and **DISMISSES** the claims of Plaintiffs Edwin and Katelyn Doepel, Dennis Vita, William Martell, and Kelly Harris.

This order disposes of Docket No. 221.

**IT IS SO ORDERED**.

Dated: February 11, 2020

_____
EDWARD M. CHEN
United States District Judge

---

*Arutunian v. Mercedes-Benz USA, LLC*, No. CV186806DMGRAOX, 2018 WL 6617636, at *3 (C.D. Cal. Dec. 17, 2018) ("the Court has federal question jurisdiction over Plaintiff's MMWA claims"); *Luna v. BMW of N. Am., LLC*, No. 317CV02067BENKSC, 2018 WL 2328365, at *4 (S.D. Cal. May 22, 2018) ("the Court has federal question jurisdiction over the MMWA claim")).