Jennie Lee Anderson (SBN 203586)
Lori E. Andrus (SBN 205816)
**ANDRUS ANDERSON LLP**
155 Montgomery Street, Suite 900
San Francisco, California 94104
Telephone: 415-986-1400
jennie@andrusanderson.com
lori@andrusanderson.com

Adam J. Levitt (*pro hac vice*)
**DICELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Telephone: 312-214-7900
alevitt@dicellolevitt.com

W. Daniel "Dee" Miles, III (*pro hac vice*)
**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Montgomery, Alabama 36104
Telephone: 334-269-2343
Dee.Miles@beasleyallen.com

*Counsel for Plaintiffs and the Proposed Classes* (*additional counsel appear on signature page*)

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| RAUL SIQUEIROS, TODD AND JILL CRALLEY, LARRY GOODWIN, MARC PERKINS, THOMAS SHORTER, GABRIEL DEL VALLE, KEVIN HANNEKEN, EDWIN AND KATELYN DOEPEL, JAMES FAULKNER, JOSEPH OLIVIER, SCOTT SMITH, ROSS DAHL, DREW PETERSON, STEVE KITCHEN, BARBARA MOLINA, WILLIAM DAVIS, JR., MIKE WARPINSKI, JOHN GRAZIANO, JOSHUA BYRGE, RUDY SANCHEZ, CHRISTOPHER THACKER, JAMES ROBERTSON, and JONAS BEDNAREK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS LLC,<br><br>Defendant. | Case No.: 16-cv-07244-EMC<br><br>**PLAINTIFFS' RESPONSE TO GENERAL MOTORS LLC'S MOTION TO DISMISS COUNT ONE (MAGNUSON MOSS WARRANTY ACT)**<br><br>Judge: Hon. Edward J. Chen<br>Hearing Date: September 3, 2020<br>Time of Hearing: 2:30 p.m. |

Plaintiffs hereby respond to and oppose Defendant General Motors LLC's ("GM") Motion to Dismiss Count One (ECF No. 255). GM seeks dismissal of Plaintiffs' Magnuson-Moss Warranty Act ("MMWA") claims because, GM contends, that MMWA claims are not viable with less than 100 named plaintiffs. However, GM ignores the fact Plaintiffs may still proceed with their MMWA claims individually. For the reasons set forth below, Plaintiffs request that the Court deny GM's Motion and, instead, strike Count One's class allegations without prejudice and with leave to amend and replead the class allegations should the requisite number of plaintiffs assemble.

## LEGAL STANDARD

In ruling on a motion to dismiss, a court must "accept the plaintiff's allegations as true and view them in the light most favorable to her." *Soo Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017).

## ARGUMENT

On July 28, 2020, the Ninth Circuit held, for the first time, that the Class Action Fairness Act ("CAFA") "may not be used to evade or override" the MMWA jurisdictional requirements for class actions. *Floyd v. Am. Honda Motor Co.*, No. 18-55957, 2020 WL 4331769, at *6 (9th Cir. July 28, 2020) ("CAFA may not be used to evade or override the MMWA's specific numerosity requirement . . . ."). Plaintiffs concede Count One cannot be maintained on a class basis following *Floyd*, since there are currently less than 100 named plaintiffs. But dismissal is not appropriate because Plaintiffs still have viable individual MMWA claims.

"MMWA claims survive or fail with the Court's decisions regarding the implied warranty claims . . . ." (ECF No. 237 at 57). This Court already determined a reasonable jury could find that GM breached its implied warranty of merchantability, and therefore also violated the MMWA. (*Id*. at 49-57). Moreover, for this Court to assert jurisdiction over an individual claim under the MMWA, the amount in controversy need only be $25. 15 U.S.C. § 2310(d)(3)(A). As this Court has recognized, Plaintiffs have put forth a cost of repair damages model that calculates damages at $2,700 per plaintiff. (ECF No. 237 at 82-85). Therefore, the Court has jurisdiction over Plaintiffs' individual MMWA claims. Count One should not be dismissed, but, in light of *Floyd*, Plaintiffs concede that it is appropriate to strike Count One's class allegations without prejudice and with leave to amend and replead the class allegations should the requisite number of plaintiffs assemble.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court deny GM's Motion.

Dated: August 13, 2020

/s/ Adam J. Levitt
Adam J. Levitt (*pro hac vice*)
John E. Tangren (*pro hac vice*)
Daniel R. Ferri (*pro hac vice*)
**DICELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois  60602
Telephone:  312-214-7900
alevitt@dicellolevitt.com
jtangren@dicellolevitt.com
dferri@dicellolevitt.com

W. Daniel "Dee" Miles, III (*pro hac vice*)
H. Clay Barnett, III (*pro hac vice*)
J. Mitch Williams (*pro hac vice*)
**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Montgomery, Alabama 36104
Telephone: 334-269-2343
Dee.Miles@beasleyallen.com
Clay.Barnett@beasleyallen.com
Mitch.Williams@beasleyallen.com

Jennie Lee Anderson (SBN 203586)
Lori E. Andrus (SBN 205816)
**ANDRUS ANDERSON LLP**
155 Montgomery Street, Suite 900
San Francisco, California 94104
Telephone:  415-986-1400
jennie@andrusanderson.com
lori@andrusanderson.com

Christopher L. Coffin (*pro hac vice*)
**PENDLEY, BAUDIN & COFFIN, L.L.P.**
1515 Poydras Street, Suite 1400
New Orleans, Louisiana 70112
Telephone:  504-355-0086
nrockforte@pbclawfirm.com
ccoffin@pbclawfirm.com

Marcus Rael (*pro hac vice*)
**ROBLES, RAEL & ANAYA, P.C.**
500 Marquette NW, Suite 700
Albuquerque, New Mexico 87102
Telephone:  505-242-2228
marcus@roblesrael.com

Anthony J. Garcia, Esq. (*pro hac vice*)
**AG LAW**
742 South Village Circle
Tampa, Florida 33606
Telephone:  813-259-9555
anthony@aglawinc.com

Timothy J. Becker (*pro hac vice*)
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
St. Paul, Minnesota 55101
Telephone: 612-436-1800
tbecker@johnsonbecker.com

Ben Finley (*pro hac vice* motion to be filed)
**THE FINLEY FIRM, P.C.**200 13th Street
Columbus, Georgia 31901
Telephone: 706-322-6226
bfinley@thefinleyfirm.com

Eric J. Haag (*pro hac vice*)
**ATTERBURY, KAMMER, & HAAG, S.C.**
8500 Greenway Boulevard, Suite 103
Middleton, Wisconsin 53562
Telephone: 608-821-4600
ehaag@wiscinjurylawyers.com

*Counsel for Plaintiffs and the Proposed Classes*

## ECF CERTIFICATION

Pursuant to Civil L.R. 5-1(i)(3), the filing attorney attests that he has obtained concurrence regarding the filing of this document from the signatories to the document.

Date: August 13, 2020

By: /s/ *H. Clay Barnett, III*
H. Clay Barnett, III