1  Jennie Lee Anderson (SBN 203586)
2  Lori E. Andrus (SBN 205816)
   **ANDRUS ANDERSON LLP**
3  155 Montgomery Street, Suite 900
   San Francisco, California  94104
4  Telephone:  415-986-1400
   jennie@andrusanderson.com
5  lori@andrusanderson.com

Adam J. Levitt (*pro hac vice*)
**DICELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois  60602
Telephone: 312-214-7900
alevitt@dicellolevitt.com

W. Daniel "Dee" Miles, III (*pro hac vice*)
**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Montgomery, Alabama 36104
Telephone:  334-269-2343
Dee.Miles@beasleyallen.com

*Counsel for Plaintiffs and the Proposed Classes* (*additional counsel appear on signature page*)

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

RAUL SIQUEIROS, TODD AND JILL CRALLEY,
LARRY GOODWIN, GABRIEL DEL VALLE,
SCOTT SMITH, WILLIAM DAVIS, JR., JOHN
GRAZIANO, JOSHUA BYRGE, RUDY
SANCHEZ, and MANUEL FERNANDEZ,
individually and on behalf of all others similarly
situated,

       Plaintiffs,

       v.

GENERAL MOTORS LLC,

       Defendant.

Case No.:  16-cv-07244-EMC

**PLAINTIFFS' OPPOSITION TO GENERAL
MOTORS' MOTION TO DECERTIFY ALL
CLASSES**

Judge:  Hon. Edward J. Chen

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INTRODUCTION

The five years of this litigation may have presented several close questions of law; Article III standing is not one of them. As this Court has already found on multiple occasions, "each of the putative class members who purchased a Class Vehicle has standing to receive damages because the alleged defect caused them to overpay for their vehicles." *Siqueiros v. General Motors LLC*, 2021 WL 2115400, at *19 (N.D. Cal. May 25, 2021). Far from calling this conclusion into doubt, the Supreme Court's recent decision in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (U.S. 2021) affirms it. "If a defendant has caused physical or monetary injury to the plaintiff, the plaintiff has suffered a concrete injury in fact under Article III." *TransUnion*, 141 S. Ct. at 2204. This should be the end of the analysis.

GM's latest Motion to Decertify All Classes (Docket No. 347) ("Motion" or "Mot.") fails to raise even a colorable argument to decertify the classes.  It only retreads the same manifestation arguments that are squarely at odds with the law of the case and Ninth Circuit (and now Supreme Court) precedent. It should be summarily denied.

## PROCEDURAL BACKGROUND

GM's Motion is the third in a series of attempts to challenge Plaintiffs' Article III standing, the first two having both been rejected by this Court.  In its ruling on GM's first motion to dismiss, this Court noted that "[t]he Ninth Circuit has held that overpayment itself is 'injury in fact' under Article III," *Sloan v. Gen. Motors LLC* ("*Sloan I*"), 2017 WL 3283998, at *4 (N.D. Cal. Aug. 1, 2017) (discussing *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012)), and held that "in this case Plaintiffs' claims of overpayment for a defective product due to GM's fraudulent omissions constitute an injury in fact," *Id.*

In opposing Plaintiffs' second motion for class certification, GM again challenged the Article III standing of the proposed class members. This Court rejected GM's argument for a second time, stating:

> Plaintiffs allege that the defective piston rings—which are allegedly present in every Class Vehicle—diminish the value of the Class Vehicles, regardless of whether they actually cause excessive oil consumption. This Court already held that this diminution in value "itself is 'injury in fact' under Article III." In other words, "Plaintiffs' claims of overpayment for a defective product due to GM's fraudulent omissions constitute an injury in fact." ***Plaintiffs have therefore already demonstrated***— assuming the case reaches the damages stage—that ***each of the putative class members who purchased a Class Vehicle has standing*** to receive damages ***because the alleged defect caused them to overpay*** for their vehicles.

*Siqueiros*, 2021 WL 2115400, at *19 (citations omitted and emphasis added). At this stage of the litigation, Plaintiffs have not only alleged that they and the other class members had overpaid for their Class Vehicles, but have also submitted expert testimony assessing this overpayment and its classwide impact using a "benefit-of-the-bargain" damages model. *Sloan v. General Motors LLC* ("*Sloan III*"), 2020 WL 1955643, at *47 (N.D. Cal. Apr. 23, 2020). This Court has further concluded that Plaintiffs' damages showing presents "a classwide issue." *Id.* at *48.

