UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL SIQUEIROS, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS LLC,<br><br>  Defendant. | Case No. 16-cv-07244-EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR RECONSIDERATION**<br><br>Docket No. 324 |

Pending before the Court is Defendant General Motors LLC's ("GM's") motion for reconsideration. *See* Docket No. 324 ("Mot."). For the following reasons, the motion is **GRANTED in part** and **DENIED in part**.

In its May 25, 2021 order, the Court held that *immediate* or *direct* privity of contract is *not* required to bring a claim under the Idaho Consumer Protection Act (ICPA). *See* Docket No. 320 ("Order") at 9. Instead, Idaho Plaintiffs need only show that their ICPA claims are "founded on *a* contract, not that the contract must be one entered into *directly* by the plaintiff and the defendant [*i.e.*, GM]." *Id.* (emphases added) (citing *In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Pracs., & Prod. Liab. Litig.* ("*FCA*"), 295 F. Supp. 3d 927, 1022 (N.D. Cal. 2018) and *Taylor v. McNichols*, 243 P.3d 642, 662 (Idaho 2010)). The Court then certified the ICPA claim for class-wide adjudication. *Id.* at 37–38.

GM asks for leave to file a motion to urge the Court to reconsider its certification of the ICPA claim because "the Court did not consider whether plaintiffs could establish privity by class-wide evidence common to all class members, including those who acquired used vehicles from third-parties and non-GM dealerships, and did not address GM's uncontroverted evidence that the

1  majority of Idaho class members did not purchase *new* vehicles from GM-authorized dealerships."

2  Mot. at 2 (emphases added).  The Court agrees to the extent that the Idaho class cannot include

3  individuals who purchased their vehicles from third parties who are unaffiliated with GM.[1]  *See*

4  *Taylor*, 243 P.3d at 662.  The Court held that the ICPA only requires *indirect* privity between the

5  Idaho Plaintiffs and GM; thus, Plaintiffs who purchased their vehicle from a GM-authorized

6  dealer have standing to sue.  *See* Order at 9.  Plaintiffs who purchased their vehicle from third

7  parties and who do not have indirect privity with GM (through a GM-authorized dealer) do not

8  have standing.  *Id.*  Here, Idaho Plaintiff Gabriel Del Valle has standing because he testified that

9  he purchased his vehicle from "Meridian Chevrolet just outside of Boise, Idaho," which is a GM-

10 authorized dealer.  *See* Docket 293-5 ("Del Valle Dep. Tr.") at 17:14-16, 38:9- 13.

11  Plaintiffs argue that this Court's decisions in *FCA*, 295 F. Supp. 3d at 1022, and *In re*

12 *Toyota RAV4 Hybrid Fuel Tank Litig.* ("*Rav4*"), No. 20-cv-00337, 2021 WL 1338949, at *25-26

13 (N.D. Cal. Apr. 16, 2021), stand for the proposition that *any* contractual transaction to purchase a

14 Class Vehicle is sufficient to show privity.  However, the plaintiffs in those cases—like Mr. Del

15 Valle here—purchased their vehicles from Chrysler-authorized and Toyota-authorized dealers, not

16 from third parties entirely unrelated to those defendants.  *See FCA*, 295 F. Supp. 3d at 1022; *Rav4*,

17 2021 WL 1338949, at *25–*26.  Therefore, the result under the facts of those cases is not

18 inconsistent with the  holding here that Idaho Plaintiffs—including unnamed class members—

19 must show that they have *indirect* privity with GM.  To hold that the Idaho Plaintiffs can sue GM

20 under the ICPA if they entered into *any* contract with *anyone* to purchase their vehicles, regardless

21 of whether the transaction had any connection whatsoever with GM, would eliminate the

22 substantive privity requirement under Idaho state law altogether.  After all, in nearly every

23 instance (with the exception *e.g.* of gifts and inheritances), acquisition of a vehicle involves some

24 contract whether express or implied.

25  That being said, the ICPA claim is still suitable for class-wide adjudication because the

---

[1] The Court does not agree with GM that only individuals who purchased *new* Class Vehicles from GM-authorized dealerships have privity of contract with GM.  For example, individuals who purchased used Class Vehicles from GM-authorized dealers during the class period could still be part of the class.

class definition can be narrowed to include only putative class members who purchased Class Vehicles from a GM-authorized dealer. Accordingly, the Court amends the definition of the Idaho Class as follows (additions in italics and underlined):

> **1. Idaho Class.** All current owners or lessees of a Class Vehicle that was purchased or leased in the State of Idaho *from a GM-authorized dealer*. The Court certifies the claims of the Idaho Class for violation of the Idaho Consumer Protection Act, Idaho Code Ann. §§ 48-601–48-619. The Court appoints Gabriel Del Valle as the class representative for the Idaho Class.

Accordingly, GM's motion for leave to file a motion for reconsideration is **GRANTED in part** and **DENIED in part**. To the extent the prior Order suffered from any ambiguity, this order serves to clarify such ambiguity.

This order disposes of Document No. 324.

**IT IS SO ORDERED**.

Dated: August 2, 2021

_____
EDWARD M. CHEN
United States District Judge