Jennie Lee Anderson (SBN 203586)
Lori E. Andrus (SBN 205816)
**ANDRUS ANDERSON LLP**
155 Montgomery Street, Suite 900
San Francisco, California  94104
Telephone:  415-986-1400
jennie@andrusanderson.com
lori@andrusanderson.com

Adam J. Levitt (*pro hac vice*)
**DICELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois  60602
Telephone: 312-214-7900
alevitt@dicellolevitt.com

W. Daniel "Dee" Miles, III (*pro hac vice*)
**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
218 Commerce Street
Montgomery, Alabama  36104
Telephone:  334-269-2343
Dee.Miles@beasleyallen.com

*Counsel for Plaintiffs and the Proposed Classes* (*additional counsel appear on signature page*)

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| RAUL SIQUEIROS, TODD AND JILL CRALLEY, LARRY GOODWIN, GABRIEL DEL VALLE, SCOTT SMITH, WILLIAM DAVIS, JR., JOHN GRAZIANO, JOSHUA BYRGE, RUDY SANCHEZ, and MANUEL FERNANDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS LLC,<br><br>Defendant. | Case No.:  16-cv-07244-EMC<br><br>**PLAINTIFFS' MOTION FOR INTERVENTION AND SUBSTITUTION**<br><br>Judge:  Hon. Edward J. Chen<br>Hearing Date:  June 23, 2022<br>Time of Hearing:  1:30 p.m. |

**PLEASE TAKE NOTICE** that on June 23, 2022, at 1:30 p.m., or as soon thereafter as counsel may be heard, in the United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Avenue, Courtroom 5, before the Honorable Edward M. Chen, counsel for the above-captioned Plaintiffs will move for an order granting leave for Garet Tarvin and Carlos Gamez to intervene in this suit and appointing Mr. Tarvin and Mr. Gamez as the substitute class representatives for the California Class.

## INTRODUCTION

The Court certified a California Class for the purpose of adjudicating the claim that Defendant General Motors LLC's ("GM") breached the Song-Beverly implied warranty by selling vehicles that consume an excessive and damaging quantity of oil (the "Oil Consumption Defect"). (Order Granting in Part Plaintiffs' Motion for Class Certification, Dkt. No. 237.) The Court defined the California Class as: "All current owners or lessees of a Class Vehicle that was purchased or leased in the State of California." (*Id.*) After GM later argued that only purchasers of new vehicles had viable Song-Beverly implied warranty claims, the Court narrowed the California Class to "All current owners or lessees of a Class Vehicle who purchased or leased the vehicle in new condition in the State of California." (Dkt. No. 288.) This is the current California Class definition.

In defining the California Class as being limited to "*current* owners and lessees," the Court rejected Plaintiffs' proposed definition, which encompassed "current and *former* owners." (Dkt. No. 237.) Plaintiffs respectfully contend that the narrowing of the Class definition, such that it encompasses only current owners, was a mistake. Plaintiffs, accordingly, intend to file a motion to alter the class definition to includes both current and former owners, as originally proposed. For now, however, the California Class Definition is limited to current owners; and this necessitates the instant motion.

Current California class representative Manuel Fernandez recently traded in his Class Vehicle. Accordingly, he is no longer a current owner of a Class Vehicle, and no longer a Class member, as the Class is currently defined. Other current owners of Class Vehicles, however, have volunteered to step up and help push this case to the finish line so that the thousands of California Class Vehicle owners that have dealt with, supposedly long-lasting and reliable vehicles, suffering performance issues from the vehicles' extraordinary oil burn.

Proposed intervenor Garet Tarvin is the current owner of a 2012 GMC Sierra, a Class Vehicle,[1] who purchased his vehicle in new condition.  Proposed intervenor Carlos Gamez is the current owner of a 2011 GMC Sierra, a Class Vehicle, who purchased his vehicle in new condition.  Accordingly, Mr. Tarvin and Mr. Gamez are members of the California Class with implied warranty claims against GM for the sale of a vehicle with the Oil Consumption Defect.  They have an interest in property, and in transactions, that are the subject of this action, and they are entitled to intervene under Federal Rule of Civil Procedure 24.  If both Mr. Tarvin and Mr. Gamez are not allowed to intervene, the California Class could be left without any class representative to represent the rights the other California Class members.  The hard work of achieving class certification so that California consumers who purchased vehicles with the Oil Consumption Defect have any chance of recovery could be for naught.  As the Court previously recognized when permitting Mr. Fernandez to intervene, "the unnamed California Class members' interests would be significantly prejudiced" without intervention of substitute class representatives.  (Dkt. No. 278 at 15.)  Mr. Tarvin and Mr. Gamez should be allowed to intervene and, consistent with courts' widespread approval of substituting the named representatives of certified classes, should be appointed as the substitute California Class representatives.

