| | |
|---|---|
| CROWELL & MORING LLP<br>Kathleen Taylor Sooy (*pro hac vice*)<br>ksooy@crowell.com<br>April N. Ross (*pro hac vice*)<br>aross@crowell.com<br>Rachel P. Raphael (*pro hac vice*)<br>rraphael@crowell.com<br>1001 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004<br>Phone: (202) 624-2500<br>Fax: (202) 628-5116 | KIRKLAND & ELLIS LLP<br>Richard C. Godfrey (*pro hac vice*)<br>richard.godfrey@kirkland.com<br>Renee Deborah Smith (*pro hac vice*)<br>renee.smith@kirkland.com<br>300 North LaSalle<br>Chicago, IL 60654<br>Phone: (312) 862-2310 |

CROWELL & MORING LLP
Warrington S. Parker, III (SBN 148003)
wparker@crowell.com
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Phone: (415) 986-2800
Fax: (415) 986-2827

*Attorneys for General Motors LLC*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RAUL SIQUEIROS, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>GENERAL MOTORS LLC,<br><br>        Defendant. | Case No.: 16-cv-07244-EMC<br><br>**GENERAL MOTORS' PROPOSED GENERAL VERDICT FORM**<br><br>Hon. Edward M. Chen |

Following the August 26, 2022 Final Pretrial Conference, the parties met and conferred in an attempt to reach agreement on the verdict form, but have not been able to reach agreement. General Motors LLC ("GM") continues to believe that GM's proposed verdict form (ECF No. 445) is a simple, straightforward document that asks the jury whether it has found the elements of each claim and defense by a preponderance of the evidence.

However, if the Court determines that a more streamlined general verdict form is preferable, GM submits its proposed General Verdict Form as the Appendix to this filing. GM's Proposed General Verdict Form is simple, with only three questions for each claim, and it addresses three fundamental flaws in plaintiffs' proposed general verdict form.

First, GM's Proposed General Verdict Form correctly accounts for the burden of proof and clearly directs the jury to state whether it finds that the party with the burden of proof has proven the claim or affirmative defense by a preponderance of the evidence.

Second, GM's Proposed General Verdict Form correctly includes GM's affirmative defenses under the applicable statutes of limitations and the tolling doctrines plaintiffs must establish to prevail on untimely claims. Plaintiffs' proposed form omits GM's affirmative defenses entirely, but the jury must submit its finding on these issues.

Third, GM's proposed Verdict Form correctly asks the jury whether it finds the elements of each claim with respect to "*all*" class members. GM submits the law is clear that plaintiffs at trial must prove the elements of their claims for all members of the certified class. Instructing the jury to allow class-wide relief when plaintiffs only meet their burden for some, but not all, class members would violate Rule 23 and The Rules Enabling Act, and would contravene Supreme Court precedent. *See* 28 U.S.C. § 2075(b); *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021) ("Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not.") (citation omitted); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997) ("Rule 23's requirements must be interpreted in keeping with Article III constraints, and with the Rules Enabling Act, which instructs that rules of procedure 'shall not abridge, enlarge or modify any substantive right[.]'") (citation omitted).

Accordingly, GM respectfully requests that the Court adopt its proposed general Verdict Form.

DATED: September 9, 2022

Respectfully submitted,

/s/   April N. Ross
Kathleen Taylor Sooy (*pro hac vice*)
April N. Ross (*pro hac vice*)
Rachel P. Raphael (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Phone: (202) 624-2500
ksooy@crowell.com
aross@crowell.com
rraphael@crowell.com

CROWELL & MORING LLP
Warrington S. Parker, III (SBN 148003)
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Phone: (415) 986-2800
Fax: (415) 986-2827
wparker@crowell.com

KIRKLAND & ELLIS LLP
Richard C. Godfrey (*pro hac vice*)
Renee Deborah Smith (*pro hac vice*)
300 North LaSalle
Chicago, IL 60654
Phone: (312) 862-2310
richard.godfrey@kirkland.com
renee.smith@kirkland.com

*Attorneys for General Motors LLC*

2

Case No. 16-cv-07244-EMC
GM's Proposed General Verdict Form

# APPENDIX

# VERDICT FORM

# BREACH OF IMPLIED WARRANTY UNDER

# CALIFORNIA SONG-BEVERLY CONSUMER WARRANTY ACT

1. Do you find, by a preponderance of the evidence, that Plaintiffs have proven all elements of this claim for Plaintiff Tarvin and all other California Class members?

_____ YES

_____NO

**If you answered "yes" to Question #1, answer Question #2, below. If you answered "no" to Question #1, skip Questions #2 and #3, and proceed to Question # 4, below.**

2. What amount do you find (if any), by a preponderance of the evidence, to be the economic damages of each member of the California Class, including Plaintiff Tarvin, for breach of implied warranty under the Song-Beverly Warranty Act?

$ _____

**If you awarded any damages, proceed to Question #3, below.**

3. Do you find, by a preponderance of the evidence, that Plaintiffs have proven that GM actively and fraudulently concealed a material fact that tolls the statute of limitations?

_____ YES

_____NO

# BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY UNDER NORTH CAROLINA LAW

4. Do you find, by a preponderance of the evidence, that Plaintiffs have proven all elements of this claim for Plaintiff Davis and all other North Carolina Class members?

_____ YES

_____NO

**If you answered "yes" to Question #4, answer Question #5, below. If you answered "no" to Question #4, skip Questions #5 and #6, and proceed to Question # 7, below.**

5. What amount do you find (if any), by a preponderance of the evidence, to be the economic damages of each member of the North Carolina Class, including Plaintiff Davis, for breach of implied warranty of merchantability under North Carolina law?

$ _____

**If you awarded any damages, proceed to Question #6, below.**

6. Do you find, by a preponderance of the evidence, that Plaintiffs have proven that GM actively and fraudulently concealed a material fact that tolls the statute of limitations?

_____ YES

_____NO

# VIOLATION OF THE IDAHO CONSUMER PROTECTION ACT

7. Do you find, by a preponderance of the evidence, that Plaintiffs have proven all elements of this claim for Plaintiff Del Valle and all other Idaho Class members?

_____ YES

_____ NO

**If you answered "yes" to Question #7, answer Question #8, below. If you answered "no" to Question #7, there are no further questions.**

8. What amount do you find (if any), by a preponderance of the evidence, to be the economic damages of each member of the Idaho Class, including Plaintiff Del Valle, for violation of the Idaho Consumer Protection Act?

$ _____

**If you awarded any damages, proceed to Question #9, below.**

9. Do you find, by a preponderance of the evidence, that Plaintiffs have proven that Plaintiff Del Valle and all other Idaho Class members did not know, and through the exercise of reasonable diligence could not have known, that their claim might exist before December 19, 2014?

_____ YES

_____ NO