UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAUL SIQUEIROS, et al.,

                Plaintiffs,

      v.

GENERAL MOTORS LLC,

                Defendant.

Case No. 16-cv-07244-EMC

**COURT'S PROPOSED JURY INSTRUCTIONS**

       The Court's proposed jury instructions are reproduced below.  The parties shall have until 4:00 p.m., September 15, 2022, to file objections.

       **IT IS SO ORDERED**.

Dated: September 14, 2022

_____
EDWARD M. CHEN
United States District Judge

# I. PRELIMINARY JURY INSTRUCTIONS
## (GIVEN AT THE BEGINNING OF TRIAL)

**JURY INSTRUCTION NO. ____**

**DUTY OF JURY**

**(COURT READS INSTRUCTIONS AT THE BEGINNING OF TRIAL BUT DOES NOT PROVIDE WRITTEN COPIES)**

Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial, I will give you more detailed instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially.  You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

Do not be afraid to examine any assumptions you or other jurors have made which are not based on the evidence presented at trial.  Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be – that is entirely up to you.

Court Notes: 9th Cir. Model Instruction No. 1.3.  The Court has modified the instruction.

**JURY INSTRUCTION NO. _____**

**IMPLICIT/UNCONSCIOUS BIAS**

We all have feelings, assumptions, perceptions, fears, and stereotypes about others.  Some biases we are aware of, and others we might not be fully aware of, which is why they are called implicit or unconscious biases.  No matter how unbiased we think we are, our brains are hard-wired to make unconscious decisions. We look at others and filter what they say through our own personal experience and background.  Because we all do this, we often see life and evaluate evidence in a way that tends to favor people who are like ourselves, or who have had life experiences like our own.  We can also have biases about people like ourselves. One common example is the automatic association of male with career and female with family. Bias can affect our thoughts, how we remember what we see and hear, whom we believe or disbelieve, and how we make important decisions.

As jurors, you are being asked to make an important decision in the case.  You must one, take the time you need to reflect carefully and thoughtfully about the evidence.

Two, think about why you are making the decision you are making and examine it for bias. Reconsider your first impressions of the people and the evidence in this case.  If the people involved in this case were from different backgrounds, for example, richer or poorer, more or less educated, older or younger, or of a different gender, gender identity, race, religion or sexual orientation, would you still view them, and the evidence, the same way?

Three, listen to one another.  You must carefully evaluate the evidence and resist, and help each other resist, any urge to reach a verdict influenced by bias for or against any party or witness. Each of you have different backgrounds and will be viewing this case in light of your own insights, assumptions and biases.  Listening to different perspectives may help you to better identify the possible effects these hidden biases may have on decision making.

And four, resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or unconscious biases.

3

The law demands that you make a fair decision based solely on the evidence, your individual evaluations of that evidence, your reason and common sense, and these instructions.

Court Notes: The Court has independently proposed this instruction.

1    **JURY INSTRUCTION NO. ____**

2    **CLAIMS AND DEFENSES**

3    To help you follow the evidence, I will give you a brief summary of the positions of the

4    parties.

5    To help you follow the evidence, I will give you a brief summary of the positions of the

6    parties: Plaintiffs Garet Tarvin, William Davis, Jr., and Gabriel Del Valle (for purposes of these

7    instructions, I will refer to them collectively as the "Plaintiffs") claim that General Motors LLC (I

8    will refer to it as "GM") sold certain SUVs and trucks with an engine defect. Specifically, they

9    claim that GM's Generation IV Vortec 5300 LC9 engines (I will refer to them as "Gen IV LC9

10   engines"), which was installed in the GMC and Chevrolet vehicles that they purchased, have an

11   excessive oil consumption defect caused primarily by wear in the engines' piston ring assembly,

12   and that negatively impacts every Gen IV LC9 engine's performance and creates a safety hazard.

13   Plaintiffs are seeking damages from GM in an amount equal to their claimed overpayments for all

14   GM vehicles having the Gen IV LC9 engine defect. Plaintiffs have the burden of proving liability

15   and damages.

16   GM denies Plaintiffs' claims, denies liability, and denies that Plaintiffs and the Classes

17   they represent are entitled to damages. GM specifically denies that the Generation IV Vortec 5300

18   LC9 engines suffer from any defect. GM also asserts affirmative defenses that prohibit Plaintiffs'

19   claims. In this regard, GM contends the evidence will show that internal combustion engines,

20   including the Gen IV LC9 engine, consume oil as part of their normal operation. Issues with

21   excess oil consumption are rare, and when they do occur, do so for a multitude of different reasons

22   having nothing to do with an engine's pistons or piston rings. GM's position is that there is no oil

23   consumption defect caused by the piston rings in Plaintiffs' own vehicles; nor is there a common

24   oil consumption defect in all model year 2011-2014 GM trucks and SUVs with the Gen IV LC9

25   engine.

26   I will give you further instructions at the conclusion of the case about the parties' claims

27   and defenses.

28

Court Notes: 9th Cir. Model Instruction No. 1.5 (modified).

**JURY INSTRUCTION NO. _____**

**DEFINITION OF "CLASS ACTION"**

This case involves a class action lawsuit. A class action is a lawsuit that has been brought by one or more plaintiffs on behalf of a larger group of people who have similar legal claims. All of these people together are called a "class." The class representatives who bring this action are: Garet Tarvin, William Davis, Jr., and Gabriel Del Valle.

In a class action, the claims of many individuals can be resolved at the same time instead of requiring each class member to sue separately. If you find it appropriate, you may apply the evidence at this trial to all class members. All members of the class will be bound by the results of this trial. The fact that this case is proceeding as a class action does not mean any decision has been made about what your verdict should be.

In this case, there are three classes: (1) All current owners or lessees of a Class Vehicle that was purchased or leased in new condition in the State of California (the "California Class"); (2) All current owners or lessees of a Class Vehicle that was purchased or leased from a GM-authorized dealer in the State of Idaho (the "Idaho Class"); and (3) All current owners or lessees of a Class Vehicle that was purchased or leased in the State of North Carolina (the "North Carolina Class"). The "Class Vehicles" are 2011-2014 Chevrolet Avalanches, Silverados, Suburbans, and Tahoes, and 2011-2014 GMC Sierras, Yukons, and Yukon XLs with Generation IV Vortec 5300 LC9 engines manufactured on or after February 10, 2011. Any vehicle that has already received adequate piston replacement (i.e., upgraded piston rings) is excluded from the definition of Class Vehicle.

