1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAUL SIQUEIROS, et al.,

               Plaintiffs,

      v.

GENERAL MOTORS LLC,

             Defendant.

Case No.  16-cv-07244-EMC

**FINAL INSTRUCTIONS**

     The Court's final jury instructions are reproduced below.

     **IT IS SO ORDERED**.

Dated: September 29, 2022

_____
EDWARD M. CHEN
United States District Judge

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

# I.      FINAL JURY INSTRUCTIONS
## (GIVEN AT THE END OF THE CASE)


## JURY INSTRUCTION NO. _____
### (COURT READS AND PROVIDES
### WRITTEN INSTRUCTIONS AT END OF CASE)

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  Do not allow personal likes or dislikes, opinions, prejudices, sympathy, or bias, including unconscious biases, influence you.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.  You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.  Do not be afraid to examine any assumptions you or other jurors have made which are not based on the evidence presented at trial.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.


Court Notes: 9th Cir. Model Instruction No. 1.4.  The Court has modified the instruction.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. _____**

**DEFINING THE CLASSES**

In this case, there are three classes: (1) All current owners or lessees of a Class Vehicle that was purchased or leased in new condition in the State of California (the "California Class"); (2) All current owners or lessees of a Class Vehicle that was purchased or leased from a GM-authorized dealer in the State of Idaho (the "Idaho Class"); and (3) All current owners or lessees of a Class Vehicle that was purchased or leased in the State of North Carolina (the "North Carolina Class").

The "Class Vehicles" are 2011-2014 Chevrolet Avalanches, Silverados, Suburbans, and Tahoes, and 2011-2014 GMC Sierras, Yukons, and Yukon XLs with Generation IV Vortec 5300 LC9 engines manufactured on or after February 10, 2011.  Any vehicle that has already received adequate piston replacement (i.e., upgraded piston rings) is excluded from the definition of Class Vehicle.

**JURY INSTRUCTION NO. _____**

**DIFFERENT LEGAL RIGHTS**

You should decide the case as to each Plaintiff and each class separately.  Unless otherwise stated, the instructions apply to all parties.

Court Notes: 9th Cir. Model Instruction No. 1.8.

**JURY INSTRUCTION NO. ____**

**CORPORATE EQUALITY**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

Court Notes: 9th Cir. Model Instruction No. 4.1.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. \_\_\_\_**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Court Notes: 9th Cir. Model Instruction No. 1.6.

**JURY INSTRUCTION NO. _____**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits that are admitted into evidence;

(3) any facts to which the lawyers have agreed; and

(4) any facts that I have instructed you to accept as proved.

Court Notes: 9th Cir. Model Instruction No. 1.9.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. _____**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Court Notes: 9th Cir. Model Instruction No. 1.10.

1

**JURY INSTRUCTION NO. ____**

2

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

3
Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as

4
testimony by a witness about what that witness personally saw or heard or did.  Circumstantial

5
evidence is proof of one or more facts from which you could find another fact.  You should

6
consider both kinds of evidence.  The law makes no distinction between the weight to be given to

7
either direct or circumstantial evidence.  It is for you to decide how much weight to give to any

8
evidence.

9

10
Court Notes: 9th Cir. Model Instruction No. 1.12.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. \_\_\_\_**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Your evaluation of witness testimony should not be influenced by any prejudice or bias,

United States District Court
Northern District of California

1   including unconscious bias.

2

3   Court Notes: 9th Cir. Model Instruction No. 1.14.  The Court has modified the instruction.

1

**JURY INSTRUCTION NO. _____**

2

**STIPULATIONS OF FACT**

3        The parties have agreed to certain facts (listed below).  You must therefore treat these facts

4    as having been proved.

5

6        Plaintiffs and General Motors LLC ("GM") (collectively, the "Parties"), stipulate to the

7    following:

8        1.        Plaintiff Garet Tarvin owns a 2012 GMC Sierra with a Gen IV LC9 Engine

9    manufactured after February 11, 2011. At the time of his purchase, plaintiff Tarvin received an

10   Owner Manual for his 2012 GMC Sierra. The Parties stipulate that Trial Exhibit 523 is a true and

11   correct copy of the Owner Manual plaintiff Tarvin received at the time he purchased his 2012

12   GMC Sierra.

13       2.        At the time he purchased his 2012 GMC Sierra, plaintiff Tarvin also received a

14   New Vehicle Limited Warranty from GM. The Parties stipulate that Trial Exhibit 550 is a true and

15   correct copy of the GM New Vehicle Limited Warranty that plaintiff Tarvin received at the time

16   he purchased his 2012 GMC Sierra.

