Jennie Lee Anderson (SBN 203586)
**ANDRUS ANDERSON LLP**
155 Montgomery Street, Suite 900
San Francisco, California 94104
Telephone: 415-986-1400
jennie@andrusanderson.com
lori@andrusanderson.com

Adam J. Levitt (*pro hac vice*)
**DICELLO LEVITT LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Telephone: 312-214-7900
alevitt@dicellolevitt.com

W. Daniel "Dee" Miles, III (*pro hac vice*)
**BEASLEY, ALLEN, CROW,**
**METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Montgomery, Alabama 36104
Telephone: 334-269-2343
Dee.Miles@beasleyallen.com

*Class Counsel*
(*additional counsel appear on signature page*)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RAUL SIQUEIROS, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS LLC,<br><br>    Defendant. | Case No.: 16-cv-07244-EMC<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR CLARIFICATION OF CLASS DEFINITION**<br><br>Judge: Hon. Edward J. Chen<br>Hearing Date: February 16, 2023<br>Time of Hearing: 1:30 p.m. |

## NOTICE OF MOTION

TO THIS COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 16, 2023 at 1:30 pm, in the United States District Court, Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California, Courtroom 5, 17th Floor, before the Honorable Edward M. Chen, Plaintiffs will, and hereby do, move this Court for an order clarifying the definitions of the certified Classes in this matter.

## STATEMENT OF RELIEF SOUGHT

Plaintiffs seek to clarify that the certified Classes in this matter include all those who were current owners or lessees of Class Vehicles as of May 23, 2022, the date of class notice.

In preparation for entry of judgment on the jury's October 4, 2022 verdict (Dkt. No. 566), Plaintiffs respectfully submit this motion for an order under Fed. R. Civ. P. 23(c)(1) clarifying that the definitions of the certified Classes in this action include, consistent with the requirements of due process, the current owners of the Class Vehicles as of May 23, 2022, the date that notice was issued to the certified Classes pursuant to Fed. R. Civ. P. 23(c)(2) (Dkt. No. 399).

The three Classes certified in this action have been defined to include "[a]ll current owners or lessees of a Class Vehicle that was purchased or leased" in the three states at issue – California, Idaho, and North Carolina. (Dkt. No. 554 at 3.)[1] However, membership in the class was not explicitly fixed as of a certain point in time. Cf. Manual for Complex Litigation, Fourth § 21.222 ("The relevant time should be included in the class definition."). This poses a potential due process problem if "current owners" is construed to include those who failed to receive the class notice because they purchased their Class Vehicles **after** May 23, 2022. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 628 (1997) ("recogniz[ing] the gravity of the question whether class action notice sufficient under the Constitution and Rule 23 could ever be given" to those who join the class following class notice). For this reason, it is appropriate to clarify that the certified Classes include those "current owners and lessees" as of May 23, 2022, the date that class notice was issued.

This same issue arose in *In re Whirlpool Corp. Front-Loading Washer Products Liability Litigation*, 302 F.R.D. 448 (N.D. Ohio 2014). There, the court acknowledged that "its original class definition," which, as the ones here, did not include any time limitation, "was incomplete." *Id.* at 461. The *Whirlpool* Court further noted the "fundamental due process concerns" resulting from the lack of a time limitation. *Id.* "Construing the class period to have no 'cut-off date' means there will be class members who purchase [the product at issue] tomorrow, wholly unaware their rights will be decided in this litigation. This is not permissible." *Id.* (citing *Amchem*, 521 U.S. at 628). The court concluded that temporally fixing the class as of "the date that class notice was completed…would avoid the due process

---

[1] The California Class was further limited to Class Vehicles "purchased or leased in new condition," while the Idaho Class was further limited to Class Vehicles "purchased or leased from a GM-authorized dealer." (*Id.*)

concerns mentioned above."[2] *Whirlpool*, 302 F.R.D. at 461. Class counsel further note that, due to these same due process concerns, the classes certified earlier this year in *Weidman v. Ford Motor Co.*, No. 2:18-cv-12719-GAD-JJG (E.D. Mich.), which class counsel here were also appointed to represent, were defined to cut off after the date of class notice. *See* Ex. 1, Weidman Long-Form Notice at 4 (available at https://www.f150brakelitigation.com/wp-content/uploads/2022/08/Long-Form-Notice.pdf). Fixing the class as of the date of class notice here would similarly avoid any due process concerns.

For the foregoing reasons, Plaintiffs respectfully request that the definitions of the certified Classes be clarified as follows:

**California Class:** All current owners or lessees of a Class Vehicle as of May 23, 2022 that was purchased or leased in new condition in the State of California.

**Idaho Class:** All current owners or lessees of a Class Vehicle as of May 23, 2022 that was purchased or leased from a GM-authorized dealer in the State of Idaho.

**North Carolina Class:** All current owners or lessees of a Class Vehicle as of May 23, 2022 that was purchased or leased in the State of North Carolina.

Dated: November 15, 2022

/s/ *Adam J. Levitt*
Adam J. Levitt (*pro hac vice*)
John E. Tangren (*pro hac vice*)
Daniel R. Ferri (*pro hac vice*)
**DICELLO LEVITT LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Telephone: 312-214-7900
alevitt@dicellolevitt.com
jtangren@dicellolevitt.com
dferri@dicellolevitt.com

---

[2] In *Whirlpool* this option was not available because the class would have included models not sold until after class certification was entered. *Id.* This is not an issue here where all of the Class Vehicles were sold before Plaintiffs filed suit.

|     |     |
| --- | --- |
| 1   | W. Daniel "Dee" Miles, III (*pro hac vice*) |
| 2   | H. Clay Barnett, III (*pro hac vice*)<br>J. Mitch Williams (*pro hac vice*) |
|     | **BEASLEY, ALLEN, CROW,** |
| 3   | **METHVIN, PORTIS & MILES, P.C.**<br>272 Commerce Street |
| 4   | Montgomery, Alabama 36104<br>Telephone: 334-269-2343 |
| 5   | Dee.Miles@beasleyallen.com<br>Clay.Barnett@beasleyallen.com |
| 6   | Mitch.Williams@beasleyallen.com |
| 7   | Jennie Lee Anderson (SBN 203586)<br>Lori E. Andrus (SBN 205816) |
| 8   | **ANDRUS ANDERSON LLP**<br>155 Montgomery Street, Suite 900 |
| 9   | San Francisco, California 94104<br>Telephone:  415-986-1400 |
| 10  | jennie@andrusanderson.com<br>lori@andrusanderson.com |
| 11  | Anthony J. Garcia (*pro hac vice*) |
| 12  | **AG LAW P.A.**<br>3602 West Euclid Avenue |
| 13  | Tampa, Fllorida 33629<br>Telephone:  813-259-9555 |
| 14  | anthony@aglawinc.com |
| 15  | ***Class Counsel*** |

**ECF CERTIFICATION**

Pursuant to Civil L.R. 5-1(h)(3), the filing attorney attests that she has obtained concurrence regarding the filing of this document from the signatories to the document.

Date: November 15, 2022

By: /s/ *Jennie Lee Anderson*