UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL DEL VALLE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS LLC,<br><br>Defendants. | Case No. 16-cv-07244-EMC<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT**<br><br>Docket Nos. 654, 655, 704, 694, 713 |

Before the Court is Plaintiff's unopposed Motion to approve the proposed Settlement, plan of allocation, and the form and manner of notice, certify the proposed Class for settlement, direct notice to the Class under Rule 23(e), and schedule a final approval hearing at which the Court will consider final approval of the Settlement, final approval of the plan of allocation, and Class Counsel's motion for fees, costs, and service awards in this action. Docket No. 713. The terms of Plaintiff's proposed Settlement are set forth in a Settlement Agreement with the accompanying exhibits (the "Agreement").[1] The Parties reached the Settlement through arm's-length negotiations over a period of approximately four months, and, on January 22, 2025, participated in an all-day in person mediation with Antonio Piazza of Mediated Negotiations, Inc. Under the Settlement Agreement, the Action will be dismissed with prejudice, and Class Plaintiffs and the Classes will discharge and release their claims against the Released Parties in exchange for GM's agreement to pay the non-reversionary cash Settlement Amount of One Hundred Fifty Million Dollars ($150,000,000.00) into the Settlement Fund to be distributed to Class Members in accordance with the Settlement Agreement. Plaintiff's Motion is **GRANTED**.

---

[1] Capitalized terms shall have the definitions and meanings accorded to them in the Settlement Agreement. *See* Docket No. 713-1, "Class Action Settlement Agreement and Exhibits."

# I. CLASS CERTIFICATION AND APPOINTMENT OF CLASS PLAINTIFFS AND CLASS COUNSEL

At the preliminary approval stage, "[i]f the court has already certified a class, the only information ordinarily necessary is whether the proposed settlement calls for any change in the class certified, or of the claims, defenses, or issues regarding which certification was granted." Fed. R. Civ. P. 23, advisory committee notes to 2018 Amendment. Here, the Court has already certified the California, Idaho, and North Carolina Classes. ECF Nos. 237, 320, and 633. The proposed Settlement does not call for any changes to these Classes, or of the claims, defenses, or issues regarding which certification was granted. Therefore, for the same reasons identified in the Court's certification orders, the certified Classes satisfy adequacy, typicality, numerosity, and commonality under Rule 23(a) and predominance and superiority Rule 23(b)(3). *See, e.g., In re Lyft, Inc. Sec. Litig.*, 2022 WL 17740302, at *3 (N.D. Cal. Dec. 16, 2022) (finding no reason to revisit a prior certification order a preliminary settlement approval where the proposed settlement class was identical to that already certified). The Court, therefore, confirms the following certified Classes for settlement purposes:

> All current owners or lessees of a Class Vehicle that was purchased or leased in new condition in the State of California as of May 23, 2022 (the "California Class").
>
> All current owners or lessees of a Class Vehicle that was purchased or leased from a GM-authorized dealer in the State of Idaho as of May 23, 2022 (the "Idaho Class").
>
> All current owners or lessees of a Class Vehicle that was purchased or leased in the State of North Carolina as of May 23, 2022 (the "North Carolina Class").
>
> Excluded from the Classes are: GM; any affiliate, parent, or subsidiary of GM; any entity in which GM has a controlling interest; any officer, director, or employee of GM; any successor or assign of GM; and any judge to whom this Action is assigned, and his or her spouse; individuals and/or entities who validly and timely opted-out of the previously certified classes following the Notice of Pendency of Class Action issued in this litigation on or about May 23, 2022; and current or former owners of a Class Vehicle who previously released claims in an individual settlement with GM that would otherwise be covered by the Release in this Action.

"Class Vehicles" means all 2011-2014 Chevrolet Avalanche, Silverado, Suburban, and Tahoe, and 2011-2014 GMC Sierra, Yukon, and Yukon XL trucks and SUVs with Generation IV Vortec 5300 LC9 engines manufactured on or after February 10, 2011 and purchased or leased in California,

2

1    Idaho, or North Carolina. Any vehicle that has already received adequate piston replacement (i.e.,
2    upgraded piston rings) under warranty and at no cost is excluded from the definition of Class
3    Vehicle.

The Court confirms its appointment of Plaintiffs Gabriel Del Valle, William Davis, Jr., and Garret Tarvin as Class Plaintiffs for the Classes. The Court confirms its appointment of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. and DiCello Levitt, LLP as Class Counsel.

