UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL DEL VALLE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GENERAL MOTORS LLC, <br><br> Defendant. | Case No. 16-cv-07244-EMC   (EMC) <br><br> **ORDER GRANTING FINAL CLASS SETTLEMENT APPROVAL AND ATTORNEYS FEES AND COSTS** <br><br> Docket Nos. 726, 727 |

**WHEREAS**, the Court, having considered the Settlement Agreement filed April 17, 2025 (the "Settlement Agreement") between and among Class Plaintiffs, through Class Counsel, and Defendant General Motors LLC. ("GM"), the Court's June 10, 2025 Order Granting Preliminary Approval of the Class Settlement, Directing Notice to the Classes, and Scheduling Final Approval Hearing (ECF No. 723) (the "Preliminary Approval Order"), the Motion for Final Approval of the Class Settlement (ECF No. 726) ("Motion for Final Approval"), Class Counsel's Application for Attorneys' Fees, Reimbursement of Expenses, and Service Awards (ECF No. 727) ("Motion for Attorneys' Fees and Expenses"), having held a Final Approval Hearing on October 6, 2025, and having considered all of the submissions and arguments with respect to the Settlement Agreement and related documents and exhibits, and otherwise being fully informed, and good cause appearing therefore;

**IT IS HERBY ORDERED AS FOLLOWS:**

1) This Final Order Approving Class Action Settlement ("Final Order") incorporates herein and makes a part hereof, the Settlement Agreement and its exhibits, and the Preliminary Approval Order. Unless otherwise provided herein, the terms defined in the Settlement Agreement

and Preliminary Approval Order shall have the same meanings for purposes of this Final Order and accompanying Judgment.

2) The Court has jurisdiction over the subject matter and the Parties to this proceeding pursuant to 28 U.S.C. §§ 1331 and 1332.

3) Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions alleged by the Class Plaintiffs occurred in this District.

4) Based on the record before the Court, including all submissions in support of the Settlement set forth in the Settlement Agreement, objections and responses thereto and all prior proceedings in the Action, as well as the Settlement Agreement itself and its related documents and exhibits, the Court hereby confirms the certification of the following Classes for settlement purposes:

> All current owners or lessees of a Class Vehicle that was purchased or leased in new condition in the State of California as of May 23, 2022 (the "California Class").
>
> All current owners or lessees of a Class Vehicle that was purchased or leased from a GM-authorized dealer in the State of Idaho as of May 23, 2022 (the "Idaho Class").
>
> All current owners or lessees of a Class Vehicle that was purchased or leased in the State of North Carolina as of May 23, 2022 (the "North Carolina Class"). Excluded from the Classes are: GM; any affiliate, parent, or subsidiary of GM; any entity in which GM has a controlling interest; any officer, director, or employee of GM; any successor or assign of GM; and any judge to whom this Action is assigned, and his or her spouse; individuals and/or entities who validly and timely opted-out of the previously certified classes following the Notice of Pendency of Class Action issued in this litigation on or about May 23, 2022; and current or former owners of a Class Vehicle who previously released claims in an individual settlement with GM that would otherwise be covered by the Release in this Action.

"Class Vehicles" means all 2011-2014 Chevrolet Avalanche, Silverado, Suburban, and Tahoe, and 2011-2014 GMC Sierra, Yukon, and Yukon XL trucks and SUVs with Generation IV Vortec 5300 LC9 engines manufactured on or after February 10, 2011 and purchased or leased in California, Idaho, or North Carolina. Any vehicle that has already received adequate piston replacement (i.e., upgraded piston rings) under warranty and at no cost is excluded from the definition of Class Vehicle.

5) The Court confirms the appointment of Plaintiffs Gabriel Del Valle, William Davis,

Jr., and Garret Tarvin as Class Plaintiffs for the Classes.

6) The Court confirms the appointment of the following law firms as Class Counsel:

Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
218 Commerce Street
Montgomery, Alabama 36104
Tel.: (800) 898-2034

DiCello Levitt LLP
Ten North Dearborn Street, Sixth Floor
Chicago, IL 60602
Tel: (312) 214-7900

**Notice to Class Members**

7) The record shows and the Court finds that Class Notice has been given to the Classes in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Class Notice: (i) is reasonable and constitutes the best practicable notice to Class Members under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and the terms of the Settlement Agreement, their right to object to all or any part of the Settlement Agreement, their right to appear at the Final Approval Hearing (either on their own or through counsel hired at their own expense) and the binding effect of the orders and Final Order and Judgment in the Action, whether favorable or unfavorable, on all Class Members; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23 and any other applicable law as well as complying with the Federal Judicial Center's illustrative class action notices.