## LEGAL STANDARD

In *In re MyFord Touch Consumer Litigation*, this Court explained that the issue of which party bears the burden on a motion to decertify remains unresolved. 2018 WL 3646895, at *1 (N.D. Cal. Aug. 1, 2018). The Court noted, however, that district courts have "impose[d] the burden on a defendant to show that decertification is warranted because 'decertification and modification should theoretically only take place after some change, unforeseen at the time of the class certification, that makes alteration of the initial certification decision necessary.'" *Id.* (quoting *In re Apple iPod Antitrust Litig.*, 2014 WL 6783763, at *5 (N.D. Cal. Nov. 25, 2014)). This is particularly so where, as here, "the initial certification decision was carefully considered and made after certification-related discovery." *Day v. Celadon Trucking Servs.*, 827 F.3d 817, 832 (6th Cir. 2016), cited in *MyFord Touch*, 2018 WL 3646895, at *1.

## ARGUMENT

GM's latest bid to challenge Article III standing should again be rejected. Nothing in *TransUnion* changes the well-settled law establishing standing for the economic injuries suffered by the class members; indeed, *TransUnion* upholds this basic understanding of Article III. The Court started off its analysis of Article III standing by contrasting the "reputational harms" that the class members allegedly suffered from inaccurate credit reporting practices[1] with other types of concrete harms that have always been "recognized as providing a basis for a lawsuit." *TransUnion*, 141 S. Ct. at 2204. "[C]ertain harms readily qualify as concrete injuries under Article III. The most obvious are traditional tangible harms, such as physical harms and ***monetary harms***. If a defendant has caused physical or ***monetary injury*** to

---

[1] The *TransUnion* Court's holding that certain class members did not have Article III standing was limited only to those members who were unable to show even a concrete form of reputational harm. 141 S. Ct. at 2212. There was no allegation that any of those class members had suffered monetary harm.

1    the plaintiff, the plaintiff has suffered a concrete injury in fact under Article III." *TransUnion*, 141 S. Ct.

2    at 2204 (emphasis added). Under this reasoning, the monetary harm for which Plaintiffs and the other

3    class members seek redress in this litigation squarely falls within the traditional, concrete harms that

4    "readily qualify" for Article III standing.

5          The *TransUnion* Court's recognition of monetary harm as bestowing Article III standing confirms

6    that this Court's standing decisions are correct. This Court has similarly, and consistently, held that

7    Plaintiffs and the other class members' alleged overpayments for their Class Vehicles establishes

8    standing. [2] *Siqueiros*, 2021 WL 2115400, at *19 (holding that "each of the putative class members…has

9    standing…because the alleged defect caused them to overpay for their vehicles"); *Sloan I*, 2017 WL

10   3283998, at *4 ("Plaintiffs' claims of overpayment for a defective product due to GM's fraudulent

11   omissions constitute an injury in fact."); *see also In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales

12   Practices, & Prod. Liab. Litig.*, 295 F. Supp. 3d 927, 948-49 (N.D. Cal. 2018) (Chen, J.) ("Allegations

13   of overpayment based on a defendant's failure to disclose a product's limitations are clearly sufficient to

14   satisfy Article III's injury-in-fact requirement." These rulings are grounded in a long line of Ninth Circuit

15   cases holding that overpayment for a product is a monetary harm that grants standing.  *See, e.g.*, *Murphy

16   v. Best Buy Stores LP*, 690 F. App'x 553, 554-555 (9th Cir. 2017) (testimony that plaintiff "would not

17   have paid money for" a defective product was sufficient to create an issue of fact regarding standing);

18   *Galope v. Deutsche Bank Nat'l Trust Co.*, 566 F. App'x 552, 552 (9th Cir. 2014) ("Article III standing

19   exists when a plaintiff purchases a product she would not have otherwise purchased but for the alleged

20   misconduct of the defendant."); *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 595 (9th Cir. 2012)

21   (finding Article III standing where "class members paid more for [a product] than they otherwise would

22   have paid"); *Maya v. Centex Corp.*, 658 F.3d 1060, 1069 (9th Cir. 2011) ("Plaintiffs claim that…they

23

24   _____

25   [2] That each class member paid this overpayment, as substantiated by Plaintiffs' damages model,
     distinguishes this case from those relied on by GM. In *Olean Wholesale Grocery Coop., Inc. v. Bumble
26   Bee Foods LLC*, 993 F.3d 774 (9th Cir. 2021), it was Plaintiffs' own damages model that was potentially
     unable to demonstrate economic injury to a portion of the class. *Id.* at 791-792. In *Trevino v. Golden
27   State FC LLC*, No. 18-cv-00120, 2021 WL 2328414 (E.D. Cal. June 8, 2021), many class members were
     unable to show that their unpaid time was more than "de mininis." *Id.* at *15. Similarly, in *Williams v.
28   Apple, Inc.*, 2021 WL 2186223 (N.D. Cal. May 28, 2021), many class members were unable to show that
     Apple engaged in the complained-of conduct with respect to their own data. *Id.* at *9.

paid more for their homes than the homes were worth at the time of sale.…We agree with plaintiffs that these are actual and concrete economic injuries."). *TransUnion*'s holdings regarding standing for reputational harm neither affects this long-standing precedent regarding standing for monetary harms nor this Court's application of this precedent to find Article III standing here for each class member.