## STATEMENT OF FACTS

On April 23, 2020, after years of litigation, the Court certified a California Class's claims against GM for violation of the Song-Beverly Consumer Warranty Act for breach of implied warranty.  (Dkt. No. 237 at 91.)  The Court defined the California Class as: "All current owners or lessees of a Class Vehicle that was purchased or leased in the State of California."  (*Id.*)  Mr. Fernandez is the sole class representative for the California Class. Mr. Fernandez has traded in his Class Vehicle in connection with the purchase of a new vehicle.  Mr. Fernandez is thus no longer a *current owner* of a Class Vehicle, and thus no longer a member of the California Class.

Proposed intervenors Garet Tarvin and Carlos Gamez are California Class members who desire to intervene and advance the California Class's claims.  Mr. Tarvin currently owns a 2012 GMC Sierra

---

[1] The Court defined Class Vehicles as: "2011-2014 Chevrolet Avalanches; 2011-2014 Chevrolet Silverados; 2011-2014 Chevrolet Suburbans; 2011-2014 Chevrolet Tahoes; 2011-2014 GMC Sierras; 2011-2014 GMC Yukons; and the 2011-2014 GMC Yukon XLs with LC9 engines (whether purchased new or used) and manufactured on or after February 10, 2011 (the date upon which the redesigned rocker cover was incorporated into vehicle production)." (*Id.*)

with an LC9 engine, which GM manufactured after February 10, 2011. (Ex. A, Tarvin Decl. ¶ 3.) Mr. Gamez also currently owns a 2011 GMC Sierra with an LC9 engine, which GM manufactured after February 10, 2011. (Ex. B, Gamez Decl. 3.) Both Mr. Tarvin and Mr. Gamez purchased their vehicles new. (Ex. A, Tarvin Decl. ¶ 2; Ex. B, Gamez Decl. ¶ 2.) Moreover, while these facts are not required for the purpose of being a California Class member, Mr. Tarvin's and Mr. Gamez's vehicle have, relatively early in the warranty period, experienced excessive oil consumption. (Ex. A, Tarvin Decl. ¶ 8; Ex. B, Gamez Decl. ¶ 6.) They have no conflicts of interest with other California Class members and will vigorously continue the prosecution of this action on behalf of the California Class. (Ex. A, Tarvin Decl. ¶ 9; Ex. B, Gamez Decl. ¶ 7.)

**ARGUMENT**

After years of litigation, the Court certified the California Class, recognizing that class litigation is a superior method of resolving the California Class's implied warranty claims against GM. (Dkt. No. 237.) When an appointed class representative, like Mr. Fernandez, is no longer able to advance the interests of a certified class, courts, including the Court here, have long recognized that the appropriate course of action is to allow for the substitution of a new class representative. (See Dkt. No. 278 at 13-15.) As California Class members who easily satisfy the Fed. R. Civ. P. 24 intervention requirements, Mr. Tarvin and Mr. Gamez should be permitted to intervene in this action and serve as California Class representative.

**I.     Mr. Tarvin and Mr. Gamez Are Entitled to Intervene as a Matter of Right.**

Under Fed. R. Civ. P. 24(a)(2), a district court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." For intervention as a matter of right, the Ninth Circuit requires that: "(1) [the applicant] has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *Perry v. Schwarzenegger*, 630 F.3d 898, 903 (9th Cir. 2011) (internal quotation marks omitted). In deciding whether a person has the

right to intervene into an action, a court should be "guided primarily by practical and equitable considerations" and should "interpret the requirements of [Rule 24(a)(2)] broadly in favor of intervention." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).

Mr. Tarvin and Mr. Gamez satisfy the requirements for intervention as a matter of right. First, they each have a significant protectable interest relating to property, and a transaction, that is the subject of this action.[2] They are members of the California Class, the owners of Class Vehicles, and have Song-Beverly Consumer Warranty Act breach of implied warranty claims against GM that arise from their purchase of Class Vehicles with the Oil Consumption Defect. (*See* Ex. A, Tarvin Decl; Dkt. No. 286, Seventh Am. Compl.; Dkt. No. 237, Class Cert. Order.)