Court Notes: CACI 115 (modified).

~~**JURY INSTRUCTION NO. \_\_\_\_**~~

~~**NO INFERENCE FROM "CLASS ACTION"**~~

~~The fact that this case is proceeding as a class action does not mean any decision has been made about the merits of the case, and it should not affect your view of the evidence or influence your deliberations in any manner. You must not infer anything about the merits of this case based on the fact that it is a class action.~~

The Court disagrees that this instruction is warranted. GM's concerns regarding the jury's "preconceived notions" of a class action, *see* Docket No. 448 (Proposed Jury Instructions) at 6, are addressed by the prior instruction, which informs the jurors that "the fact that this case is proceeding as a class action does not mean any decision has been made about what your verdict should be."

**JURY INSTRUCTION NO. ____**

**CORPORATE EQUALITY**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

Court Notes: 9th Cir. Model Instruction No. 4.1.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### JURY INSTRUCTION NO. _____

### LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

Court Notes: 9th Cir. Model Instruction No. 4.2.

**JURY INSTRUCTION NO. \_\_\_\_**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Court Notes: 9th Cir. Model Instruction No. 1.6.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. _____**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

    (1) the sworn testimony of any witness;

    (2) the exhibits that are admitted into evidence;

    (3) any facts to which the lawyers have agreed; and

    (4) any facts that I may instruct you to accept as proved.

Court Notes: 9th Cir. Model Instruction No. 1.9.

**JURY INSTRUCTION NO. _____**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

    (1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

    (2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

    (3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

    (4) Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Court Notes: 9th Cir. Model Instruction No. 1.10.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. _____**

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

Court Notes: 9th Cir. Model Instruction No. 1.11.

**JURY INSTRUCTION NO. _____**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

Court Notes: 9th Cir. Model Instruction No. 1.12.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. _____**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

Court Notes: 9th Cir. Model Instruction No. 1.13.

**JURY INSTRUCTION NO. ____**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of

17

witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Court Notes: 9th Cir. Model Instruction No. 1.14.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. _____**

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal

instruction you properly may consider to return a verdict: do not
read, watch or listen to any news or media accounts or commentary
about the case or anything to do with it, although I have no
information that there will be news reports about this case; do not do
any research, such as consulting dictionaries, searching the Internet,
or using other reference materials; and do not make any
investigation or in any other way try to learn about the case on your
own.  Do not visit or view any place discussed in this case, and do
not use Internet programs or other devices to search for or view any
place discussed during the trial.  Also, do not do any research about
this case, the law, or the people involved—including the parties, the
witnesses or the lawyers—until you have been excused as jurors.  If
you happen to read or hear anything touching on this case in the
media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has
been presented here in court.  Witnesses here in court take an oath to tell the truth, and the
accuracy of their testimony is tested through the trial process.  If you do any research or
investigation outside the courtroom, or gain any information through improper communications,
then your verdict may be influenced by inaccurate, incomplete or misleading information that has
not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial
jury, and if you decide the case based on information not presented in court, you will have denied
the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very
important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a
mistrial could result that would require the entire trial process to start over.  If any juror is exposed
to any outside information, please notify the court immediately.

Court Notes: 9th Cir. Model Instruction No. 1.15.

**JURY INSTRUCTION NO. _____**

**PUBLICITY DURING TRIAL**

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

Court Notes: 9th Cir. Model Civil Jury Instruction No. 1.16.

**JURY INSTRUCTION NO. \_\_\_\_**

**NO TRANSCRIPT AVAILABLE TO JURY**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

Court Notes: 9th Cir. Model Instruction No. 1.17.

**JURY INSTRUCTION NO. _____**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

Court Notes: 9th Cir. Model Instruction No. 1.18.

**JURY INSTRUCTION NO. _____**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Court Notes: 9th Cir. Model Instruction No. 1.20.

**JURY INSTRUCTION NO. _____**

**OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Court Notes: 9th Cir. Model Instruction No. 1.21.

## II.     INSTRUCTIONS DURING TRIAL

### JURY INSTRUCTION NO. _____

### CAUTIONARY INSTRUCTIONS

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

Court Notes: 9th Cir. Model Civil Jury Instruction No. 2.0.

**JURY INSTRUCTION NO. \_\_\_\_**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts (listed below).  You must therefore treat these facts as having been proved.

Court Notes: 9th Cir. Model Instruction No. 2.2.   The Court will administer this instruction if applicable.

United States District Court
Northern District of California

27

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. _____**

**JUDICIAL NOTICE**

The court has decided to accept as proved the fact that [state fact].  You must accept this fact as true.

Court Notes: 9th Cir. Model Instruction No. 2.3.  The Court will administer this instruction if applicable.

**JURY INSTRUCTION NO. ___**

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Court Notes: 9th Cir. Model Instruction No. 2.4.

1

2

**JURY INSTRUCTION NO. _____**

**IMPEACHMENT EVIDENCE – WITNESS**

3       Evidence that a witness has been convicted of a crime or lied under oath on a prior

4  occasion may be considered, along with all other evidence, in deciding whether or not to believe

5  the witness and how much weight to give to the testimony of the witness and for no other purpose.

6

7  Court Notes: 9th Cir. Model Civil Jury Instruction No. 2.9.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**JURY INSTRUCTION NO. ____**

**USE OF INTERROGATORIES**

3        Evidence will now be presented to you in the form of answers of one of the parties to

4    written interrogatories submitted by the other side.  These answers were given in writing and

5    under oath before the trial in response to questions that were submitted under established court

6    procedures.  You should consider the answers, insofar as possible, in the same way as if they were

7    made from the witness stand.