17       3.        Plaintiff William Davis Jr. owns a 2012 Chevrolet Silverado with a Gen IV LC9

18   Engine manufactured after February 10, 2011. At the time of his purchase, plaintiff Davis received

19   an Owner Manual for his 2012 Chevrolet Silverado. The Parties stipulate that Trial Exhibit 524 is

20   a true and correct copy of the Owner Manual plaintiff Davis received at the time he purchased his

21   2012 Chevrolet Silverado.

22       4.        At the time he purchased his 2012 Chevrolet Silverado, plaintiff Davis also

23   received a New Vehicle Limited Warranty from GM. The Parties stipulate that Trial Exhibit 551 is

24   a true and correct copy of the GM New Vehicle Limited Warranty that plaintiff Davis received at

25   the time he purchased his 2012 Chevrolet Silverado.

26       5.        Plaintiff Gabriel Del Valle owns a 2013 Chevrolet Avalanche with a Gen IV LC9

27   Engine manufactured after February 10, 2011. At the time of his purchase, plaintiff Del Valle

28   received an Owner Manual for his 2013 Chevrolet Avalanche. The Parties stipulate that Trial

United States District Court
Northern District of California

12

1  Exhibit 527 is a true and correct copy of the Owner Manual plaintiff Del Valle received at the time
2  he purchased his 2013 Chevrolet Avalanche.

3        6.     At the time he purchased his 2013 Chevrolet Avalanche, plaintiff Del Valle also
4  received a New Vehicle Limited Warranty from GM. The Parties stipulate that Trial Exhibit 552 is
5  a true and correct copy of the GM New Vehicle Limited Warranty that plaintiff Del Valle received
6  at the time he purchased his 2013 Chevrolet Avalanche.

7        7.     Plaintiffs stipulate to the admissibility of Trial Exhibits 523, 524, 527, 550, 551,
8  and 552 subject to their introduction through the three named plaintiff witnesses.

11  Court Notes: 9th Cir. Model Instruction No. 2.2.

United States District Court
Northern District of California

13

**JURY INSTRUCTION NO. _____**

**JUDICIAL NOTICE**

The court has decided to accept as proved the fact that [state fact].  You must accept this fact as true.

Court Notes: 9th Cir. Model Instruction No. 2.3.  The Court will administer this instruction if applicable.

1
2

**JURY INSTRUCTION NO. \_\_\_\_**

**IMPEACHMENT EVIDENCE – WITNESS**

3

      Any evidence that a witness has been convicted of a crime or lied under oath on a prior

4

occasion, etc. may be considered, along with all other evidence, in deciding whether or not to

5

believe the witness and how much weight to give to the testimony of the witness and for no other

6

purpose.

7
8

Court Notes: 9th Cir. Model Instruction No. 2.9.

**JURY INSTRUCTION NO. \_\_\_\_**

**EXPERT OPINION**

You have heard testimony from Dr. Werner Dahm, Edward Stockton, Dr. Jeffrey Ball, Robert Kuhn, and Dr. Michael Keeley, who testified to opinions and the reasons for his or her opinions.  This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Court Notes: 9th Cir. Model Instruction No. 2.13.

1

2

**JURY INSTRUCTION NO. _____**

**DEFINITION OF "CLASS ACTION"**

3       As I told you at the beginning of the trial, this case involves a class action lawsuit.  A class

4   action is a lawsuit that has been brought by one or more plaintiffs on behalf of a larger group of

5   people who have similar legal claims.  All of these people together are called a "class."  The class

6   representatives who bring this action are: Garet Tarvin, William Davis, Jr., and Gabriel Del Valle.

7       In a class action, the claims of many individuals can be resolved at the same time instead

8   of requiring each class member to sue separately.  If you find it appropriate, you may apply the

9   evidence at this trial to all class members.  All members of the class will be bound by the results of

10  this trial.  The fact that this case is proceeding as a class action does not mean any decision has

11  been made about what your verdict should be.