## II.     PRELIMINARY APPROVAL OF THE SETTLEMENT

Pursuant to Rule 23(e)(2), in order to grant preliminary approval, the Court must find that the proposed Settlement is "fair, reasonable, and adequate" after considering whether: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate—taking into account (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, if required; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2). In assessing fairness of a settlement, courts weigh: "(1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (internal citations omitted).

The Court preliminarily approves the Settlement Agreement, including the exhibits, appended to the Motion as fair, reasonable, and adequate under Rule 23(e)(2), after taking into account that the Class Plaintiffs and Class Counsel have adequately represented the Classes; the Settlement was reached in the absence of collusion and is the product of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel; the relief provided is adequate given: (a) the costs, risks and delay of appeal and potential re-trial, (b) the

1    proposed Notice Plan is sufficient to notify the Classes, (c) the terms of the proposed attorney's

2    fees and timing of payment, and (d) the remaining terms of the Settlement Agreement. The

3    fairness and reasonableness of this settlement is further evidenced by the fact that after a full trial,

4    class members were awarded $2,700.  Here, depending on the exact size of the North Carolina

5    class and a potential future award of attorneys' fees, costs, and service awards, class members are

6    estimated to receive a number that is not too far off from the jury award.  But for this settlement,

7    there would be substantial risks of appeals challenging rulings and pretrial rulings in this case that

8    would potentially delay and diminish the class members' awards for years.

9           Plaintiffs have submitted sufficient information for the Court to support that Class Notice

10   should be disseminated as "the proposed settlement will likely earn final approval." *See* Fed R.

11   Civ. P. 23(e) advisory committee's note to 2007 Amendment.

12          The Court further finds that the Settlement, including the exhibits, appended to the Motion

13   is within the range of reasonableness and possible judicial approval, such that: (a) a presumption

14   of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is

15   appropriate to effectuate notice to the Classes, as set forth in the Settlement Agreement, and

16   schedule a Final Approval Hearing to assist the Court in determining whether to grant final

17   approval to the Settlement and enter Judgment.

18   **III.    APPROVAL OF NOTICE PLAN AND DIRECTION TO EFFECTUATE THE**
19                                                **NOTICE**

20          The Court approves the form and content of the notices to be provided to the Classes,

21   substantially in the forms appended as Exhibits 3, 4, and 5 to the Settlement Agreement, as

22   amended at Docket No. 722. The Court further approves the establishment of an internet website

23   for the Settlement. The Court approves the Notice Plan, as described in the Declaration of Ryan

24   Aldridge of Eisner Advisory Group, LLC, the proposed Settlement Administrator. The Notice

25   Plan is reasonably calculated under the circumstances to apprise the Classes of the pendency of the

26   Action, the certification of the Settlement Classes, the terms of the Settlement, their rights to

27   object to the Settlement and Class Counsel's Motion for Attorneys' Fees and Expenses, and the

28   request for Service Awards. The notices and Notice Plan constitute sufficient notice to all persons

4

and entities entitled to notice. The notices and Notice Plan satisfy all applicable requirements of law, including, but not limited to, Rule 23 and the constitutional requirement of due process. The Court finds that the forms of notice are written in simple terminology, are readily understandable by Class Members and comply with the Federal Judicial Center's illustrative class action notices. The Court orders that the notices be disseminated to the Classes as per the Notice Plan.

The Court directs that Eisner Advisory Group, LLC ("EAG") shall act as the Settlement Administrator. The Settlement Administrator shall implement the Notice Plan, as set forth in the Settlement, using substantially the forms of notice appended as Exhibits 3, 4, and 5 to the Settlement Agreement (as amended at Docket No. 722) and approved by this Order. Notice shall be provided to the Class Members pursuant to the Notice Plan and the Settlement Administrator's declaration (Settlement Agreement, Exhibit 2), as specified in Section VIII of the Settlement Agreement and approved by this Order.

The Settlement Administrator shall send the Class Notice, substantially in the form attached to the Settlement Agreement as Exhibits 4 and 5 (as amended at Docket No. 722) to Class Members by U.S. Mail, proper postage prepaid to Class Members, and by E-mail, where an email address is available, as identified by data to be provided by GM to the Settlement Administrator or a similar third-party entity. The mailings of Class Notice to the persons and entities identified shall be substantially completed in accordance with the Notice Plan. The Settlement Administrator is hereby ordered to obtain such vehicle registration information from, *inter alia*, the applicable Departments of Motor Vehicles.

The Court authorizes the Settlement Administrator, Eisner Advisory Group, LLC, through data aggregators or otherwise, to request, obtain and utilize vehicle registration information from Department of Motor Vehicles for California, Idaho, and North Carolina for the purposes of providing the identity of and contact information for Class Members. Vehicle registration information includes, but is not limited to, owner/lessee name and address information, registration date, year, make and model of the vehicle.