8) The Court further finds that GM, through the Settlement Administrator, provided notice of the Settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715. Furthermore, the Court has given the appropriate state and federal government officials the requisite ninety (90) day period to comment on or object to the Settlement Agreement before entering its Final Order and Judgment.

**Final Approval of the Settlement**

9) The Court finds that the Settlement Agreement resulted from extensive arm's length, good faith negotiations between Class Counsel and GM, through experienced counsel, including an in-person, all-day mediation before Anthony Piazza of Mediated Negotiations, Inc.

10) Pursuant to Fed. R. Civ. P. 23(e), the Court hereby finally approves, in all respects, the Settlement as set forth in the Settlement Agreement and finds that the Settlement Agreement, and all other parts of the Settlement are, in all respects, fair, reasonable, and adequate, and in the best interest of the Classes and are in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Class Action Fairness Act, and any other applicable law. The Court hereby declares that the Settlement Agreement is binding on all Class Members, and it is to be preclusive in the Action. The decisions of the Settlement Administrator relating to the review, processing, and distribution of Settlement Payments pursuant to the Agreement are final, subject to the dispute resolution provisions of the Settlement Agreement, and are not appealable.

11) In its Preliminary Approval Order, the Court evaluated the factors identified below to determine whether the Settlement Agreement is fair, reasonable, and adequate under Rule 23 (See Preliminary Approval Order at 3-4.) Since granting preliminary approval, the Court has received no objections to the proposed settlement from Class Members. Accordingly, the Court sees no reason to depart from its previous conclusion as to these factors. The Court concludes that the Settlement Agreement is fair, reasonable and adequate. This conclusion is based on, among other things, the following factors: "[1] the strength of plaintiffs' case; [2] the risk, expense, complexity, and likely duration of further litigation; [3] the risk of maintaining class action status throughout the trial; [4] the amount offered in settlement; [5] the extent of discovery completed, and the stage of the proceedings; [6] the experience and views of counsel; [7] the presence of a governmental participant; and [8] the reaction of the class members to the proposed settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003). Furthermore, the Court finds that the four factors included in Rule 23(e) also weigh in favor of approving the settlement: (1) the adequacy of representation by class representatives and class counsel; (2) whether settlement negotiations were

1 done fairly at arm's length; (3) the adequacy of relief provided under the settlement—taking into account (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of the proposed methods of distributing relief to the class, including the method of processing class-member claims, if required, (iii) the terms of any proposed award of attorney's fees, including timing of payment, and (iv) any agreement required to be identified under Rule 23(e)(3); and (4) the equity of treatment of class members relative to one another. Fed. R. Civ. P. 23(e)(2) (amended Dec. 2018).

12) The Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Settlement Agreement. In addition, the Parties are authorized to agree to and adopt such amendments and modifications to the Settlement Agreement as: (i) shall be consistent in all material respects with this Final Order, and (ii) do not limit the rights of the Classes.

## Attorneys' Fees, Expenses, and Service Awards

13) The Court finds, upon review of the Settlement, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, the record in the action, and considering (1) the results achieved, (2) the risks of litigation, (3) whether there are benefits to the class beyond the immediate generation of a cash fund, (4) whether the percentage rate is above or below the market rate, (5) the contingent nature of the representation and the opportunity cost of bringing the suit, (6) reactions from the class, and (7) a lodestar cross-check, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048–50 (9th Cir. 2002), that Class Counsel's requested fees in the amount of $55,763,397 and reimbursement of expenses in the amount of $1,236,603, totaling thirty-eight percent (38%) of the One Hundred Fifty Million ($150,000,000) Settlement Fund, is appropriate, fair, and reasonable.