Against this backdrop of Article III doctrine, GM's arguments concerning the purported rate of excessive oil consumption within the class (*see* Mot. at 5-6) are simply immaterial.[3] The relevant injury is not excessive oil consumption that has already manifested to the point that the class member has needed a repair – it is the "diminution in value" that "itself is 'injury in fact' under Article III." *Siqueiros*, 2021 WL 2115400, at *19 (quoting *Sloan I*, 2017 WL 3283998, at *4). GM's Motion largely fails to acknowledge this distinction, except to misleadingly argue that "Plaintiffs' claim that all class members "overpaid" for their vehicles does not excuse their affirmative obligation to demonstrate that the purported defect actually materialized in each and every class member's vehicle." (Mot. at 6.) Each class member suffered this diminution in value in the form of an overpayment at the point of purchase, and it is not contingent upon later manifestation. Putting aside what substantive state law might require,[4] Article III imposes no "affirmative obligation" for a class member to prove physical harm on top of the economic harm they have already suffered. *See Aberin v. Am. Honda Motor Co.*, 2021 WL 1320773, at *6 (N.D. Cal. Mar. 23, 2021) ("Overpayment injury is sufficient to establish Article III standing.…Plaintiffs need not show that the alleged defect manifested before they can bring a claim."); *In re Gen. Motors LLC CP4 Fuel Pump Litig.*, 393 F. Supp. 3d 871, 884 (N.D. Cal. 2019) (rejecting GM's argument that "Plaintiffs lack Article III standing because they do not allege that their vehicles have experienced a defect and therefore have not suffered an injury-in-fact" and holding "[b]ecause here, all Plaintiffs allege that they would have paid far less – or would not have bought their vehicles at all – had they known of the fuel

---

[3] Furthermore, GM's brief again overlooks the testimony from Plaintiffs' experts Werner Dahm and Jeffrey Ball that the Oil Consumption Defect has caused excessive piston ring wear in *all* of the Class Vehicles, even if many class members have not personally observed such damage or sought repair. *See* Docket No. 310, Pls.' Reply in Support of 2nd Class Certification Mot., at 2-3; *see also Sloan III*, 2020 WL 1955643, at *41-42 (concluding that the "answer to the question of whether the piston rings used by GM in the class vehicles were defective" may be "classwide").

[4] For the reasons stated in their opposition to GM's motion to decertify the Texas and North Carolina classes, Texas and North Carolina do not impose a manifestation requirement. *See* Docket No. 329.

pump defect, all Plaintiffs have adequately alleged injury-in-fact for standing purposes"). Indeed, it is GM that should not be excused from its obligation to compensate class members for the monetary harm caused by its failure to provide the bargained-for vehicle.[5]

## CONCLUSION

For the foregoing reasons, GM's Motion should be denied.

Dated: July 29, 2021

/s/ Adam J. Levitt
Adam J. Levitt (*pro hac vice*)
John E. Tangren (*pro hac vice*)
Daniel R. Ferri (*pro hac vice*)
**DICELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois  60602
Telephone:  312-214-7900
alevitt@dicellolevitt.com
jtangren@dicellolevitt.com
dferri@dicellolevitt.com

W. Daniel "Dee" Miles, III (*pro hac vice*)
H. Clay Barnett, III (*pro hac vice*)
J. Mitch Williams (*pro hac vice*
**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Montgomery, Alabama  36104
Telephone: 334-269-2343
Dee.Miles@Beasleyallen.com
Clay.Barnett@BeasleyAllen.com
mitch. williams@Beasleyallen.com

Jennie Lee Anderson (SBN 203586)
Lori E. Andrus (SBN 205816)
**ANDRUS ANDERSON LLP**
155 Montgomery Street, Suite 900
San Francisco, California  94104
Telephone:  415-986-1400
jennie@andrusanderson.com
lori@andrusanderson.com

*Counsel for Plaintiffs and the Classes*

---

[5] In *In re Toyota Motor Corp. Hybrid Brake Marketing, Sales Practices & Products Liability Litigation*, 915 F. Supp. 2d 1151 (C.D. Cal. 2013), by contrast, the plaintiff received a software update that restored the vehicle to the bargained-for condition. *Id.* at 1157, 1159 (finding that, after the software update was installed, the plaintiff "received precisely what he bargained for").

## **ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), the filing attorney attests that concurrence regarding the filing of this document has been obtained from the signatory above.

Date: July 29, 2021

*/s/ Jennie Lee Anderson*
Jennie Lee Anderson

Jennie Lee Anderson (SBN 203586)
jennie@andrusanderson.com
Lori E. Andrus (SBN 205816)
lori@andrusanderson.com
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone:  (415) 986-1400
Facsimile:  (415) 986-1474

***Counsel for Plaintiffs and the Proposed Classes***