Second, the disposition of this action, and the California Class' claims, may impair Mr. Tarvin's and Mr. Gamez's ability to protect their interests. If the California Class loses on the merits on the breach of implied warranty claim, Mr. Tarvin and Mr. Gamez, as California Class members, will be bound by that adverse judgment. Fed. R. Civ. P. 23(c)(3). Additionally, if the California Class is decertified, Mr. Tarvin and Mr. Gamez, as a practical matter, are likely to lose a protectable interest in their breach of implied warranty claims because, as stated in Plaintiffs' Motions for Class Certification, the potential recovery for any individual plaintiff is unlikely to justify the cost of litigation against GM. (Dkt. No. 175 at 22-23; Dkt. No. 287 at 20-21.)

Third, Mr. Tarvin's and Mr. Gamez's intervention is timely. In determining whether a motion to intervene is timely, courts consider "(1) the stage of the proceedings; (2) whether the parties would be prejudiced; and (3) the reason for any delay in moving to intervene." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836–37 (9th Cir. 1996). Mr. Tarvin and Mr. Gamez have not delayed in moving to intervene. The California Class has, heretofore, had adequate class representatives and Mr. Tarvin's and Mr. Gamez's intervention was neither necessary nor warranted. They have acted promptly in light of Mr. Fernandez's decision to trade-in his vehicle. There will be no prejudice to GM, as GM has ample time to conduct discovery with respect to Mr. Tarvin in advance of the August 8, 2022 trial. (*See* Dkt. No. 356.)

---

[2] An applicant has a "significant protectable interest" in an action if "(1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." *Donnelly*, 159 F.3d at 409.

Finally, the existing parties are unlikely to adequately represent Mr. Tarvin's and Mr. Gamez's interests. With Mr. Fernandez selling his vehicle in April 2022, there is no longer a named plaintiff in this action that is a California resident and able to serve as a California Class representative. The California Class needs Mr. Tarvin or Mr. Gamez to represent its members' interests. Mr. Tarvin and Mr. Gamez are entitled to intervene as a matter of right. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 594 (2013) ("[M]embers of a class have a right to intervene if their interests are not adequately represented by existing parties.") (quoting 5 Alba Conte & Herbert Newberg, Newberg on Class Actions § 16:7, at 154 (4th ed. 2002)).

## II. Alternatively, Mr. Tarvin and Mr. Gamez Should Be Permitted to Intervene.

Fed. R. Civ. P. 24(b)(2) allows for permissive intervention. For permissive intervention, an applicant must show that: (1) [his claim or defense] shares a common question of law or fact with the main action; (2) [his] motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). "Permissive intervention is committed to the broad discretion of the district court . . . ." *Orange Cty. v. Air Cal.*, 799 F.2d 535, 539 (9th Cir. 1986). Mr. Tarvin's and Mr. Gamez's implied warranty claims arising from their purchase of GMC Sierras with the Oil Consumption Defect share common questions of both law and fact with the claims of not only the other certified California Class members, but also with the implied warranty claims of all of the plaintiffs in this action who allege that GM breached an implied warranty by selling vehicles with the Oil Consumption Defect. (*See generally* Dkt. No. 286, Seventh Am. Compl.) Further, and as discussed above, at Section I, Mr. Tarvin's and Mr. Gamez's motion for intervention is timely. Finally, the court has jurisdiction over their claims under 28 U.S.C. § 1332(d) because the amount in controversy for the Class exceeds $5,000,000 and Mr. Tarvin, Mr. Gamez and other members of the California Class are citizens of a different state than Defendant. For the same reasons that the Court previously granted Mr. Fernandez's permissive intervention (Dkt. No. 278 at 13-15), it should likewise grant Mr. Tarvin's and Mr. Gamez's motion.

### III. The Court Should Substitute Mr. Tarvin and Mr. Gamez for Mr. Fernandez as the California Class Representative.

"[A]fter a class has been certified, Courts regularly allow replacement of the named plaintiff." *Lindblom v. Santander Consumer USA, Inc.*, 2019 WL 4640684, at *9 (E.D. Cal. Sept. 24, 2019).[3] Because a certified class has a "legal status separate from the interest asserted by [named plaintiffs]," *Sosna v. Iowa*, 419 U.S. 393, 399 (1975), courts have held that when named plaintiffs are unable to serve as class representatives, the appropriate course of action is to allow for substitution. For example, in *Birmingham Steel Corp. v. Tennessee Valley Authority*, 353 F.3d 1331, 1339 (11th Cir. 2003) the named plaintiff became an inadequate class representative after class certification, after the parties had completed discovery, and after the parties had litigated numerous pretrial motions. The Eleventh Circuit held that the district court erred and failed to serve the interests of the class and the efficient administration of justice, by not giving "class members an opportunity to intervene as the class representative." 353 F.3d at 1342. Likewise, in *Lynch v. Baxley,* 651 F.2d 387 (5th Cir. 1981), the Fifth Circuit held that, where the named plaintiff lost standing, the district court erred in not giving other class members an opportunity to intervene. These holdings are consistent with those of other courts, nationwide, which recognize the benefit and propriety of allowing a substitute plaintiff to take up the baton of class representation when a named plaintiff is no longer able to undertake the responsibility.[4] *See also Woods*

---

[3] *See also Velazquez v. GMAC Mortg. Corp.*, 2009 WL 2959838, at *3 (C.D. Cal. Sept. 10, 2009) ("It is true that Courts regularly allow replacement of the named plaintiff after class certification.").