8

9    Court Notes: 9th Cir. Model Civil Jury Instruction No. 2.11.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. _____**

**EXPERT OPINION**

You are about to hear testimony from Dr. Werner Dahm, Edward Stockton, Dr. Jeffrey Ball, Robert Kuhn, Dr. Michael Keeley, and Dr. Rene Befurt, who will testify to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Court Notes: 9th Cir. Model Instruction No. 2.13.

# JURY INSTRUCTION NO. ____

## CHARTS AND SUMMAIRES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not admitted into evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Court Notes: 9th Cir. Model Instruction No. 2.14.

**JURY INSTRUCTION NO. \_\_\_\_**

**CHARTS AND SUMMAIRES RECEIVED IN EVIDENCE**

Certain charts and summaries may be admitted into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the testimony or other admitted evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

Court Notes: 9th Cir. Model Instruction No. 2.15.

United States District Court
Northern District of California

1

**JURY INSTRUCTION NO. \_\_\_\_**

2

**EVIDENCE FOR A LIMITED PURPOSE**

3      You are about to hear evidence that [describe evidence to be received for limited purpose].

4 I instruct you that this evidence is admitted only for the limited purpose of [describe purpose] and,

5 therefore, you must consider it only for that limited purpose and not for any other purpose.

6

7 Court Notes: 9th Cir. Model Instruction No. 2.12.

# III. FINAL JURY INSTRUCTIONS
## (GIVEN AT THE END OF THE CASE)

## JURY INSTRUCTION NO. ____
### (COURT READS AND PROVIDES
### WRITTEN INSTRUCTIONS AT END OF CASE)

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, opinions, prejudices, sympathy, or bias, including unconscious biases, influence you. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions. You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community. Do not be afraid to examine any assumptions you or other jurors have made which are not based on the evidence presented at trial. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

Court Notes: 9th Cir. Model Instruction No. 1.4. The Court has modified the instruction.

**JURY INSTRUCTION NO. \_\_\_\_**

**DEFINING THE CLASSES**

In this case, there are three classes: (1) All current owners or lessees of a Class Vehicle that was purchased or leased in new condition in the State of California (the "California Class"); (2) All current owners or lessees of a Class Vehicle that was purchased or leased from a GM-authorized dealer in the State of Idaho (the "Idaho Class"); and (3) All current owners or lessees of a Class Vehicle that was purchased or leased in the State of North Carolina (the "North Carolina Class").

The "Class Vehicles" are 2011-2014 Chevrolet Avalanches, Silverados, Suburbans, and Tahoes, and 2011-2014 GMC Sierras, Yukons, and Yukon XLs with Generation IV Vortec 5300 LC9 engines manufactured on or after February 10, 2011. Any vehicle that has already received adequate piston replacement (i.e., upgraded piston rings) is excluded from the definition of Class Vehicle.

**JURY INSTRUCTION NO. \_\_\_\_**

**DIFFERENT LEGAL RIGHTS**

You should decide the case as to each Plaintiff and each class separately. Unless otherwise stated, the instructions apply to all parties.

Court Notes: 9th Cir. Model Instruction No. 1.8.

**JURY INSTRUCTION NO. \_\_\_\_**

**CORPORATE EQUALITY**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

Court Notes: 9th Cir. Model Instruction No. 4.1.

**JURY INSTRUCTION NO. ____**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Court Notes: 9th Cir. Model Instruction No. 1.6.

**JURY INSTRUCTION NO. _____**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

    (1) the sworn testimony of any witness;

    (2) the exhibits that are admitted into evidence;

    (3) any facts to which the lawyers have agreed; and

    (4) any facts that I have instructed you to accept as proved.


Court Notes: 9th Cir. Model Instruction No. 1.9.

**JURY INSTRUCTION NO. _____**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Court Notes: 9th Cir. Model Instruction No. 1.10.

**JURY INSTRUCTION NO. _____**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Court Notes: 9th Cir. Model Instruction No. 1.12.

**JURY INSTRUCTION NO. ____**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Your evaluation of witness testimony should not be influenced by any prejudice or bias,

including unconscious bias.

Court Notes: 9th Cir. Model Instruction No. 1.14.  The Court has modified the instruction.

**JURY INSTRUCTION NO. \_\_\_\_**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts (listed below).  You must therefore treat these facts as having been proved.

Court Notes: 9th Cir. Model Instruction No. 2.2.  The Court will administer this instruction if applicable.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. _____**

**JUDICIAL NOTICE**

The court has decided to accept as proved the fact that [state fact]. You must accept this fact as true.

Court Notes: 9th Cir. Model Instruction No. 2.3. The Court will administer this instruction if applicable.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. ___**

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Court Notes: 9th Cir. Model Instruction No. 2.4.

**JURY INSTRUCTION NO. \_\_\_\_**

**IMPEACHMENT EVIDENCE – WITNESS**

Evidence that a witness has been convicted of a crime or lied under oath on a prior occasion, etc. may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Court Notes: 9th Cir. Model Instruction No. 2.9.

1                               **JURY INSTRUCTION NO. _____**

2                                   **EXPERT OPINION**

You have heard testimony from Dr. Werner Dahm, Edward Stockton, Dr. Jeffrey Ball, Robert Kuhn, Dr. Michael Keeley, and Dr. Rene Befurt, who testified to opinions and the reasons for his or her opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Court Notes: 9th Cir. Model Instruction No. 2.13.

1    **JURY INSTRUCTION NO. ____**

2    **DEFINITION OF "CLASS ACTION"**

3    As I told you at the beginning of the trial, this case involves a class action lawsuit.  A class

4    action is a lawsuit that has been brought by one or more plaintiffs on behalf of a larger group of

5    people who have similar legal claims.  All of these people together are called a "class."  The class

6    representatives who bring this action are: Garet Tarvin, William Davis, Jr., and Gabriel Del Valle.

7    In a class action, the claims of many individuals can be resolved at the same time instead

8    of requiring each class member to sue separately.  If you find it appropriate, you may apply the

9    evidence at this trial to all class members.  All members of the class will be bound by the results of

10   this trial.  The fact that this case is proceeding as a class action does not mean any decision has

11   been made about what your verdict should be.