12      In this case, there are three classes: (1) All current owners or lessees of a Class Vehicle that

13  was purchased or leased in new condition in the State of California (the "California Class"); (2)

14  All current owners or lessees of a Class Vehicle that was purchased or leased from a GM-

15  authorized dealer in the State of Idaho (the "Idaho Class"); and (3) All current owners or lessees of

16  a Class Vehicle that was purchased or leased in the State of North Carolina (the "North Carolina

17  Class").  The "Class Vehicles" are 2011-2014 Chevrolet Avalanches, Silverados, Suburbans, and

18  Tahoes, and 2011-2014 GMC Sierras, Yukons, and Yukon XLs with Generation IV Vortec 5300

19  LC9 engines manufactured on or after February 10, 2011.  Any vehicle that has already received

20  adequate piston replacement (i.e., upgraded piston rings) is excluded from the definition of Class

21  Vehicle.

22

23  Court Notes: CACI 115 (modified).

24

25

26

27

28

1

2

3

**JURY INSTRUCTION NO. \_\_\_\_**

**BREACH OF IMPLIED WARRANTY UNDER CALIFORNIA SONG-BEVERLY**

**CONSUMER WARRANTY ACT**

Plaintiff Tarvin claims that his vehicle did not have the level of quality that a buyer would reasonably expect.  This is known as "breach of an implied warranty."  The focus here is on a buyer's reasonable expectations, rather than the plaintiffs' subjective expectations.  To establish this claim on his own behalf, and on behalf of the California Class, Plaintiff Tarvin must prove all of the following:

1. That Plaintiff Tarvin and all other California Class members purchased or leased a Class Vehicle manufactured by General Motors;

2. That the Class Vehicles were not fit for the ordinary purpose for which such vehicles are used; and

3. That GM's breach of implied warranty was a substantial factor in causing Plaintiff Tarvin's and all other California Class members' damages.

Plaintiff Tarvin bears the burden of proving each of the above elements by a preponderance of the evidence.

Fitness for the ordinary purpose of a vehicle means that the vehicle should be in safe condition and substantially free from defects.  Where a car can provide safe, reliable transportation, it is generally considered merchantable.

Court Notes: CACI 3210 (modified); *Isip v. Mercedes-Benz USA, LLC*, 155 Cal. App. 4th 19, 27 (2007); *Brand v. Hyundai Motor Am.*, 226 Cal. App. 4th 1538, 1547 (2014), *as modified on denial of reh'g* (July 16, 2014); *In re MyFord Touch Consumer Litig.*, 291 F. Supp. 3d 936, 945–46 (N.D. Cal. 2018); *Taragan v. Nissan N. Am., Inc.*, No. 09-cv-3660-SBA, 2013 WL 3157918, at *4 (N.D. Cal. June 20, 2013).

1

2

3

**JURY INSTRUCTION NO. _____**

**AFFIRMATIVE DEFENSE – STATUTE OF LIMITATIONS UNDER**

**CALIFORNIA LAW**

GM contends that Plaintiff Tarvin's class action lawsuit alleging claims on behalf of himself and the California Class was not filed within the period of time set by law.  Plaintiffs filed this lawsuit on December 19, 2016.  The statute of limitations for a claim of breach of implied warranty under the Song-Beverly Consumer Warranty Act requires the plaintiff to file a lawsuit within four years from the date of vehicle purchase.

The statute of limitations does not permit recovery of damages for any vehicles purchased prior to December 19, 2012.  GM has the burden of proving by a preponderance of the evidence that the statute of limitations bars the claims of Plaintiff Tarvin or any of the California Class members.

Court Notes: CACI 3222 (modified).

United States District Court
Northern District of California

**JURY INSTRUCTION NO. \_\_\_\_**

**FRAUDULENT CONCEALMENT TOLLING UNDER CALIFORNIA LAW**

The law provides that there are some situations in which the time period set out in a statute of limitations can be extended.  In these situations, the date when the time period begins to run is suspended or delayed.  This is known as the tolling the statute of limitations.  In other words, if the statute of limitations in this case is tolled, then the period for filing a lawsuit is extended.  One situation in which the statute of limitations for a claim of breach of implied warranty under the Song-Beverly Consumer Warranty Act may be tolled is under the "fraudulent concealment" doctrine.

If you find that Plaintiff Tarvin and all other California class members have proven that GM's fraudulent concealment prevented him and the other California class members from discovering the facts giving rise to their claims before December 19, 2012, despite their exercise of due diligence, then these claims are not barred by the four-year statute of limitations.