The Court directs GM to provide, within seven (7) days of the entry of this Preliminary Approval Order, to the extent it has not already done so, all Class Vehicle VINs to the Settlement

Administrator, or a similar third-party entity, who shall be authorized to use that information to obtain the names and most current addresses of Class Vehicle owners through state agencies.

## IV. <u>FINAL APPROVAL HEARING AND OBJECTIONS</u>

The Court directs that a Final Approval Hearing shall be scheduled for **October 2, 2025** at 1:30 p.m., to assist the Court in determining whether to grant final approval to the Settlement Agreement and enter the Final Approval Order and Judgment, and whether Class Counsel's Motion for Attorneys' Fees and Expenses and request for Service Awards should be granted.

All Class Members shall be bound by all subsequent proceedings, orders and judgments, including, but not limited to, the Release, Final Approval Order and Judgment in the Action, even if he, she, they, or it has litigation pending or subsequently initiates litigation against GM relating to the claims and transactions released in the Action.

The Court further directs that any person or entity in the Classes may object, directly or through a lawyer at his, her or its expense, to the Settlement Agreement, the Motion for Attorneys' Fees and Expenses, and/or the requested Service Awards to the Class Plaintiffs. Class Members who wish to object to the Settlement must send their written objections only to the Court. All objections will be scanned into the electronic case docket, and the Parties will receive electronic notices of the filings. Objections shall be mailed to the Clerk of the Court at the following address:

> Mark B. Busby, Clerk of the Court
> Office of the Clerk
> United States District Court
> 450 Golden Gate Avenue
> San Francisco, CA 94102-3489
> Re: *Raul Siqueiros, et al. v. General Motors LLC*, No. 3:16-CV-07244-EMC

For an objection to be considered by the Court, the objection must be received by the Court on or before the deadline established by the Court and must set forth:

> (a) The case name and number of the Action, *Raul Siqueiros, et al. v. General Motors LLC*, 3:16-CV-07244 (N.D. Cal.);

6

(b) The objector's full name, current residential address, mailing address (if different), telephone number, and e-mail address;

(c) An explanation of the basis upon which the objector claims to be a Class Member, including the make, model year, and VIN(s) of the Class Vehicle(s), and whether the Class Vehicle is currently owned or currently leased by the Class Member;

(d) Whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class, and all grounds for the objection, accompanied by any legal support for the objection, and any documents or other evidence the objector believes supports the objection;

(e) Copies of any documents the objector wishes to submit in support;

(f) The full name, telephone number, mailing address, and e-mail address of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement Agreement, the request for Attorneys' Fees and Expenses, and/or the requested Service Awards to the Class Plaintiffs;

(g) A statement of whether the Class Member objecting intends to appear at the Final Approval Hearing, either with or without counsel;

(h) The identity of all counsel (if any) who will appear on behalf of the Class Member objecting at the Final Approval Hearing and all persons (if any) who will be called to testify in support of the objection;

(i) If the objecting Class Member intends to appear, in person or by counsel, at the Final Approval Hearing, the objecting Class Member must so state in the objection. Any Class Member who does not state his or her intention to appear in accordance with the applicable deadlines and other

7

specifications, or who has not filed an objection in accordance with the applicable deadlines and other specifications, will be deemed to have waived any objections to the Settlement and can be barred from speaking or otherwise presenting any views at the Final Approval Hearing;

(j) Any Class Member objecting to the Settlement shall provide a list of any other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five (5) years including the caption and case number of each case in which the objector has made such objection and the caption and case number of any related appeal, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case. If the Class Member or his or her counsel has not made any such prior objection, the Class Member shall affirmatively so state in the written materials provided with the objection; and

(k) The original handwritten signature and date of signature of the Class Member objecting (an electronic signature or attorney's signature is not sufficient) and the signature of any attorney representing the Class Member objecting in connection with the objection, and the date of the objection.

Any objection that fails to satisfy these requirements and any other requirements found in the Long Form Notice may not be considered by the Court.