This is the rare case where Plaintiffs settled only after going to trial on their claims, and in doing so, obtained greater monetary relief for Class Members than the damages awarded at trial. Counsel also incurred the extraordinary risk of prosecuting this case through trial to verdict. Based on the trial evidence and the vigorous defense, the risk undertaken was not insubstantial. The extraordinary result obtained for the Class Members justifies this extraordinary award.

1  Further, the lodestar cross-check confirms that the award is reasonable. Even if the Court subjects Plaintiffs' lodestar to a discretionary 10% "haircut" and reduces hourly rates to match those awarded in recent cases, the lodestar multiplier is below 3, a multiplier well within standard range. *See Vizcaino*, 290 F.3d at 1051 n.6 (finding, based on a review of 24 common-fund cases, that 83% awarded a multiplier between 1.0-4.0, and 54% awarded a multiplier between 1.5-3.0).

14) The Court hereby grants Class Counsel's request for an award of reasonable attorneys' fees and reimbursement of expenses in the amount of $57,000,000. The Court directs these fees and expenses to be paid from the Settlement Fund in accordance with the Settlement Agreement and authorizes Class Counsel to allocate the fee award pursuant to their agreement.

15) The Court also approves Class Counsel's request to pay service awards in the amount of Thirty Thousand Dollars ($30,000) each to Gabriel Del Valle, William Davis, Jr., and Garrett Tarvin, each of whom assisted in the prosecution of this case, participated in discovery, were deposed, and testified at trial. These amounts are fair and reasonable compensation for their efforts in prosecuting the claims in the Settlement Agreement. The Court directs these Service Awards to be paid from the Settlement Fund in accordance with the Settlement Agreement.

16) All payments shall be made by wire transfer to Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. ("Class Counsel Designee") within fifteen (15) business days of the Final Effective Date. Class Counsel Designee shall thereafter have sole responsibility to distribute the portions of said payment to the other Class Counsel, Plaintiffs' Counsel and the Class Plaintiffs.

**Dismissal of Claims and Release**

17) All claims asserted against GM in the Action are hereby dismissed with prejudice on the merits and without costs to any party, except as otherwise provided herein or in the Settlement Agreement.

18) Upon entry of this Final Order and the Judgment, Plaintiffs and each member of the Classes irrevocably release, waive, and discharge any and all past, present, and future disputes, claims, causes of action, demands, debts, liens, suits, liabilities, obligations, rights of action, damages, costs, attorneys' fees, losses, or remedies of any kind that have been brought or could have been brought, whether known or unknown, existing or potential, or suspected or unsuspected relating to the alleged Oil Consumption Defect in the Class Vehicles, whether arising under statute

(including a state lemon law), rule, regulation, common law or equity, and including, but not limited to, any and all claims, causes of action, rights or entitlements under any federal, state, local or other statute, law, rule and/or regulation, any claims relating to violation of any consumer protection, consumer fraud, unfair business practices or deceptive trade practices laws, any legal or equitable theories, any claims or causes of action in tort, contract, products liability, negligence, fraud, misrepresentation, concealment, consumer protection, restitution, quasi contract, unjust enrichment, express warranty, implied warranty, secret warranty and/or any injuries, losses, damages or remedies of any kind, in law or in equity, under common law, statute, rule or regulation, including, but not limited to, compensatory damages, economic losses or damages, exemplary damages, punitive damages, statutory damages, restitution, recovery of Attorneys' Fees or litigation costs, or any other legal or equitable relief against Releasees, whether or not specifically named herein, asserted or unasserted, and all legal claims of whatever type or description arising out of, that may have arisen as a result of, or which could have been brought based on, any of the facts, acts, events, transactions, occurrences, courses of conduct, representations, omissions, circumstances or other matters pleaded in complaints filed in the Action related to the alleged Oil Consumption Defect; provided, however, that notwithstanding the foregoing, Class Plaintiffs and the other Class Members are not releasing claims for (i) death, (ii) personal injury, or (iii) damage to tangible property other than a Class Vehicle.

19) Upon entry of this Final Order and the Judgment, GM and their past or present officers, directors, employees, agents, attorneys, predecessors, successors, affiliates, subsidiaries, divisions, successors and assigns shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, released Class Counsel, Class Members, and each Class Plaintiff from any and all claims or causes of action that were, or could have been, asserted by GM pertaining to this Action or Settlement. GM recognizes that, even if it later discovers facts in addition to or different from those which they now know or believe to be true, it nevertheless agrees that, upon the Final Effective Date, GM fully, finally, and forever settles and releases any and all such claims.