[4] *See Nat'l Fed'n of Blind v. Target Corp.*, 582 F. Supp. 2d 1185, 1201 (N.D. Cal. 2007) ("As long as the proposed class satisfies the requirements of Rule 23, the court may certify the class conditioned upon the substitution of another named plaintiff."); *Little Caesar Enters., Inc. v. Smith*, 172 F.R.D. 236, 244 (E.D. Mich. 1997) ("Affording plaintiffs the opportunity to provide such substitutes is the common practice in cases where, although the current named representatives are inadequate, adequate representatives are known and available as substitutes."); *McAnaney v. Astoria Fin. Corp.*, 2007 WL 2702348, at *13 (E.D.N.Y. Sept. 12, 2007) ("[T]he fact that the named plaintiffs' TILA claims are no longer viable does not make the suit moot or necessarily undermine the claims of the remaining class members. Therefore, this Court abides by the procedure favored by the Second Circuit where the named plaintiff is no longer an adequate representative of the class, *see, e.g., Norman v. Conn. State Bd. of Parole,* 458 F.2d 497, 499 (2d Cir.1972), and, rather than decertifying the instant class on the ground that the named plaintiffs are no longer adequate representatives of the class, affords plaintiffs' counsel a reasonable period of time for the substitution or intervention of a new class representative.") (internal quotation marks omitted); *In re S. Cent. States Bakery Prods. Antitrust Litig.*, 86 F.R.D. 407, 424 (M.D. La. 1980) ("While it is conceded that McDonald's of Baton Rouge, Inc. is not a proper class representative, and even though the Court has determined that Missildine alone is an adequate class representative, the Court has authority to permit intervention or substitution of a an adequate class representative.").

*v. Vector Mktg. Corp.*, 2015 WL 10607576, at *2 (N.D. Cal. June 5, 2015) (Chen, J.) (allowing substitution of class representative dismissed on statutes of limitations grounds).

Here, because Plaintiff Fernandez is no longer a member of the California Class as defined by the Court, substitution is appropriate. By allowing Mr. Tarvin and Mr. Gamez to intervene, and to serve as substitute California class representatives, the Court will ensure that the California Class's claims can proceed, that their interests are thereby protected, and that the years of work by counsel and the Court are not lost.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs, Garet Tarvin, and Carlos Gamez respectfully request that the Court allow Mr. Tarvin and Mr. Gamez to intervene in this suit and appoint Mr. Tarvin and Mr. Gamez as the substitute class representatives for the California Class.

Dated: May 13, 2022

/s/ *Adam J. Levitt*
Adam J. Levitt (*pro hac vice*)
John E. Tangren (*pro hac vice*)
Daniel R. Ferri (*pro hac vice*)
**DICELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Telephone: 312-214-7900
alevitt@dicellolevitt.com
jtangren@dicellolevitt.com
dferri@dicellolevitt.com

W. Daniel "Dee" Miles, III (*pro hac vice*)
H. Clay Barnett, III (*pro hac vice*)
J. Mitch Williams (*pro hac vice*)
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
218 Commerce Street
Montgomery, Alabama 36104
Telephone: 334-269-2343
Dee.Miles@beasleyallen.com
Clay.Barnett@beasleyallen.com
Mitch.Williams@beasleyallen.com
Jennie Lee Anderson (SBN 203586)
Lori E. Andrus (SBN 205816)
**ANDRUS ANDERSON LLP**
155 Montgomery Street, Suite 900
San Francisco, California 94104
Telephone: 415-986-1400
jennie@andrusanderson.com
lori@andrusanderson.com

*Counsel for Plaintiffs and the Proposed Classes*

## ECF CERTIFICATION

Pursuant to Civil L.R. 5-1(i)(3), the filing attorney attests that she has obtained concurrence regarding the filing of this document from the signatories above.

Date: May 13, 2022                                        By:   */s/ Jennie Lee Anderson*
                                                                     Jennie Lee Anderson