12   In this case, there are three classes: (1) All current owners or lessees of a Class Vehicle that

13   was purchased or leased in new condition in the State of California (the "California Class"); (2)

14   All current owners or lessees of a Class Vehicle that was purchased or leased from a GM-

15   authorized dealer in the State of Idaho (the "Idaho Class"); and (3) All current owners or lessees of

16   a Class Vehicle that was purchased or leased in the State of North Carolina (the "North Carolina

17   Class").  The "Class Vehicles" are 2011-2014 Chevrolet Avalanches, Silverados, Suburbans, and

18   Tahoes, and 2011-2014 GMC Sierras, Yukons, and Yukon XLs with Generation IV Vortec 5300

19   LC9 engines manufactured on or after February 10, 2011.  Any vehicle that has already received

20   adequate piston replacement (i.e., upgraded piston rings) is excluded from the definition of Class

21   Vehicle.

22

23   Court Notes: CACI 115 (modified).

24

25

26

27

28

**JURY INSTRUCTION NO. _____**

**BREACH OF IMPLIED WARRANTY UNDER CALIFORNIA SONG-BEVERLY CONSUMER WARRANTY ACT**

Plaintiff Tarvin claims that his vehicle did not have the level of quality that a buyer would reasonably expect.  This is known as "breach of an implied warranty."  To establish this claim on his own behalf, and on behalf of the California Class, Plaintiff Tarvin must prove all of the following:

1.  That Plaintiff Tarvin and the other California members purchased or leased a Class Vehicle manufactured by General Motors;

2.  That the Class Vehicles were not fit for the ordinary purpose for which such vehicles are used; and

3.  That GM's breach of implied warranty was a substantial factor in causing Plaintiff Tarvin's and the other California Class members' damages.

Plaintiff Tarvin bears the burden of proving each of the above elements by a preponderance of the evidence.

Fitness for the ordinary purpose of a vehicle means that the vehicle should be in safe condition and substantially free from defects.  Where a car can provide safe, reliable transportation, it is generally considered merchantable.

Court Notes: CACI 3210 (modified); *Isip v. Mercedes-Benz USA, LLC*, 155 Cal. App. 4th 19, 27 (2007); *Brand v. Hyundai Motor Am.*, 226 Cal. App. 4th 1538, 1547 (2014), *as modified on denial of reh'g* (July 16, 2014); *In re MyFord Touch Consumer Litig.*, 291 F. Supp. 3d 936, 945–46 (N.D. Cal. 2018); *Taragan v. Nissan N. Am., Inc.*, No. C 09-3660 SBA, 2013 WL 3157918, at *4 (N.D. Cal. June 20, 2013).

The Court agrees with Plaintiffs that it would help the jury to receive some guidance as to what it means for a vehicle to be "fit for the ordinary purpose."  In California, three factors that relate to vehicle merchantability are safety, reliability, and substantial freedom from defects.  *See Isip v. Mercedes-Benz USA, LLC*, 155 Cal. App. 4th 19, 27 (2007); *Brand v. Hyundai Motor Am.*,

226 Cal. App. 4th 1538, 1547 (2014), *as modified on denial of reh'g* (July 16, 2014); *In re MyFord Touch Consumer Litig.*, 291 F. Supp. 3d 936, 945–46 (N.D. Cal. 2018).

The Court declines GM's invitation to add the term "proximately" to the jury instruction because the term does not appear in the pattern instruction, nor has it been included in jury instructions given by other courts. *See Isip*, 155 Cal. App. 4th at 23. It is addressed by the "substantial factor" language.

The parties dispute whether the instruction should frame the jury's findings as pertaining to Plaintiff "and *the* other class members" (which Plaintiffs endorse) or Plaintiff "and *all* other class members" (which GM endorses). None of GM's authorities support the proposition that jury instructions must be phrased expressly to encompass "all" members of the certified class, and Plaintiffs convincingly argue that GM's instruction ignores the role that common proof will play in the class trial. The claims of each class will rise and fall with the claims of the class representatives. It is unnecessary and confusing to ask the jury to make findings with respect to "all" or "each" class member.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. _____**

**AFFIRMATIVE DEFENSE – STATUTE OF LIMITATIONS UNDER**

**CALIFORNIA LAW**

GM contends that Plaintiff Tarvin's class action lawsuit alleging claims on behalf of himself and the California Class was not filed within the period of time set by law. Plaintiffs filed this lawsuit on December 19, 2016. The statute of limitations for a claim of breach of implied warranty under the Song-Beverly Consumer Warranty Act requires the plaintiff to file a lawsuit within four years from the date of vehicle purchase.

The statute of limitations does not permit recovery of damages for any vehicles purchased prior to December 19, 2012. GM has the burden of proving by a preponderance of the evidence that the statute of limitations bars the claims of Plaintiff Tarvin or any of the California Class members.

Court Notes: CACI 3222 (modified).

**JURY INSTRUCTION NO. _____**

**FRAUDULENT CONCEALMENT TOLLING UNDER CALIFORNIA LAW**

The law provides that there are some situations in which the time period set out in a statute of limitations can be extended. In these situations, the date when the time period begins to run is suspended or delayed. This is known as the tolling the statute of limitations. In other words, if the statute of limitations in this case is tolled, then the period for filing a lawsuit is extended. One situation in which the statute of limitations for a claim of breach of implied warranty under the Song-Beverly Consumer Warranty Act may be tolled is under the "fraudulent concealment" doctrine.

If you find that the fraudulent concealment doctrine applies to Plaintiff Tarvin and the other California class members, then any breach of implied warranty claims for vehicles purchased prior to December 19, 2012, are not barred by the four-year statute of limitations.

To establish fraudulent concealment tolling, Plaintiff Tarvin must show by a preponderance of the evidence that:

(1) GM affirmatively and fraudulently concealed facts that are the basis of his claim and the claims of all California class members, and

(2) Plaintiff Tarvin and the other members of the California Class exercised reasonable diligence under the circumstances and still did not discover the alleged conduct.