To establish fraudulent concealment tolling, Plaintiff Tarvin must show by a preponderance of the evidence that:

(1) GM affirmatively and fraudulently concealed facts that are the basis of his claim and the claims of all California class members, and

(2) Plaintiff Tarvin and all other members of the California Class exercised reasonable diligence under the circumstances and still did not discover the alleged conduct.

To establish the first element, Plaintiff Tarvin must prove that GM engaged in an affirmative act of concealment as to him and all other members of the California class.  Mere silence does not constitute fraudulent concealment.  It is not enough for Plaintiff Tarvin to prove that GM did not notify him or members of the California Class about any design defect.

To establish the second element, Plaintiff Tarvin must prove that GM's fraudulent concealment prevented him and all other members of the California Class from discovering the facts giving rise to their claims before December 19, 2012, despite their exercise of due diligence.

Plaintiff need not show the exercise of reasonable diligence in discovering the oil consumption defect unless, and until, he became aware of facts that would cause a reasonable

person to inquire into whether his vehicle was sold with this defect.

Court Notes: *Bernson v. Browning-Ferris Indus.*, 7 Cal. 4th 926, 931 (1994); *Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1415–16 (9th Cir. 1987); *Conmar Corp. v. Mitsui & Co. (U.S.A.)*, 858 F.2d 499, 502 (9th Cir. 1988).

**JURY INSTRUCTION NO. _____**

**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY UNDER NORTH**

**CAROLINA LAW (N.C. GEN. STAT. § 25-2-314)**

Plaintiff Davis claims that GM breached its implied warranty of merchantability under North Carolina law.  On this issue the burden of proof is on Plaintiff Davis.  This means that Plaintiff Davis, on his own behalf and as to each member of the North Carolina class, must prove, by the greater weight of the evidence, all of the following:

1.  GM was a merchant with respect to the Class Vehicles purchased or leased by Plaintiff Davis and all other members of the North Carolina class;

2.  The Class Vehicles were not merchantable at the time of sale;

3.  That Plaintiff Davis and all other members of the North Carolina class suffered damages;

4.  That the alleged breach of implied warranty caused the damages to Plaintiff Davis and all other members of the North Carolina class; and

5.  That Plaintiff Davis and the other members of the North Carolina class gave timely notice of their claims to GM.

A merchant is a person or corporation that deals in goods of the kinds.

To be merchantable, goods must be fit for the ordinary purposes for which they are used.  The focus here is on a buyer's reasonable expectations, rather than the Plaintiffs' subjective expectations.  Goods that are defective at the point of sale are not merchantable.  A product defect may be shown by evidence that a specific defect existed in a product, or, alternatively, a product defect may be inferred from evidence that at product was put to its ordinary use and the product malfunctioned.  Where a car can provide safe, reliable transportation, it is generally considered merchantable.

Court Notes: NC Pattern Jury Inst. – Civ. 741.20 (modified); *DeWitt v. Eveready Battery Co.*, *Inc.*, 565 S.E.2d 140, 147 (N.C. 2002); *Ford Motor Credit Co. LLC v. McBride*, 257 N.C. App. 590, 594 (2018).

**JURY INSTRUCTION NO. \_\_\_\_**

**AFFIRMATIVE DEFENSE – STATUTE OF LIMITATIONS UNDER NORTH CAROLINA LAW**

Plaintiff Davis claims that his class action lawsuit alleging claims on behalf of himself and the North Carolina Class was filed within the period of time set by law.  The applicable statute of limitations for a claim of breach of implied warranty of merchantability under North Carolina law provides that the claim must be filed within four years of the date of vehicle purchase.  Plaintiffs filed this lawsuit on December 19, 2016.

The statute of limitations does not permit recovery of damages for any vehicles purchased prior to December 19, 2012.  Plaintiff Davis has the burden of proving by a preponderance of the evidence that the statute of limitations does not bar the claims of Plaintiff Davis or any of the North Carolina Class members.

Court Notes: N.C. Gen. Stat. Ann. § 25-2-725; *Little v. Rose*, 208 S.E.2d 666, 668 (1974).

1

**JURY INSTRUCTION NO. _____**

2

**FRAUDULENT CONCEALMENT TOLLING UNDER NORTH CAROLINA LAW**

3        The law provides there are certain situations in which the time period set out in a statute of

4   limitations can be extended.  In these situations, the date when the time period begins to run is

5   suspended or delayed.  This is known as tolling the statute of limitations.  In other words, if the

6   statute of limitations in this case is tolled, then the period for filing a lawsuit is extended.