## V. SETTLEMENT DEADLINES

The Settlement deadlines are as follows:

| EVENT | DEADLINES |
|---|---|
| Commencement of Class Notice Plan | June 4, 2025 |
| GM's Counsel shall provide, to the extent it has not already done so, a list of VINs for the Class Vehicles to the Settlement Administrator | June 11, 2025 |
| Class Notice to be Substantially Completed | July 7, 2025 |
| Plaintiffs' Motion, Memorandum of Law and Other Materials in Support of their Requested Award of Attorneys' Fees, Reimbursement of Expenses, and Request for Class Plaintiffs' Service Awards to be Filed with the Court | July 7, 2025 |
| Plaintiffs' Motion, Memoranda of Law, and Other Materials in Support of Final Approval to be Filed with the Court | July 7, 2025 |
| Deadline for Receipt by the Clerk of All Objections Mailed by Class Members | August 8, 2025 |
| Deadline for filing Notice of Intent to Appear at Final Approval Hearing by Class Members and/or their Personal Attorneys | August 8, 2025 |
| Deadline for North Carolina Class Members to submit North Carolina Class Member Identification Forms. | August 8, 2025 |
| Any submission by the Parties concerning Final Approval of Settlement and Responses to any objections | August 13, 2025 |
| Settlement Administrator Shall File the Results of the Dissemination of the Notice with the Court | August 29, 2025 |
| Final Approval Hearing | **October 2, 2025**, at 1:30 p.m. - |

## VI. EFFECT OF FAILURE TO APPROVE THE SETTLEMENT OR TERMINATION

In the event the Settlement is not approved by the Court, or for any reason the Parties fail to obtain a Final Approval Order and Judgment as contemplated in the Settlement, the Final Effective Date does not occur, or the Settlement is terminated pursuant to its terms for any reason,

then the following shall apply:

    (i)    This Settlement Agreement shall be null and void and shall have no force or effect, and no Party to the Settlement Agreement will be bound by any of its terms;

    (ii)    The Settlement Amount shall be refunded to GM plus interest earned (net of any taxes paid on such interest), and net of all necessary and reasonable Settlement Administration Expenses incurred;

    (iii)    The Parties will petition the Court to have any stay orders entered pursuant to the Settlement Agreement lifted;

    (iv)    All of its provisions, and all negotiations, statements, and proceedings relating to the Settlement Agreement will be without prejudice to the rights of GM, Class Plaintiffs, or any Class Member, all of whom will be restored to their respective positions existing immediately before the execution of the Settlement Agreement, except that the Parties will cooperate in requesting that the Court set a new scheduling order such that no Party's substantive or procedural rights are prejudiced by the settlement negotiations and proceedings;

    (v)    GM and Class Plaintiffs on behalf of themselves and their heirs, assigns, executors, administrators, predecessors, and successors, and on behalf of the Classes, expressly and affirmatively reserve and do not waive any motions or arguments in support of or against the entry of final judgment on the class action trial verdict, any appeals thereto, and any other motions held in abeyance or otherwise stayed, including, without limitation, Plaintiffs' motions for attorneys' fees (including interest), expenses, and Service Awards;

    (vi)    Neither the Settlement Agreement, the fact of its having been made, nor the negotiations leading to it, nor any discovery or action taken by a Party or Class Member pursuant to the Settlement Agreement will be admissible or entered into evidence for any purpose whatsoever; and;

    (vii)    Any settlement-related order(s) or judgment(s) entered in this Action after

the date of execution of the Settlement Agreement will be deemed vacated and will be without any force or effect.

## VII.   STAY/BAR OF OTHER PROCEEDINGS

Pending the Final Approval Hearing and the Court's decision whether to finally approve the Settlement, no Class Member, either directly, representatively, or in any other capacity, shall commence, continue, or prosecute against any of the Releasees (as that term is defined in the Agreement) any action or proceeding in any court or tribunal asserting any of the matters, claims or causes of action that are to be released in the Agreement. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action. Upon final approval of the Settlement, all Class Members shall be forever enjoined and barred from asserting any of the matters, claims or causes of action released pursuant to the Agreement against any of the Released Parties, and any such Class Member shall be deemed to have forever released any and all such matters, claims, and causes of action against any of the Released Parties as provided for in the Agreement.

## VIII.   GENERAL PROVISIONS

The terms and provisions of the Settlement Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however, that after entry of the Final Approval Order and Judgment, the Parties may by written agreement effect such amendments, modifications, or expansions of this Settlement Agreement and its implementing documents (including all exhibits) without further notice to the Classes or approval by the Court if such changes are consistent with the Court's Final Approval Order and Judgment and do not limit the rights of Class Members under the Settlement Agreement.

The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in the Settlement Agreement without further notice (subject to Court approval as to court dates).

### IX. PRIOR MOTIONS

The Court terminates the following motions (previously held in abeyance pending a settlement) as **MOOTED** by this Settlement: Docket Nos. 654, 655, 704.

The Court **GRANTS** Defendant's Motion to Seal at Docket No. 694.

**IT IS SO ORDERED**.

Dated: June 10, 2025

_____
EDWARD M. CHEN
United States District Judge