20) Notwithstanding the foregoing, Class Plaintiffs and/or Class Members shall hold Releasees harmless for all Released Claims that may be asserted by another legal or natural

persons (including but not limited to legal guardians and estate administrators) who claim by, through, or under that Class Plaintiff or Class Member.

21) To the fullest extent they may lawfully waive such rights, all Class Plaintiffs and Class Members are deemed to acknowledge and waive Section 1542 of the Civil Code of the State of California and any law of any state or territory that is equivalent to Section 1542. Section 1542 provides that:

> "A general release does not extend to claims that the Creditor or releasing party does not know or suspect To exist in his or her favor at the time of executing the Release and that, if known to him or her, would have Materially affected his or her settlement with the debtor or released party."

22) The Court orders that the Settlement Agreement shall be the exclusive remedy for all claims released in the Settlement Agreement for all Class Members.

23) Therefore, all Class Plaintiffs, Class Members and their representatives are hereby permanently barred and enjoined from, either directly, through their representatives, or in any other capacity instituting, commencing, filing, maintaining, continuing or prosecuting against any of the Released Parties (as that term is defined in the Settlement Agreement) any action or proceeding in any court or tribunal asserting any of the matters, claims or causes of action covered by the Release. In addition, all Class Plaintiffs, Class Members and all persons in active concert or participation with Class Members are permanently barred and enjoined from organizing Class Members into a separate class for purposes of pursuing, as a purported class action, any lawsuit based on or relating to the claims and causes of action in the Eighth Amended Consolidated Class Action Complaint in the Action, or the Release in the Settlement Agreement Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and the exceptions to the Anti-Injunction Act, 28 U.S.C. § 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of its continuing jurisdiction and authority over the Settlement as set forth in the Settlement Agreement, and the Action.

**Other Provisions**

24) Without affecting the finality of this Final Order or the accompanying Judgment,

1 the Court retains continuing and exclusive jurisdiction over the Action and all matters relating to
2 the administration, consummation, enforcement, and interpretation of the Settlement Agreement
3 and of this Final Order and the accompanying Judgment, to protect and effectuate this Final Order
4 and the Judgment, and for any other necessary purpose. The Parties, the Class Plaintiffs, and each
5 Class Member are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of
6 this Court, for the purpose of any suit, action, proceeding or dispute arising out of or relating to
7 the Settlement Agreement or the applicability of the Settlement Agreement, including the exhibits
8 thereto, and only for such purposes.

25) In the event that the Final Effective Date does not occur, this Final Order and the accompanying Judgment, and other orders entered in connection with the Settlement Agreement and releases delivered in connection with the Settlement Agreement, shall be vacated and rendered null and void as provided by the Settlement Agreement.

26) Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement. Likewise, the Parties may, without further order of the Court, agree to and adopt such amendments to the Settlement Agreement (including exhibits) as are consistent with this Final Order and the accompanying Judgment and do not limit the rights of Class Members under the Settlement Agreement.

27) Nothing in this Final Order or the accompanying Judgment shall preclude any action in this Court to enforce the terms of the Settlement Agreement.

29) Neither this Final Order nor the accompanying Judgment (nor any document related to the Settlement Agreement) is or shall be construed as an admission by the Parties. Neither the Settlement Agreement (or its exhibits), this Final Order, or the accompanying Judgment, nor any document related to the Settlement Agreement shall be offered in any proceeding as evidence against any of the Parties of any fact or legal claim; provided, however, that the Releasees may file any and all such documents in support of any defense that the Settlement Agreement, this Final Order, the Judgment, and any other related document is binding on and shall have res judicata, collateral estoppel, and/or preclusive effect in any pending or future lawsuit by any person or entity who is subject to the Release described above, asserting a Released Claim(s)

9

against any of the Released Parties.

30) A status conference for Post Distribution Accounting shall take place on February 10, 2026 at 2:30 PM. The parties shall submit a status report 7 days beforehand.

**IT IS SO ORDERED**.

Dated: October 8, 2025

_____
EDWARD M. CHEN
United States District Judge