To establish the first element, Plaintiff Tarvin must prove that GM engaged in an affirmative act of concealment as to him and the other members of the California class. Mere silence does not constitute fraudulent concealment. It is not enough for Plaintiff Tarvin to prove that GM did not notify him or members of the California Class about any design defect.

To establish the second element, Plaintiff Tarvin must prove that GM's fraudulent concealment prevented him and the other members of the California Class from discovering the facts giving rise to their claims before December 19, 2012, despite their exercise of due diligence.

Court Notes: *Bernson v. Browning-Ferris Indus.*, 7 Cal. 4th 926, 931 (1994); *Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1415–16 (9th Cir. 1987); *Conmar Corp. v. Mitsui & Co.*

*(U.S.A.)*, 858 F.2d 499, 502 (9th Cir. 1988).

**JURY INSTRUCTION NO. _____**

**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY UNDER NORTH**

**CAROLINA LAW (N.C. GEN. STAT. § 25-2-314)**

Plaintiff Davis claims that GM breached its implied warranty of merchantability under North Carolina law.  On this issue the burden of proof is on Plaintiff Davis.  This means that Plaintiff Davis, on his own behalf and as to each member of the North Carolina class, must prove, by the greater weight of the evidence, all of the following:

1.  GM was a merchant with respect to the Class Vehicles purchased or leased by Plaintiff Davis and the other members of the North Carolina class;

2.  The Class Vehicles were not merchantable at the time of sale;

3.  That Plaintiff Davis and the other members of the North Carolina class suffered damages;

4.  That the alleged breach of implied warranty caused the damages to Plaintiff Davis and the other members of the North Carolina class; and

5.  That Plaintiff Davis and the other members of the North Carolina class gave timely notice of their claims to GM.

A merchant is a person or corporation that deals in goods of the kinds.

To be merchantable, goods must be fit for the ordinary purposes for which they are used.  Goods that are defective at the point of sale are not merchantable.  A product defect may be shown by evidence that a specific defect existed in a product, or, alternatively, a product defect may be inferred from evidence that at product was put to its ordinary use and the product malfunctioned.  Where a car can provide safe, reliable transportation, it is generally considered merchantable.

Court Notes: NC Pattern Jury Inst. – Civ. 741.20 (modified); *DeWitt v. Eveready Battery Co., Inc.*, 565 S.E.2d 140, 147 (N.C. 2002); *Ford Motor Credit Co. LLC v. McBride*, 257 N.C. App. 590, 594 (2018) (holding that the vehicle was not merchantable where vehicle "failed to provide safe and reliable transportation"); *Ismael v. Goodman Toyota*, 106 N.C. App. 421, 430 (1992) (holding that the vehicle was not merchantable where "plaintiff experienced considerable problems with the

57

vehicle remaining roadworthy").

Under North Carolina law, a product is unmerchantable if it is defective at the time of sale. *DeWitt v. Eveready Battery Co., Inc.*, 565 S.E.2d 140, 147 (N.C. 2002). A product defect may be inferred from evidence of the product's malfunction. *Id.*; *see also Red Hill Hosiery Mill, Inc. v. MagneTek, Inc.*, 530 S.E.2d 321, 327 (2000) ("We hold in a products liability action, based on tort or warranty, a product defect may be inferred from evidence of the product's malfunction, if there is evidence the product had been put to its ordinary use.").

The Court will not add the term "proximately" because it is not included in the pattern jury instruction. *See* NC Pattern Jury Inst. – Civ. 741.20.

**JURY INSTRUCTION NO. \_\_\_\_**

**AFFIRMATIVE DEFENSE – STATUTE OF LIMITATIONS UNDER NORTH CAROLINA LAW**

Plaintiff Davis claims that his class action lawsuit alleging claims on behalf of himself and the North Carolina Class was filed within the period of time set by law. The applicable statute of limitations for a claim of breach of implied warranty of merchantability under North Carolina law provides that the claim must be filed within four years of the date of vehicle purchase. Plaintiffs filed this lawsuit on December 19, 2016.

The statute of limitations does not permit recovery of damages for any vehicles purchased prior to December 19, 2012. Plaintiff Davis has the burden of proving by a preponderance of the evidence that the statute of limitations does not bar the claims of Plaintiff Davis or any of the North Carolina Class members.

Court Notes: N.C. Gen. Stat. Ann. § 25-2-725; *Little v. Rose*, 208 S.E.2d 666, 668 (1974).

**JURY INSTRUCTION NO. ____**

**FRAUDULENT CONCEALMENT TOLLING UNDER NORTH CAROLINA LAW**

The law provides there are certain situations in which the time period set out in a statute of limitations can be extended. In these situations, the date when the time period begins to run is suspended or delayed. This is known as tolling the statute of limitations. In other words, if the statute of limitations in this case is tolled, then the period for filing a lawsuit is extended.

Plaintiff Davis asserts that the statutes of limitations for his implied warranty claim under North Carolina law and the implied warranty claims of the other North Carolina Class members who purchased or leased their Class Vehicles before December 19, 2012 were tolled by the fraudulent concealment doctrine.

To establish fraudulent concealment, Plaintiff Davis must show by a preponderance of the evidence that:

1. GM fraudulently concealed facts that are the basis of the claims of Plaintiff Davis and the North Carolina Class members;

2. Plaintiff Davis and the other North Carolina members failed to discover those facts within the statutory period, despite;

3. The exercise of due diligence.


To prove the first element, Plaintiff Davis must prove that GM engaged in an affirmative act of fraudulent concealment. Concealment, by mere silence, is not sufficient. It is not enough for Plaintiff Davis to prove that GM did not notify him or members of the North Carolina Class about any design defect.


Court Notes: *Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535, 548 (4th Cir. 2019); *Wilkerson v. Christian*, No. 06-cv-00871, 2008 WL 483445, at *11 (M.D.N.C. Feb. 19, 2008); *Wheeler v. BMW of N. Am. LLC*, 534 F. Supp. 3d 527, 535 (W.D.N.C. 2021).