7        Plaintiff Davis asserts that the statutes of limitations for his implied warranty claim under

8   North Carolina law and the implied warranty claims of all other North Carolina Class members

9   who purchased or leased their Class Vehicles before December 19, 2012 were tolled by the

10  fraudulent concealment doctrine.

11       To establish fraudulent concealment, Plaintiff Davis must show by a preponderance of the

12  evidence that:

13      1.   GM fraudulently concealed facts that are the basis of the claims of Plaintiff Davis and

14           the North Carolina Class members;

15      2.   Plaintiff Davis and all other North Carolina members failed to discover those facts

16           within the statutory period, despite;

17      3.   The exercise of due diligence.

18

19       To prove the first element, Plaintiff Davis must prove that GM engaged in an affirmative

20  act of fraudulent concealment.  Concealment, by mere silence, is not sufficient.  It is not enough

21  for Plaintiff Davis to prove that GM did not notify him or members of the North Carolina Class

22  about any design defect.

23       If the plaintiff establishes that he was not, and should not have been, aware of facts that

24  should have led to the discovery of the oil consumption defect, then the plaintiff need not show the

25  exercise of any other due diligence.

26

27  Court Notes: *Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535, 548 (4th Cir. 2019); *Wilkerson v.*

28  *Christian*, No. 06-cv-00871, 2008 WL 483445, at *11 (M.D.N.C. Feb. 19, 2008); *Wheeler v.*

United States District Court
Northern District of California

1    *BMW of N. Am. LLC*, 534 F. Supp. 3d 527, 535 (W.D.N.C. 2021).

**JURY INSTRUCTION NO. _____ (No. 47)**

**VIOLATION OF THE IDAHO CONSUMER PROTECTION ACT**

**(IDAHO CODE ANN §§ 48-601, et seq.)**

Plaintiff Del Valle asserts a claim, on his own behalf and on behalf of the Idaho Class, under the Idaho Consumer Protection Act.  The Idaho Consumer Protection Act prohibits unfair methods of competition and unfair or deceptive trade practices.  Plaintiff Del Valle has the burden to prove all of the following:

1. That GM knew or in the exercise of due care should have known it was engaging in an unfair or deceptive practice;

2. That the act or practice occurred in the conduct of GM's trade or commerce;

3. That Plaintiff Del Valle and all other Idaho class members suffered an ascertainable loss; and

4. That GM's acts caused damages to Plaintiff Del Valle and all of the other Idaho class members.

An act or practice is "unfair" if it is shown to possess a tendency or capacity to deceive consumers.  A tendency or capacity to mislead or deceive is sufficient; actual deception need not be shown.

Court Notes: *In re Beach*, 447 B.R. 313, 319 (Bankr. D. Idaho 2011); *State ex rel. Kidwell v. Master Distributors, Inc.*, 615 P.2d 116, 123 (1980); *Edmark Auto, Inc. v. Zurich Am. Ins. Co.*, No. 15-cv-00520, 2020 WL 127979, at *8 (D. Idaho Jan. 9, 2020).

1

**JURY INSTRUCTION NO. ____**

2

**AFFIRMATIVE DEFENSE – STATUTE OF LIMITATIONS UNDER IDAHO LAW**

3         GM contends that Plaintiff Del Valle's claim under the Idaho Consumer Protection Act on

4   behalf of himself and the other members of the Idaho Class was not filed within the period of time

5   required by law.  The statute of limitations for a claim under the Idaho Consumer Protection Act

6   requires a plaintiff to file his lawsuit within two years of the date that the alleged deceptive act

7   occurred.  Plaintiffs filed this lawsuit on December 19, 2016.

8         The statute of limitations does not permit recovery of damages for any vehicles purchased

9   prior to December 19, 2014.  GM has the burden of proving by a preponderance of the evidence

10  that the statute of limitations bars the claims of Plaintiff Del Valle or any of the Idaho Class

11  members.