The "due diligence" language is present in Fourth Circuit formulations. Plaintiffs cite *Friedland v. Gales*, 509 S.E.2d 793, 797 (1998), to support their theory that North Carolina law

requires Plaintiffs to show that "(1) GM knew of the facts that are the basis of the claims of Plaintiff Davis and the North Carolina Class members, and (2) failed to fully disclose those facts in violation of a pre-existing duty to disclose." Jury Instructions at 69. The problem is that this language in *Friedland* came from the court's discussion of the elements required to state a *claim* for fraudulent concealment, not the elements for fraudulent concealment *tolling*. *See* 509 S.E.2d at 797; *see also Head v. Gould Killian CPA Grp., P.A.*, 795 S.E.2d 142, 149 (2016), *aff'd in part, rev'd in part*, 812 S.E.2d 831 (2018) (citing *Friedland* for the fraudulent concealment *claim* elements, not for fraudulent concealment *tolling* elements); *cf. Wilkerson v. Christian*, No. 06-cv-00871, 2008 WL 483445, at *11 (M.D.N.C. Feb. 19, 2008) (noting the difficulty in "determining the jurisprudential foundation" of *Friedland*); *Azima v. Del Rosso*, No. 20-cv-954, 2021 WL 5861282, at *5 (M.D.N.C. Dec. 10, 2021), *reconsideration denied*, No. 20-cv-954, 2022 WL 837185 (M.D.N.C. Mar. 21, 2022) ("This Court has noted that there is some confusion among North Carolina courts as to the effect of fraudulent concealment on a statute of limitations and the elements that must be shown to invoke it.").

In light of the lack of clarity for fraudulent concealment tolling under North Carolina law, the Court adopts the Fourth Circuit test. Under Fourth Circuit law, to toll a limitations period based on fraudulent concealment, "a plaintiff must demonstrate: (1) the party pleading the statute of limitations fraudulently concealed facts that are the basis of the plaintiff's claim, and (2) the plaintiff failed to discover those facts within the statutory period, despite (3) the exercise of due diligence." *Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535, 548 (4th Cir. 2019); *see also Wheeler v. BMW of N. Am. LLC*, 534 F. Supp. 3d 527, 535 (W.D.N.C. 2021) (same elements).

1    ~~**JURY INSTRUCTION NO. ____**~~

2    ~~**IMPLIED WARRANTY OF MERCHANTABILITY**~~

3    ~~The implied warranty of merchantability does not impose a requirement on GM to fulfill~~

4    ~~the buyer's expectation.  Testimony about plaintiffs' or class members' subjective expectations of~~

5    ~~how the Class Vehicles should operate is irrelevant to the claims at issue in this case, and should~~

6    ~~not be considered evidence.  Rather, the implied warranty of merchantability provides for a~~

7    ~~minimum level of quality to fulfill its ordinary purpose of providing transportation.~~

8

9    GM has asked for this instruction so that the jury "does not confuse the objective standard

10   that governs claims for breach of the implied warranty under the Song-Beverly Consumer

11   Warranty Act."  Jury Instructions at 73.  Plaintiffs oppose administering this instruction on the

12   basis that it is unnecessary and confusing to have another instruction relating to the breach of

13   implied merchantability.  *Id.* at 74.

14   GM's proposed language is not found in CACI 3210, and GM does not point to any case

15   where such a jury instruction was given for a breach of implied warranty claim.  In fact, the trial

16   court in *Isip* denied the defendant's request to add language that "[t]he implied warranty of

17   merchantability does not impose a general requirement that goods precisely fulfill the expectations

18   of the buyer; rather, it provides for a minimum level of quality which the law describes as being fit

19   for the ordinary purposes for which such goods are used."  *Isip*, 155 Cal. App. 4th at 23.  The

20   Court will not administer this instruction.

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

~~JURY INSTRUCTION NO. ____~~

~~AFFIRMATIVE DEFENSE – UNAUTHORIZED OR UNREASONABLE USE~~

~~GM is not responsible for any harm to Plaintiff Tarvin, Plaintiff Davis, or any members of the California or North Carolina Classes, if GM proves that any defect in the Class Vehicles or failure to match any implied warranty was caused by unauthorized or unreasonable use of their vehicles after they were sold.~~

For the reasons provided below, the Court will not administer this instruction.

First, in this district, affirmative defenses must meet the *Twombly/Iqbal* standard. *See Goobich v. Excellence Learning Corp.*, No. 19-cv-06771-EJD, 2020 WL 1503685, at *2 (N.D. Cal. Mar. 30, 2020) (collecting authorities). Thus, "[w]hile a defense need not include extensive factual allegations in order to give fair notice, bare statements reciting mere legal conclusions may not be sufficient." *Neo4j, Inc. v. PureThink, LLC*, No. 18-cv-07182-EJD, 2020 WL 4901619 (N.D. Cal. Aug. 20, 2020) (quoting *Perez v. Gordon & Wong Law Group, P.C.*, No. 11-cv-03323-LHK, 2012 WL 1029425, at *8 (N.D. Cal. Mar. 26, 2012)). In order to satisfy the pleading requirements of Rule 8, "a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense." *Id.* The Court has serious concerns as to whether GM pleaded its affirmative defense with the requisite specificity to provide fair notice to Plaintiffs. Its allegations are conclusory. *See* Docket No. 423 (Answer and Affirmative Defenses) at 23 (pleading that "the claims of some plaintiffs are barred, in whole or in part, by plaintiffs' abuse, neglect, failure to properly maintain, misuse, and/or non-use of their vehicles, and/or damage that occurred after their vehicles were purchased").

Second, this affirmative defense is inconsistent with the allegations in the case. Plaintiffs' theory of liability is that the Class Vehicles contain an inherent defect. Docket No. 412 (Eighth Amended Complaint) ¶ 7. Plaintiffs claim that they were harmed when they purchased these allegedly defective vehicles because they paid more for them than what these vehicles were ostensibly worth. *Id.* ¶ 20. In other words, the liability and damages occurred *at the moment of purchase*. Class members' *subsequent* use of an aftermarket device (assuming *arguendo* that such

63

use constitutes "unauthorized or unreasonable use" within the meaning of the jury instruction) is

immaterial.