12

13  Court Notes: Idaho Code § 48-619; *Performance Chevrolet, Inc. v. Mkt. Scan Info. Sys., Inc.*, 402

14  F. Supp. 2d 1166, 1171 (D. Idaho 2005); *Cayne v. Washington Tr. Bank*, No. 12-cv-0584, 2013

15  WL 5469787, at *8 (D. Idaho Sept. 30, 2013).

**JURY INSTRUCTION NO. \_\_\_\_**

**DISCOVERY RULE UNDER IDAHO LAW**

Plaintiff Del Valle asserts on behalf of himself and the Idaho Class that their Idaho Consumer Protection Act claim is not prohibited by the statute of limitations by reason of the "discovery rule." The "discovery rule" allows postponement of the statute of limitations period until a party knew, or with reasonable diligence should have known, that their claim exists.

The burden of proof for showing that the Idaho Consumer Protection Act claim is not barred is on Plaintiff Del Valle. This means that Plaintiff Del Valle must prove, by the preponderance of the evidence, that he and all other Idaho Class members did not know, and through the exercise of reasonable diligence could not have known, that their cause of action under the Idaho Consumer Protection Act might exist before December 19, 2014.

Court Notes: Idaho Code § 48-619; *Performance Chevrolet, Inc. v. Mkt. Scan Info. Sys., Inc.*, 402 F. Supp. 2d 1166, 1171 (D. Idaho 2005).

1

**JURY INSTRUCTION NO. _____**

2

**DAMAGES – PROOF**

3      It is the duty of the Court to instruct you about the measure of damages.  By instructing

4   you on damages, the Court does not mean to suggest for which party your verdict should be

5   rendered.

6      If you find that the Plaintiffs have met their burden of proof for all elements of their claims

7   as to themselves and all other Class members, only then must you determine their damages.  The

8   Plaintiffs have the burden of proving their individual and classwide damages by a preponderance

9   of the evidence.  Damages means the amount of money that will reasonably and fairly compensate

10  the Plaintiffs and Class members for any injury you find was caused by GM.  You may not

11  consider theoretical, hypothetical, or unmaterialized injuries or harm in determining this amount of

12  money.

13     In deciding this amount, you will consider only the Plaintiffs' economic loss, if any,

14  caused by GM.  The Plaintiffs do not claim damages for personal injury or emotional distress.

15  The economic harm that Plaintiffs seek to recover is the difference between the purchasing price

16  of the Class Vehicles and the market value of the Class Vehicles if the alleged defect was known.

17     It is for you to determine what damages, if any, have been proved.

18     Your award must be based upon evidence and not upon speculation, guesswork or

19  conjecture.

20

21  Court Notes: 9th Cir. Model Civil Jury Instruction No. 5.1 (modified).

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 29**

**DAMAGES – ATTORNEYS' FEES**

You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this civil lawsuit.

Court Notes: CACI 3964.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. _____

## EVIDENCE IN ELECTRONIC FORMAT

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence.  You may request a paper copy of any exhibit received in evidence by sending a note through the clerk.  If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury.  Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any nonjuror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

Court Notes: 9th Cir. Model Civil Jury Instruction No. 2.16.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. _____**

**DUTY TO DELIBERATE**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases, to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

Do not be afraid to examine any assumptions you or other jurors have made which are not based on the evidence presented at trial. Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be – that is entirely up to you.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

Court Notes: 9th Cir. Model Instruction No. 3.1.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. _____**

**CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about

34

1      this case, the law, or the people involved – including the parties, the

2      witnesses or the lawyers – until you have been excused as jurors.  If

3      you happen to read or hear anything touching on this case in the

4      media, turn away and report it to me as soon as possible.

5          These rules protect each party's right to have this case decided only on evidence that has

6  been presented here in court.  Witnesses here in court take an oath to tell the truth, and the

7  accuracy of their testimony is tested through the trial process.  If you do any research or

8  investigation outside the courtroom, or gain any information through improper communications,

9  then your verdict may be influenced by inaccurate, incomplete or misleading information that has

10 not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial

11 jury, and if you decide the case based on information not presented in court, you will have denied

12 the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very

13 important that you follow these rules.

14         A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a

15 mistrial could result that would require the entire trial process to start over].  If any juror is

16 exposed to any outside information, please notify the court immediately.

17

18 Court Notes: 9th Cir. Model Instruction No. 3.2.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. ____**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

Court Notes: 9th Cir. Model Instruction No. 3.3.

**JURY INSTRUCTION NO. _____**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.

Court Notes: 9th Cir. Model Instruction No. 3.5.