~~**JURY INSTRUCTION NO. \_\_\_\_ (No. 46)**~~

~~**CONTINUED USE OF CLASS VEHICLES**~~

~~In making your determination whether GM breached any implied warranty of merchantability, you may consider any evidence of Plaintiff Tarvin, Plaintiff Davis, or any other California or North Carolina Class members' continued use of a Class Vehicle as evidence that the Class Vehicles were fit for their ordinary function of transportation.~~

The Court does not find this instruction helpful in light of the information included in the earlier breach of implied warranty claim under the Song-Beverly Act instruction.   The parties have agreed to withdraw this instruction.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. _____ (No. 47)**

**VIOLATION OF THE IDAHO CONSUMER PROTECTION ACT**

**(IDAHO CODE ANN §§ 48-601, et seq.)**

Plaintiff Del Valle asserts a claim, on his own behalf and on behalf of the Idaho Class, under the Idaho Consumer Protection Act. The Idaho Consumer Protection Act prohibits unfair methods of competition and unfair or deceptive trade practices. Plaintiff Del Valle has the burden to prove all of the following:

1. That GM knew or in the exercise of due care should have known it was engaging in an unfair or deceptive practice;

2. That the act or practice occurred in the conduct of GM's trade or commerce;

3. That Plaintiff Del Valle and the other Idaho class members suffered an ascertainable loss; and

4. That GM's acts caused damages to Plaintiff Del Valle and all of the other Idaho class members.

An act or practice is "unfair" if it is shown to possess a tendency or capacity to deceive consumers. A tendency or capacity to mislead or deceive is sufficient; actual deception need not be shown.

Court Notes: *In re Beach*, 447 B.R. 313, 319 (Bankr. D. Idaho 2011); *State ex rel. Kidwell v. Master Distributors, Inc.*, 615 P.2d 116, 123 (1980); *Edmark Auto, Inc. v. Zurich Am. Ins. Co.*, No. 15-cv-00520, 2020 WL 127979, at *8 (D. Idaho Jan. 9, 2020).

The Court struck the "reliance" element sought by GM because the weight of authority indicates that reliance is not a necessary element of an ICPA claim. In an unpublished opinion, the Ninth Circuit held that "[r]equiring reliance is a reasonable construction of the statute." *Branscum v. 4-J Harvestore, Inc.*, 886 F.2d 334 (9th Cir. 1989). As an unpublished opinion, *Branscum* is, of course, nonbinding. *See Barnes v. Berryhill*, 895 F.3d 702, 707 n.7 (9th Cir. 2018); *Love & War, LLC v. Wild Bunch A.G.*, No. 18-cv-3773, 2020 WL 3213831, at *8 (C.D. Cal. Mar. 19, 2020) (noting that an unpublished Ninth Circuit opinion is not binding). And

United States District Court
Northern District of California

*Branscum* appears to be an outlier: the majority of courts, including the Idaho Supreme Court, have found otherwise. *See State ex rel. Kidwell v. Master Distributors, Inc.*, 615 P.2d 116, 123 (1980) ("The state contends that the court's findings of fact and conclusions of law reflect an erroneous belief that the state must prove in a consumer protection action that consumers in fact relied upon deceptions or misrepresentations made by the defendant and that the defendant's acts were a proximate cause of the defendant's acquisition of moneys from consumers in order that the state obtain restitutionary relief for Idaho consumers. It is our conclusion that the district court's analysis is not consistent with the intent and goals expressed in the Idaho Consumer Protection Act."); *In re Beach*, 447 B.R. 313, 319 (Bankr. D. Idaho 2011) ("Notably, neither reliance by an injured party nor the offending party's intention to deceive must be demonstrated in a successful ICPA claim"); *Gibson v. Credit Suisse AG*, No. 10-cv-1, 2012 WL 529702, at *26 (D. Idaho Feb. 17, 2012) (same); *see also Edmark Auto, Inc. v. Zurich Am. Ins. Co.*, No. 15-cv-00520, Docket No. 319 (administering ICPA jury instruction that does not mention reliance). Additionally, the Court previously found that GM had conceded that Mr. Del Valle did not need to show reliance in order to bring a claim under the ICPA. *See Siqueiros v. Gen. Motors LLC*, No. 16-cv-07244-EMC, 2021 WL 2115400, at *19 (N.D. Cal. May 25, 2021), *on reconsideration in part*, No. 16-CV-07244-EMC, 2021 WL 3291837 (N.D. Cal. Aug. 2, 2021) ("Defendants concede that Mr. Del Valle need not show reliance to bring a claim under the ICPA.").

The language in the last paragraph largely comes from the Idaho Supreme Court's decision in *Kidwell*. *See* 615 P.2d at 122 ("An act or practice is unfair if it is shown to possess a tendency or capacity to deceive consumers. 'The law is settled that a finding of 'tendency and capacity to mislead' is sufficient and that actual deception need not be shown.'"). GM voiced its concern that this language comes from *Kidwell*'s discussion of the FTCA, not the ICPA. Other courts quoted this language in *Kidwell* as applying to the ICPA. *See, e.g.*, *In re Edwards*, 233 B.R. 461, 470 (Bankr. D. Idaho 1999); *Roost Project, LLC v. Andersen Constr. Co.*, 437 F. Supp. 3d 808, 827 (D. Idaho 2020), *reconsideration denied,* No. 18-cv-00238, 2020 WL 3895757 (D. Idaho July 10, 2020); *Keegan v. Am. Honda Motor Co.*, 838 F. Supp. 2d 929, 959 (C.D. Cal. 2012).

The Court will not include the term "proximately" because GM did not point to any

67

examples where such instructions were given for an ICPA claim, nor was the Court independently able to locate any such instructions. *Cf. Edmark Auto, Inc. v. Zurich Am. Ins. Co.*, No. 15-cv-00520 (Docket No. 319) (ICPA jury instruction which did not use the term proximately).

**JURY INSTRUCTION NO. ____**

**AFFIRMATIVE DEFENSE – STATUTE OF LIMITATIONS UNDER IDAHO LAW**

GM contends that Plaintiff Del Valle's claim under the Idaho Consumer Protection Act on behalf of himself and the other members of the Idaho Class was not filed within the period of time required by law. The statute of limitations for a claim under the Idaho Consumer Protection Act requires a plaintiff to file his lawsuit within two years of the date that the alleged deceptive act occurred. Plaintiffs filed this lawsuit on December 19, 2016.

The statute of limitations does not permit recovery of damages for any vehicles purchased prior to December 19, 2014. GM has the burden of proving by a preponderance of the evidence that the statute of limitations bars the claims of Plaintiff Del Valle or any of the Idaho Class members.

Court Notes: Idaho Code § 48-619; *Performance Chevrolet, Inc. v. Mkt. Scan Info. Sys., Inc.*, 402 F. Supp. 2d 1166, 1171 (D. Idaho 2005); *Cayne v. Washington Tr. Bank*, No. 12-cv-0584, 2013 WL 5469787, at *8 (D. Idaho Sept. 30, 2013).

**JURY INSTRUCTION NO. \_\_\_\_**

**DISCOVERY RULE UNDER IDAHO LAW**

Plaintiff Del Valle asserts on behalf of himself and the Idaho Class that their Idaho Consumer Protection Act claim is not prohibited by the statute of limitations by reason of the "discovery rule." The "discovery rule" allows postponement of the statute of limitations period until a party knew, or with reasonable diligence should have known, that their claim exists.

The burden of proof for showing that the Idaho Consumer Protection Act claim is not barred is on Plaintiff Del Valle. This means that Plaintiff Del Valle must prove, by the preponderance of the evidence, that he and the other Idaho Class members did not know, and through the exercise of reasonable diligence could not have known, that their cause of action under the Idaho Consumer Protection Act might exist before December 19, 2014.

Court Notes: Idaho Code § 48-619; *Performance Chevrolet, Inc. v. Mkt. Scan Info. Sys., Inc.*, 402 F. Supp. 2d 1166, 1171 (D. Idaho 2005).

**JURY INSTRUCTION NO. \_\_\_\_**

**PROXIMATE CAUSE**

~~Throughout these instructions, I will use the expression "proximate cause," which I will explain. A party who seeks to recover for economic harm must prove that the defendant was responsible, and that the defendant's actions were a proximate cause of the economic harm. Proximate cause is an act that in the natural and continuous sequence directly produced the harm, and without which, the harm would not have occurred.~~

None of the pattern jury instructions proposed by the parties include the term "proximate cause." Additionally, this case does not require the jury to determine whether the way in which GM may have caused Plaintiffs' damages was "proximate" or not; none of GM's defenses invite that level of legal precision.

In light of the limited use and significant risk of confusion, the Court will not administer this instruction. *Cf. Norfolk S. Ry. Co. v. Sorrell*, 549 U.S. 158, 180 (2007) (Ginsburg, J., concurrence) (noting that "legal concepts such as 'proximate cause' and 'foreseeability' are best left to arguments between attorneys for consideration by judges or justices; they are not terms which are properly submitted to a lay jury, and when submitted can only serve to confuse jurors and distract them from deciding cases based on their merits").

**JURY INSTRUCTION NO. ____**

**DAMAGES – PROOF**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find that the Plaintiffs have met their burden of proof for all elements of their claims as to themselves and the other Class members, you must determine their damages.  The Plaintiffs have the burden of proving their individual and classwide damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the Plaintiffs and Class members for any injury you find was caused by GM.  You may not consider theoretical, hypothetical, or unmaterialized injuries or harm in determining this amount of money.

In deciding this amount, you will consider only the Plaintiffs' economic loss, if any, caused by GM.  The Plaintiffs do not claim damages for personal injury or emotional distress. The economic harm that Plaintiffs seek to recover is the difference between the purchasing price of the Class Vehicles and the market value of the Class Vehicles if the alleged defect was known.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Court Notes: 9th Cir. Model Civil Jury Instruction No. 5.1 (modified).

**JURY INSTRUCTION NO. 29**

**DAMAGES – ATTORNEYS' FEES**

You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this civil lawsuit.

Court Notes: CACI 3964.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

~~**JURY INSTRUCTION NO. ____**~~

~~**DAMAGES—ARGUMENTS OF COUNSEL**~~

~~The arguments of the attorneys are not evidence of damages.  Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.~~

The Court will not include this instruction because its prior instruction regarding what is not evidence makes clear that arguments and statements by lawyers are not evidence.  As a result, this instruction is not needed.

**JURY INSTRUCTION NO. \_\_\_\_**

**EVIDENCE IN ELECTRONIC FORMAT**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the clerk. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

Court Notes: 9th Cir. Model Civil Jury Instruction No. 2.16.

**JURY INSTRUCTION NO. \_\_\_\_**

**DUTY TO DELIBERATE**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases, to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

Do not be afraid to examine any assumptions you or other jurors have made which are not based on the evidence presented at trial. Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be – that is entirely up to you.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

Court Notes: 9th Cir. Model Instruction No. 3.1.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. _____**

**CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about

78

1    this case, the law, or the people involved – including the parties, the

2    witnesses or the lawyers – until you have been excused as jurors.  If

3    you happen to read or hear anything touching on this case in the

4    media, turn away and report it to me as soon as possible.

5    These rules protect each party's right to have this case decided only on evidence that has

6    been presented here in court.  Witnesses here in court take an oath to tell the truth, and the

7    accuracy of their testimony is tested through the trial process.  If you do any research or

8    investigation outside the courtroom, or gain any information through improper communications,

9    then your verdict may be influenced by inaccurate, incomplete or misleading information that has

10   not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial

11   jury, and if you decide the case based on information not presented in court, you will have denied

12   the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very

13   important that you follow these rules.

14   A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a

15   mistrial could result that would require the entire trial process to start over].  If any juror is

16   exposed to any outside information, please notify the court immediately.

18   Court Notes: 9th Cir. Model Instruction No. 3.2.

**JURY INSTRUCTION NO. _____**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

Court Notes: 9th Cir. Model Instruction No. 3.3.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. _____**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.

Court Notes: 9th Cir. Model Instruction No. 3.5.